**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN M. FRIEDBERG | : | |
| 4204 Tamarack Lane | : | |
| Murrysville, PA  15668 | : | |
| | : | |
| Plaintiff | : | |
| | : | Case No. 02-CV-3193 |
| v. | : | |
| | : | |
| MUTUAL HOLDINGS LTD. | : | |
| Barclays International Building | : | |
| 44 Church Street | : | |
| P.O. Box HM 2064 | : | |
| Hamilton HM HX, Bermuda | : | |
| and | : | |
| IPC MUTUAL HOLDINGS LTD. | : | |
| Barclays International Building | : | |
| 44 Church Street | : | |
| P.O. Box HM 2064 | : | |
| Hamilton HM HX, Bermuda | : | |
| and | : | |
| MUTUAL HOLDINGS (BERMUDA) LTD. | : | |
| Barclays International Building | : | |
| 44 Church Street | : | |
| P.O. Box HM 2064 | : | |
| Hamilton HM HX, Bermuda | : | |
| and | : | |
| MUTUAL INDEMNITY LTD. | : | |
| 44 Church Street, Hamilton HM 12 | : | |
| P.O. Box HM 2064 | : | |
| Hamilton HM HX, Bermuda | : | |
| and | : | |
| MUTUAL INDEMNITY (BERMUDA) LTD | : | |
| 44 Church Street | : | |
| P.O. Box HM 2064 | : | |
| Hamilton HM HX, Bermuda | : | |
| and | : | |
| MORGAN STANLEY | : | |
| 1585 Broadway | : | |
| New York, New York  10036 | : | |
| | : | |
| Defendants | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2002, upon consideration of

Defendants' Motion to Dismiss and Memorandum of Law in Support thereof, it is hereby

ORDERED, ADJUDGED and DECREED that the Motion is GRANTED and Plaintiff's

Complaint is dismissed in its entirety with prejudice with respect to Defendants Mutual Holdings

Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd. and

Mutual Indemnity (Bermuda) Ltd. and the Temporary Restraining Order signed on May 30, 2002

is dissolved.

BY THE COURT:

_____
                                                                                    J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN M. FRIEDBERG<br>4204 Tamarack Lane<br>Murrysville, PA 15668 | :<br>:<br>: |
| | : |
| Plaintiff | :<br>: |
| | : |
| v. | : |
| | : |
| MUTUAL HOLDINGS LTD.<br>Barclays International Building<br>44 Church Street<br>P.O. Box HM 2064<br>Hamilton HM HX, Bermuda<br>and<br>IPC MUTUAL HOLDINGS LTD.<br>Barclays International Building<br>44 Church Street<br>P.O. Box HM 2064<br>Hamilton HM HX, Bermuda<br>and<br>MUTUAL HOLDINGS (BERMUDA) LTD.<br>Barclays International Building<br>44 Church Street<br>P.O. Box HM 2064<br>Hamilton HM HX, Bermuda<br>and<br>MUTUAL INDEMNITY LTD.<br>44 Church Street, Hamilton HM 12<br>P.O. Box HM 2064<br>Hamilton HM HX, Bermuda<br>and<br>MUTUAL INDEMNITY (BERMUDA) LTD<br>44 Church Street<br>P.O. Box HM 2064<br>Hamilton HM HX, Bermuda<br>and<br>MORGAN STANLEY<br>1585 Broadway<br>New York, New York 10036 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| | : |
| Defendants | : |

Case No. 02-CV-3193

## MOTION TO DISMISS

Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings

(Bermuda) Ltd., Mutual Indemnity Ltd. and Mutual Indemnity (Bermuda) Ltd., by and through

their counsel, Mayer, Brown, Rowe & Maw and Reed Smith LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move this Court to dismiss Plaintiff's Complaint in its entirety as to them and dissolve the Temporary Restraining Order signed on May 30, 2002.

Mandatory, exclusive forum selection clauses contained in the Shareholder Agreements which form the basis of Plaintiff's Complaint dictate that this litigation take place only in Bermuda and, accordingly, that the instant action be dismissed.  The further grounds for this Motion are set forth in the accompanying Memorandum of Law which is incorporated herein by reference.

WHEREFORE, Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd. and Mutual Indemnity (Bermuda) Ltd., respectfully request that their Motion to Dismiss be granted and the Complaint be dismissed in its entirety as to them and the Temporary Restraining Order signed on May 30, 2002 be dissolved.

