IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN FRIEDBERG, : | |
| : | |
| Plaintiff, : | Civil Action No. 02-3193 |
| : | |
| v. : | |
| : | |
| MUTUAL HOLDINGS LTD., IPC MUTUAL : | |
| HOLDINGS LTD., MUTUAL HOLDINGS : | |
| (BERMUDA) LTD., MUTUAL INDEMNITY : | |
| LTD., MUTUAL INDEMNITY (BERMUDA) : | |
| LTD., and MORGAN STANLEY, : | |
| : | |
| Defendants. : | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., and Mutual Indemnity (Bermuda) Ltd. (collectively "Mutual Defendants") respectfully submit the following supplemental authority in support of their previously-filed Motion to Dismiss Plaintiff's Complaint. Each of these authorities was decided after Mutual Defendants filed their Motion to Dismiss, and each authority involves the identical Bermuda forum selection and choice of law provision that is the subject of Mutual Defendants' Motion to Dismiss.

In American Patriot Insurance Agency, Inc. v. Mutual Risk Management, Ltd., et al., 248 F. Supp.2d 779 (N.D. Ill. 2003), aff'd, 2004 WL 816836 (7th Cir. April 16, 2004) (Posner, J.), the plaintiff brought suit in the United States District Court for the Northern District of Illinois against, among others, one of the Mutual Defendants and other of its affiliated companies and individuals. The Mutual defendants in that case moved to dismiss the complaint, citing the identical exclusive Bermuda forum selection and choice of law provision at issue in this case.

The District Court rejected the plaintiff's challenge, and granted the Mutual Defendants' motion to dismiss. In so doing, the District Court rejected the very arguments that Plaintiff Stephen Friedberg has made in this case in an effort to avoid the application of the same contractual language.

Last week, on April 16, 2004, the United States Court of Appeals for the Seventh Circuit affirmed the District Court's dismissal of the plaintiff's complaint. Writing for the majority, Circuit Judge Richard Posner concluded that the contractual forum selection and choice of law provision was clear, unambiguous, and plainly required the plaintiff to pursue its claims in the contractually-designated forum. The opinions issued by the District Court and the United States Court of Appeals for the Seventh Circuit are attached as Exhibits A and B.

The Seventh Circuit's decision comports with other intervening judicial decisions interpreting the same contractual language. In <u>Pemaquid Underwriting Brokerage, Inc. v. Mutual Holdings (Bermuda) Ltd.</u>, No. 02-4691 (JAP) (D. N.J. June 3, 2003) (Pisano, J.), the plaintiff brought suit against three of the Mutual Defendants and other of their affiliated companies and individuals in the United States District Court for the District of New Jersey. Like the Plaintiff in this case, the plaintiffs in <u>Pemaquid</u> also sought to avoid the same Bermuda forum selection and choice of law provision. The District Court rejected the plaintiffs' arguments, and dismissed the complaint. The District Court concluded that "the parties are necessarily bound by their contracted-for forum as specified in the choice of forum clause," <u>id.</u> at 10, and held that the plaintiffs "fail[ed] to satisfy the 'heavy burden of proof' required to strike as invalid the forum selection clause within the Shareholder's Agreement." <u>Id.</u> at 10. The District Court's opinion is attached as Exhibit C.

For these reasons, and those set forth more fully in Mutual Defendants' Motion to Dismiss the Complaint, Mutual Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety.

                Respectfully submitted,

_____
John E. Quinn
Erin M. O'Neill
Kevin M. Toth
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100

Vincent J. Connelly
**MAYER, BROWN, ROWE & MAW**
190 South LaSalle Street
Chicago, IL 60603-3441

Attorneys for Defendants,
Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd. and Mutual Indemnity (Bermuda) Ltd.

Dated: April 22, 2004

## CERTIFICATE OF SERVICE

I certify that on this date I caused to be served a true and correct copy of the foregoing Notice of Supplemental Authority, and the exhibits thereto, via hand delivery upon the following counsel:

>Theodore Haussman, Jr., Esquire
>SCHNADER HARRISON SEGAL & LEWIS LLP
>1600 Market Street, Suite 3600
>Philadelphia, PA  19103
>
>Attorney for Plaintiff
>
>Margaret Manolakis, Esquire
>STRADLEY RONON STEVENS & YOUNG, LLP
>2600 One Commerce Square
>Philadelphia, PA  19103
>
>Attorney for Defendant
>Morgan Stanley

_____
Kevin M. Toth

Dated:  April 22, 2004