IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN FRIEDBERG, | : | |
| | : | Civil Action No. 02-3193 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MUTUAL HOLDINGS LTD., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MUTUAL DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S
GRANTING OF MUTUAL DEFENDANTS' MOTION TO DISMISS**

Defendants Mutual Holdings Ltd., IPC Mutual Holdings, Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., and Mutual Indemnity (Bermuda) Ltd. (collectively "Mutual Defendants"), by their undersigned counsel, with the Court's permission hereby file this supplemental memorandum in response to Plaintiff Stephen Friedberg's May 20, 2004 objections to the Court's granting of Mutual Defendants' motion to dismiss.[1]

**I.    INTRODUCTION**

It is rare that a Court interpreting a contractual provision will have the benefit of other recent judicial decisions interpreting the same contractual language. This Court has the benefit of such decisions with respect to this case. Three different courts have

---

[1] After Mutual Defendants advised the Court late last week of their plan to file this response, Friedberg's counsel requested oral argument for the first time. Mutual Defendants do not believe that the issues involved warrant oral argument; nevertheless, if the Court believes that argument would be of assistance in ruling on this motion, Mutual Defendants would welcome the opportunity.

examined the forum selection provision at issue in this case. In each instance, the courts have enforced the provision in accordance with its terms and have rejected the same arguments that the plaintiff Stephen Friedberg ("Friedberg") has made here in an effort to avoid his obligation to litigate exclusively in the contractually-designated forum.

It is also rare that a Court interpreting a forum selection provision in contracts will see the parties to the contracts already litigating essentially the same issues in the contractually designated forum and will have the benefit of a recent judicial decision from a court in that forum that speaks to these same issues. This Court has the benefit of the Bermuda Court of Appeal decision which determined that a valid dispute existed with respect to whether **any** sums are due Friedberg under the same Shareholder Agreements at issue in this case.[2]

In the face of these authorities, and this Court's instruction to Friedberg to distinguish them if possible, Friedberg has little of substance to say. Rather than address the **merits** of these authorities, Friedberg repeats many of the same arguments he made in his opposition to Mutual Defendants' motion to dismiss. Friedberg continues to assert that his claims in this case have nothing to do with the Shareholder Agreements.

Friedberg also employs another tactic: attempting to whipsaw Mutual Defendants with their earlier agreement, approved by this Court, to leave the TRO (and Mutual Defendants' pending motion to dismiss) in place to allow the parties to discuss settlement. Despite an arrangement designed solely to facilitate resolution – one this Court explicitly noted to be "without prejudice" – Friedberg now asserts that Mutual

---

[2] A copy of this decision was enclosed with Mutual Defendants' April 22, 2004 letter to the Court requesting reinstatement of this action and their pending motion to dismiss.

2

Defendants have waived their rights because they "have been perfectly content with [the TRO] over the past two years." (Friedberg. Obj. at 5).[3] This assertion says more about Friedberg's own inability to follow this Court's direction to address the supplemental authorities than it does about any legal issue relevant to this motion.

Finally, Friedberg's few passing efforts to distinguish the <u>American Patriot</u> decision are unavailing. Each perceived "distinction" Friedberg identifies has been soundly addressed and dismantled by Judge Posner in his decision.

Friedberg simply cannot change the obvious: His claims fall squarely within the Shareholder Agreements and therefore are subject to the Bermuda forum selection provision in those agreements. Having elected to submit all disputes concerning the agreements to the Bermuda Courts, and having already submitted his disputes to those Courts, Friedberg may not pursue his claims in this Court. Accordingly, Friedberg's claims must be dismissed in their entirety and the temporary restraining order previously entered in connection with those claims must be dissolved.

## II.   ARGUMENT

### A.   Friedberg's Misuse Of This Court's "Without Prejudice" Dismissal To Allow The Parties To Explore Settlement Is Disingenuous.

Not surprisingly, Friedberg's first argument is not an attempt to address the supplemental authorities, as this Court directed. Friedberg instead argues that Mutual Defendants "consented" to the jurisdiction of this Court and "waived" their motion to dismiss because (1) almost two years ago, their counsel in Bermuda made a remark to his

---

[3]   "Friedberg Obj." refers to Plaintiff Stephen M. Friedberg's Objections to the Court's Granting of Defendants' Motion to Dismiss, which was filed on May 20, 2004.

counsel about "preferring to leave the TRO in place"; and (2) Mutual Defendants have "appeared content" with the Court's jurisdiction for the last two years.