Respectfully submitted,


Vincent J. Connelly, Esquire
**MAYER, BROWN, ROWE & MAW**
190 South LaSalle Street
Chicago, IL  60603-3441


_____

John E. Quinn
Identification No. 19312
Erin M. O'Neill
Identification No. 82372
**REED SMITH, LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103


Attorneys for Defendants,
Mutual Holdings Ltd., IPC Mutual Holdings Ltd.,
Mutual Holdings (Bermuda) Ltd.,
Mutual Indemnity Ltd. and Mutual Indemnity
(Bermuda) Ltd.

Dated:  November 12, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

STEPHEN M. FRIEDBERG                   :
4204 Tamarack Lane                          :
Murrysville, PA  15668                       :
                                                          :
                    Plaintiff                        :
                                                          :          Case No. 02-CV-3193
                                                          :
          v.                                           :
                                                          :
MUTUAL HOLDINGS LTD.               :
Barclays International Building          :
44 Church Street                               :
P.O. Box HM 2064                            :
Hamilton HM HX, Bermuda              :
                    and                               :
IPC MUTUAL HOLDINGS LTD.       :
Barclays International Building          :
44 Church Street                               :
P.O. Box HM 2064                            :
Hamilton HM HX, Bermuda              :
                    and                               :
MUTUAL HOLDINGS (BERMUDA) LTD.   :
Barclays International Building          :
44 Church Street                               :
P.O. Box HM 2064                            :
Hamilton HM HX, Bermuda              :
                    and                               :
MUTUAL INDEMNITY LTD.            :
44 Church Street, Hamilton HM 12    :
P.O. Box HM 2064                            :
Hamilton HM HX, Bermuda              :
                    and                               :
MUTUAL INDEMNITY (BERMUDA) LTD    :
44 Church Street                               :
P.O. Box HM 2064                            :
Hamilton HM HX, Bermuda              :
                    and                               :
MORGAN STANLEY                        :
1585 Broadway                                 :
New York, New York  10036             :
                                                          :
                    Defendants                    :

**MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO DISMISS**

I.    **INTRODUCTION**

Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd. ("IPCMH"), Mutual Holdings (Bermuda) Ltd. ("MHB")(collectively Mutual Holdings Ltd., IPCMH, and MHB are referred to as "Mutual"), Mutual Indemnity Ltd. ("MIL") and Mutual Indemnity (Bermuda) Ltd. ("MIB") (collectively "Defendants"), hereby submit their Memorandum of Law in Support of their Motion to Dismiss. Plaintiff's Complaint must be dismissed as to them and the Temporary Restraining Order signed on May 30, 2002 must be dissolved because the mandatory, exclusive forum selection clauses included in the three Shareholder Agreements (the "Shareholder Agreements") which form the basis for the Complaint mandate that this litigation take place only in Bermuda.

On May 23, 2002 Plaintiff commenced the instant action against Defendants and Morgan Stanley.**1** Subsequently, on August 14, 2002 Plaintiff served Defendants with his Complaint wherein he alleged that he is the successor to and sole remaining shareholder under the Shareholder Agreements relating to the creation of captive insurance arrangements between Mutual on the one hand and Plaintiff or his predecessors on the other hand. Complaint, ¶ 10. Plaintiff further alleged that certain money was declared by Mutual as dividends under the Shareholder Agreements and transferred at Plaintiff's direction to three separate accounts. Complaint, ¶ 13. Plaintiff alleged that two (2) of the accounts were titled in the name of MIL and one (1) in the name of MIB. Complaint, ¶ 19. Plaintiff claimed, however, that he is owner or the beneficial or equitable owner of the monies in those three (3) accounts. Complaint, ¶ 17. Accordingly, Plaintiff has requested that this Court declare that those monies held by Defendants

---

1    Morgan Stanley is the stakeholder of the monies at issue in this case.

are held in a constructive, resulting or express trust for Plaintiff, or that this Court imply a contract between Defendants and Plaintiff requiring that Defendants compensate Plaintiff for the alleged loss of the monies held by Defendants.  Complaint, Counts I, II and III.  A Temporary Restraining Order was issued prior to the filing of the Complaint, which currently remains in effect, and restrains and enjoins Defendants from wasting, transferring, selling, concealing, disbursing, assigning, encumbering or otherwise disposing of monies held in the accounts.