These arguments are disingenuous at best. This Court administratively dismissed this action, **without** prejudice, to allow the parties to explore the possibility of settlement. The Court's dismissal order expressly provided that the dismissal was "without prejudice" to Mutual Defendants' right to reinstate their motion to dismiss if settlement discussions were not successful. The order simply preserved the *status quo*. And that *status quo* **included** a properly presented and fully-briefed motion to dismiss based on the clear and unambiguous forum selection clause.

For Friedberg to now suggest that the passage of time is indicative of Mutual Defendants' consent to this Court's jurisdiction is outrageous, particularly in light of Mutual Defendants' timely filing of their motion to dismiss and this Court's decision to hold that motion in abeyance for the sole purpose of allowing the parties to discuss settlement. This Court should not condone Friedberg's attempt to use what was clearly a consensual, "without prejudice" procedure in an effort to prejudice Mutual Defendants now that settlement discussions have failed.

Friedberg truly goes beyond the pale in arguing that a remark made by Mutual Defendants' Bermuda counsel over two years ago about "preferring to leave the TRO in place" rises to the level of waiver discussed by Judge Posner in dicta. Here is what Judge Posner actually said:

> If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to

> find out which way the wind is blowing, then conventional
> principles of waiver or estoppel come into play . . .

American Patriot Insurance Agency v. Mutual Risk Management, Ltd., 2004 WL 816836 at * 2 (7th Cir. Apr. 16, 2004) (Posner, J.)

Nothing of the sort happened here. Mutual Defendants did not lull Friedberg or this Court into thinking they wanted to litigate in this forum. There were no protracted proceedings here in which one party decided to "find out which way the wind [was] blowing" to the prejudice of the other. Mutual Defendants asserted their jurisdictional and venue challenge in a pre-answer motion to dismiss -- the **earliest** possible procedural opportunity to assert such a challenge. See id. (noting that a defendant that wishes to challenge venue "can move as early as he wants but he is not required to file a motion. He has a right to wait until he files his answer."). That motion was preserved by this Court pending the outcome of the parties' settlement discussions.

Not only does Friedberg read Judge Posner's remark about being "content with the venue" out of context, but it appears Friedberg did not read the rest of the opinion. For, in the very next part of the discussion, Judge Posner concluded that the defendants' actions in conducting settlement discussions and responding to discovery requests in Chicago **before** filing their motion to dismiss did **not** constitute a waiver of the forum selection clause:

> While it is true that by conducting settlement discussions
> and responding to discovery requests in Chicago, the
> Mutual Defendants . . . demonstrated a certain comfort with
> negotiating, and engaging in some very preliminary pretrial
> litigation activity, in Chicago. **But the plaintiff would
> have been unreasonable to infer from this that the
> defendants would not plead improper venue**, given the
> forum-selection clause and the fact that they are all citizens

5

or residents of either Bermuda or Pennsylvania, rather than Illinois.

Id. at * 2 (emphasis added).

Here, the facts are even less suggestive of waiver than in American Patriot (where no waiver was found). Here, Mutual Defendants filed their motion to dismiss in a properly presented and timely Rule 12 motion. The motion was filed and briefed by both sides before the Court administratively dismissed the action without prejudice to allow the parties to complete settlement discussions. There is no basis for Friedberg to now misuse that well-meaning process as evidence of waiver.

### B. Friedberg's Suggestion That His Claims Have Nothing To Do With The Shareholder Agreements Is Baseless.

Friedberg is at his most desperate in recycling his earlier argument that the Bermuda forum selection clause does not apply to his claims. What follows is a continuing series of efforts to "plead around" the forum selection clause – efforts Judge Posner squarely rejected in American Patriot.

Friedberg's opening argument on this point is that the Shareholder Agreements have nothing to do with this case: "There is simply no nexus between the terms of the shareholder agreement and the allegations in this complaint, and any connection linking one to the other is remote and tenuous at best." (Friedberg Obj. at 9). Yet, if this is indeed Friedberg's position, then one wonders why the various Shareholder Agreements are the first three exhibits to his complaint; why the 24 paragraphs of factual allegations of his complaint contain no fewer than 20 separate references to the Shareholder Agreements; why Friedberg's own affidavit submitted in opposition to Mutual Defendants' motion to dismiss is littered with references to these seemingly extraneous

6

agreements; and why Friedberg's entire case proceeds from his hotly debated claim in paragraph 13 of the complaint that Mutual Defendants declared dividends in his favor pursuant to the Shareholder Agreements.