As evidenced by the allegations of Plaintiff's Complaint, this case clearly constitutes a dispute concerning the Shareholder Agreements.  Each of the Shareholder Agreements include the identical forum selection clause which provides that "any dispute concerning this Agreement *shall* be resolved *exclusively* by the courts of Bermuda."  Plaintiff's Complaint, Exhibit "A", p. 4, ¶ 9; Exhibit "B", p. 6, ¶ 10; Exhibit "C", p. 6, ¶ 9 (emphasis added).  Accordingly, the exclusive, mandatory forum selection clauses dictate that this litigation be resolved only by the courts of Bermuda.  As such, Defendants' Motion to Dismiss must be granted and the Temporary Restraining Order signed on May 30, 2002 must be dissolved.

## II.    <u>ARGUMENT</u>

**This Action Must Be Dismissed Because The Forum Selection Clauses Mandate That The Litigation Be Resolved Only By The Courts Of <u>Bermuda.</u>**

"In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law."  <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 877 (3d Cir. 1995).  This is because "questions of  . . . the enforcement of forum selection clauses are essentially procedural, rather than substantive in nature."  <u>Id</u>.  The United States Supreme Court has unequivocally held that forum selection clauses are *prima facie* valid.  <u>See The Breman v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 92 S.Ct. 1907 (1972).  A forum selection

clause should not be set aside unless the party challenging such a clause can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."  Id. at 15, 92 S.Ct. at 1916.  In Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207 (3d Cir. 1991), the Court of Appeals for the Third Circuit, relying on Breman, further explained the test to be applied in determining whether to enforce a forum selection clause:

> [F]orum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  A forum selection clause is "unreasonable" where the [party] can make a "strong showing," either that the forum selected is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court," or that the clause was procured through "fraud or overreaching."

Id. at 1219 (citing Breman, 407 U.S. at 10, 15, 18, 92 S.Ct. at 1913, 1916-1917.)

As Chief Justice Burger correctly noted, "in an era of expanding world trade and commerce  . . . [w]e cannot have trade and commerce in the world markets and international waters exclusively on our terms, governed by our laws, and resolved in our courts."  Breman, 407 U.S. at 9.  Transferring the case to another federal forum is obviously not an available option when, as here, the forum selection clause specifies a non-federal forum.  "In that case, it seems that the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice."  Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001) (citing Instrumentation Assoc. Inc. v. Madsen Elec. Canada Ltd., 859 F.2d 4, 6, n.4 (3d Cir. 1988); Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341 (3d Cir. 1966); 17 Moore's Federal Practice, § 111.04[4][c]).  Further, "the Third Circuit has held that courts in this circuit should apply Federal Rule of Civil Procedure 12(b)(6) to a motion to dismiss based on enforcement of a forum

selection clause." <u>Intermetals Corp. v. Hanover Int'l Aktiengesellschaft Fur</u>

<u>Industrieversicherungen</u>, 188 F. Supp.2d 454, 457 (D. N.J. 2001)(citing <u>Instrumentation Assoc.</u>

<u>Inc. v. Madsen Elecs. (Canada) Ltd.</u>, 859 F.2d 4, 6, n.4 (3d Cir. 1988).  <u>See also</u> <u>Jordan v. SEI</u>

<u>Corp.</u>, Civ. A. No. 96-1616, 1996 US Dist. LEXIS 7627 (E.D. Pa. June 4, 1996)(Yohn,

J.)(deciding motion to dismiss pursuant to a forum selection clause under FRCP 12(b)(6)).

       Plaintiff cannot overcome his heavy burden of proving that he should not be

bound by the contractual choice of forum contained in the Shareholder Agreements.  Each of the

Shareholder Agreements unequivocally and plainly states that "any dispute concerning this

Agreement *shall* be resolved *exclusively* by the Courts of Bermuda."  Plaintiff's Complaint,

Exhibit "A", p. 4, ¶ 9; Exhibit "B", p. 6, ¶ 10; Exhibit "C", p. 6, ¶ 9 (emphasis added).  By

consenting to and signing the Shareholder Agreements, Plaintiff (or his predecessor) agreed to

submit his present claims (and all other disputes concerning the Shareholder Agreements) only to

the courts of Bermuda.  Also, each of the Shareholder Agreements specify that it ". . . has been

made and executed in Bermuda."

       There are no allegations in the Complaint that the forum selection clauses

themselves were the result of fraud or overreaching.  To the contrary, Plaintiff chose to contract

with corporations existing under the laws of Bermuda and which are located in Bermuda.