As if these examples were not enough to expose Friedberg's unworthy attempt to distance himself and his claims from the Shareholder Agreements, Friedberg further impeaches himself with his own allegations in the companion proceedings he instituted in Bermuda regarding the same subject matter as this suit. In the Writ of Summons Friedberg filed with the Supreme Court of Bermuda in May 2002, Friedberg's very first claim is for "[a] declaration that the First, Second and/or Third Defendant hold all monies accounted for by them as monies held in shareholder accounts **and representing dividends declared in Plaintiff's favour pursuant to certain shareholder agreements** between the Plaintiff and [Defendants]."[4]

---

[4]     Friedberg's Writ of Summons in the Bermuda action is attached as Exhibit A to Mutual Defendants' motion to dismiss. Even in the absence of a forum selection clause, the fact that Friedberg is already making precisely the same claims in the Bermuda courts weighs heavily in favor of dismissing the action. See, e.g., Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) ( "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent."); Bolton v. Tesoro Petroleum Corp., 549 F. Supp. 1312, 1317 (E.D.Pa.1982) ("The existence of a related action in the transferor or transferee district is a strong factor in a transfer decision [under § 1404(a) ] where judicial economy can be achieved and duplicative litigation, with possibly inconsistent results, avoided by consolidation of actions, or by coordination of discovery and other pre-trial proceedings."). The substantive law that applies is also a key factor. **Friedberg concedes, as he must, that Bermuda law applies.** This concession also weighs heavily in favor of dismissal, even in the absence of a forum selection provision. See, e.g., Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); Visual Software Solutions, Inc. v. Managed Health Care Associates, Inc., Civil Action No. 00-1401, 2000 WL 1056446 at *3 (E.D. Pa. Aug. 1, 2000) (Shapiro, J.); see also Pippett v. Waterford Development, LLC, 166 F. Supp.2d 233 (E.D. Pa. 2001) (Shapiro, J.) (transferring breach of contract action to Connecticut where district court in Connecticut would be more familiar with Connecticut contract law).

The Shareholder Agreements are plainly the centerpiece of Friedberg's claims. Friedberg's entire case hinges on his allegation in paragraph 13 of the complaint that Mutual Defendants declared dividends in his favor. As the Court is aware, and as Friedberg is aware from the continued proceedings in Bermuda, Mutual Defendants vigorously contest Friedberg's claim that dividends were declared pursuant to the Shareholder Agreements.[5] The Shareholder Agreements are anything but collateral to this action, and Friedberg's claimed "constructive" receipt of dividend payments thereunder is not, as he would have the Court believe, a *fait accompli*. Because **all** of his claims proceed from his asserted contractual entitlement to dividends that Mutual Defendants dispute were declared (and which the Bermuda Court of Appeal has determined is a legitimate dispute), Friedberg's claims necessarily "concern" the Shareholder Agreements.

C.    **Friedberg's Efforts to "Plead Around" the Agreement are Unavailing.**

Continuing the "semantic quibbling" that Judge Posner rejected, Friedberg argues that the forum selection clause should only apply where he challenges the **"terms"** of the Shareholder Agreement or asserts a **"breach"** of the Agreements. Hence, Friedberg takes pains to argue at page 9 of his memorandum that he "does not here dispute the terms of the shareholder agreements; he does not allege here that the Mutual defendants breached any terms in the agreements; nor does he allege here that the Mutual defendants

---

[5]    In fact, in an Affidavit filed by Mutual Defendants in the Bermuda proceedings and attached by Friedberg as Exhibit J to his opposition to Mutual Defendants' motion to dismiss in this case, J. Patrick Reardon of Mutual Defendants testified that "since **no dividends have been declared in accordance with clause 2 of the shareholder agreements**, Mutual Petitioners [Friedberg] have no debt claim against Mutual." (Reardon Aff., ¶ 15) (emphasis added).

owe him additional money or that any of them under-declared his dividends pursuant to the agreements." (Friedberg Obj. at 9).