Plaintiff's Complaint, ¶ 2, 10.  Plaintiff is a businessperson who exercised his freedom of

contract and consented to the plain, exclusive and mandatory choice of forum clauses as part of

the agreements he made with Mutual, which must now be enforced.  <u>See</u> <u>Instrumentation</u>

<u>Assocs., Inc. v. Madsen Elecs. (Canada), Ltd.</u>, 859 F.2d 4, 6 (3d Cir. 1988)(reversing district

court's denial of motion to dismiss pursuant to FRCP 12(b)(6) and enforcing a forum selection

clause designating Canada as the proper forum); <u>Hodes v. S.N.C. Achille Lauro</u>, Nos. 88-5086,

88-5092, 1988 U.S. App. LEXIS 12802 (3d Cir. 1988)(reversing district court, remanding with direction to dismiss, and enforcing forum selection clause designating Italy as the proper forum); Jordan v. SEI Corp., Civ. A. No. 96-1616, 1996 US Dist. LEXIS 7627 (E.D. Pa. June 4, 1996)(Yohn, J.)(enforcing a forum selection clause designating Switzerland as the proper forum for dispute and dismissing Complaint pursuant to FRCP 12(b)(6)); Environmental Tectonics Corp. v. Royal Thai Air Force, Civ. A. No. 93-5855, 1994 U.S. Dist. LEXIS 2900 (E.D.Pa. March 15, 1994)(granting a motion to vacate a temporary retraining order in action involving forum selection clause designating Thailand as the proper forum); Intermetals Corp. v. Hanover Int'l Aktiengesellschaft Fur Industrieversicherungen, 188 F. Supp.2d 454 (D. N.J. 2001)(enforcing forum selection clause designating Austria as the appropriate forum and dismissing Complaint pursuant to FRCP 12(b)(6)).

        Further, Plaintiff cannot demonstrate that the enforcement of the valid forum selection clauses would be so gravely difficult and inconvenient that he will be deprived of his day in court.  Plaintiff agreed to present his present claims only to the courts of Bermuda and Plaintiff may still seek his day in court in Bermuda, a fair and satisfactory forum.  See Kempe v. Ocean Drilling & Exploration Co., 876 F.2d 1138, 1146 (5th Cir. 1989)(finding that the "district court correctly determined that Bermuda is both an available and adequate forum" and dismissing suit on the grounds of forum non conveniens because the action could be brought in Bermuda).  In fact, Plaintiff has already chosen to avail himself of the Bermuda courts by instituting several actions in Bermuda against some of the same Defendants based, in part, on some of the same Shareholder Agreements which are at issue in the instant litigation.**2**

_____

2        A copy of the Writ of Summons dated May 27, 2002, in one of the actions commenced
         by Plaintiff, Stephen Friedberg v. Mutual Indemnity Limited, IPC Mutual Holdings Ltd.,

Enforcement of the forum selection clauses would not be so gravely difficult as to be unreasonable and unjust and would not deprive Plaintiff of his day in court.  Further, it would be a poor use of judicial economy to permit Plaintiff to litigate in two (2) different forums with regard to the Shareholder Agreements.  The forum selection clauses contained in the Shareholder Agreements are valid and enforceable and mandate that Plaintiff's action be brought only in Bermuda.

## III.    CONCLUSION

For all of the foregoing reasons, Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd. and Mutual Indemnity (Bermuda) Ltd. respectfully request that Plaintiff's Complaint be dismissed with prejudice as to them and that the Temporary Restraining Order signed on May 30, 2002 be dissolved.

---

and Mutual Indemnity (Bermuda) Ltd., Supreme Court of Bermuda, Civil Jurisdiction 2002: No. 195, is attached hereto as Exhibit "A".

Respectfully submitted,


Vincent J. Connelly, Esquire
**MAYER, BROWN, ROWE & MAW**
190 South LaSalle Street
Chicago, IL  60603-3441


_____

John E. Quinn
Identification No. 19312
Erin M. O'Neill
Identification No. 82372
**REED SMITH, LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103


Attorney for Defendants,
Mutual Holdings Ltd., IPC Mutual Holdings Ltd.,
Mutual Holdings (Bermuda) Ltd.,
Mutual Indemnity Ltd. and Mutual Indemnity
(Bermuda) Ltd.

Dated:  November 12, 2002

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies he served a copy of the foregoing

Motion to Dismiss and Memorandum of Law in support thereof upon the following counsel of

record via United States, first class mail, postage prepaid, this 12th day of November, 2002:

Theodore Haussman, Jr., Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103
Attorney for Plaintiff


Margaret Manolakis, Esquire
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103
Attorney for Defendant
Morgan Stanley


_____

Erin M. O'Neill