The main problem with this argument is that the forum selection clause is **not** limited to actions for breach or for disputes involving its terms. The Shareholder Agreements designate Bermuda as the exclusive forum for "**any**" dispute "**concerning**" the Shareholder Agreements.[6] Even in cases where the forum selection language is ostensibly limited to litigation regarding the "terms" of the parties' agreement, the Third Circuit has not hesitated to apply such clauses to statutory claims or to claims sounding in fraud or tort where the claims involve the same underlying contractual relationship. See Crescent International, Inc. v. AVATAR Communities, Inc., 857 F.2d 943, 944-45 (3d Cir. 1988) (where forum selection clause applied to "any litigation upon any of [the contract] terms," Court applied the clause to plaintiff's claims for violations of the RICO statute, conversion, fraud, and tortious interference, reasoning that "pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms.").

Thus, it is immaterial that Friedberg has attempted to "plead around" the contracts by styling his claims as "equitable" claims for constructive trust and unjust enrichment. As Judge Posner further observed:

---

[6] Notably, in American Patriot, the District Court upheld the application of the Bermuda forum selection clause to Plaintiff's RICO claim. The District Court reasoned that the alleged RICO violations occurred because the Shareholder Agreement was in place and the Shareholder Agreement was the document that linked the contracts and the parties together. The District Court concluded that the Shareholder Agreement "is the controlling document and its forum selection clause binds the parties." American Patriot, 248 F. Supp.2d 785.

> [T]he existence of multiple remedies from wrongs arising out of a contractual relationship does not obliterate the contractual setting, does not make the dispute any less one arising under or out of or concerning the contract, and does not point to a better forum for adjudicating the parties' dispute than the one they had selected to resolve their contractual disputes.

<u>American Patriot</u>, 2004 WL 816836 at *4 (7th Cir. April 16, 2004) (Posner, J.); <u>see also</u> <u>Crescent International, Inc. v. AVATAR Communities, Inc.</u>, 857 F.2d 943, 945 (3d Cir. 1988) (allowing a plaintiff to circumvent a forum selection provision by pleading non-contractual theories "runs counter to the law favoring forum selection clauses . . .").

It is likewise immaterial that Friedberg has attempted to join third parties in an effort to defeat the forum selection clause. As Judge Castillo wrote in the District Court opinion in <u>American Patriot</u>: "Plaintiffs cannot escape their contractual obligations simply by joining parties who did not sign the contract . . ." <u>American Patriot</u>, 248 F. Supp.2d at 785. And, to borrow Judge Posner's words, Friedberg's argument "amount[s] to saying that a plaintiff can defeat a forum selection clause by its choice of provisions to sue on, of legal theories to press, and of defendants to name in a suit. If this were true, such clauses would be empty. **It is not true.**" American Patriot, 2004 WL 816836 at *3 (emphasis added).

### III. CONCLUSION

The Bermuda forum selection clause is presumptively enforceable. Friedberg bears an extraordinary burden in attempting to overcome it. Nothing in Friedberg's original opposition or his most recent memorandum comes close to undermining the clear and unambiguous contractual provision that calls for all disputes concerning the Shareholder Agreements to be submitted to the Bermuda Courts. For these reasons, those

set forth in Mutual Defendants' motion to dismiss, and those set forth by the Courts in American Patriot and Pemaquid, Mutual Defendants respectfully request that this Court grant its motion and dismiss plaintiff's complaint with prejudice.

Respectfully submitted,

*/s/ John E. Quinn*

John E. Quinn
Kevin M. Toth
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
2500 One Liberty Place
Philadelphia, PA 19103
(215) 851-8100

Vincent J. Connelly
MAYER, BROWN, ROWE &
  MAW
190 South LaSalle Street
Chicago, IL 60603-3441

Defendants Mutual Holdings Ltd., IPC Mutual Holdings, Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., and Mutual Indemnity (Bermuda) Ltd.

Dated:  June 1, 2004

## CERTIFICATE OF SERVICE

I certify that on this date I caused to be served a true and correct copy of the foregoing Mutual Defendants' Supplemental Memorandum in Response to Plaintiff's Objections to the Court's Granting of Mutual Defendants' Motion to Dismiss by hand delivery upon the following counsel:

>David Smith, Esquire
>Schnader Harrison Segal & Lewis LLP
>1600 Market Street, Suite 3600
>Philadelphia, PA 19103
>
>Attorneys for Plaintiff Stephen Friedberg
>
>Margaret Manolakis, Esquire
>Stradley Ronon Stevens & Young, LLP
>2600 One Commerce Square
>Philadelphia, PA 19103
>
>Attorneys for Defendant Morgan Stanley

_____
Kevin M. Toth

Dated: June 1, 2004