**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| STEPHEN M. FRIEDBERG | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 02-CV-3193 |
| | : | |
| v. | : | (Judge Yohn) |
| | : | |
| MUTUAL HOLDINGS LTD., *et al.* | : | |
| | : | |
| Defendants. | : | |

---

**ORDER**

---

AND NOW, this _____ day of March 2005, upon consideration of plaintiff's

Motion For Leave to File an Amended Complaint, and defendants' opposition thereto, it is

hereby ORDERED that said motion is GRANTED.


By the Court:


_____
The Honorable William H. Yohn, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| STEPHEN M. FRIEDBERG | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 02-CV-3193 |
| | : | |
| v. | : | (Judge Yohn) |
| | : | |
| MUTUAL HOLDINGS LTD., *et al.* | : | |
| | : | |
| Defendants. | : | |

---

**MOTION FOR LEAVE TO FILE**
**AN AMENDED COMPLAINT**

---

Plaintiff Stephen M. Friedberg ("Friedberg"), by his attorneys, hereby moves for

leave to file an Amended Complaint (attached as Exhibit A) pursuant to Federal Rule of Civil

Procedure 15(a).  Plaintiff incorporates herein the arguments set forth in his accompanying

memorandum of law.


Respectfully,


/s/ Han Nguyen
David Smith (I.D. No. 21480)
Han Nguyen (I.D. No. 85860)
SCHNADER HARRISON SEGAL
 & LEWIS LLP
Suite 3600, 1600 Market Street
Philadelphia, PA 19103
(215) 751-2000


Dated: March 1, 2005.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


STEPHEN M. FRIEDBERG                  :     CIVIL ACTION
                                      :
        Plaintiff,                   :     NO. 02-CV-3193
                                      :
        v.                           :     (Judge Yohn)
                                      :
MUTUAL HOLDINGS LTD., *et al.*        :
                                      :
        Defendants.                  :


**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE AN
AMENDED COMPLAINT**


Plaintiff Stephen M. Friedberg, by his attorneys, hereby moves for leave to file an

Amended Complaint (attached as Exhibit A) pursuant to Federal Rule of Civil Procedure 15(a).

A copy of the proposed Amended Complaint is attached to the motion as Exhibit A.


**INTRODUCTION**


This case involves monies in Morgan Stanley accounts in Philadelphia that are

subject to a temporary restraining order that was imposed by this Court.  Friedberg commenced

this action on May 23, 2002, asserting separate counts of constructive or resulting trust, unjust

enrichment and express trust.  Friedberg also filed a motion for temporary restraining order to

protect the Morgan Stanley accounts pending resolution of the case, which the Court granted on

May 30, 2002.  At first, Mutual agreed to leave the TRO in place.  Six months later, in

November 2002, Mutual moved to dismiss.  Friedberg opposed the motion and this Court placed

the case in abeyance pending settlement discussions.  Defendants then renewed their motion in

April 2004.  Oral argument is scheduled for defendants' motion to dismiss on March 3, 2005.

In substance, the proposed Amended Complaint seeks to add one count of fraud in

the inducement arising from facts recently confirmed.  In particular, Friedberg recently

confirmed that Mutual made material misrepresentations in order to induce him and his

predecessors to enter into the Shareholder Agreements (and other programs not at issue here).  In

or about the early 1990s, Mutual's representatives initiated communication with Friedberg and

his predecessors regarding an insurance risk financing plan developed by Mutual known as a

"rent-a-captive plan."  Through their various communications, including seminar presentations

and marketing materials, Mutual represented to Friedberg that the "rent-a-captive plan"

functioned as a vehicle for generating investment income and reinsurance underwriting profit

which, at the same time, involved no sharing of risk with other plans.  In other words, Mutual

represented to Friedberg that the income from each particular plan would be independent of and

protected from the losses of other plans and the losses, debts or obligations of Mutual itself.  In

reliance upon these representations, Friedberg executed various agreements with Mutual and

succeeded to the three Shareholder Agreements at issue here.

However, Friedberg recently learned that Mutual never in fact protected the funds

of the three Shareholder Agreements from the debts, losses or other obligations of Mutual's other

plans or from Mutual's debts and liabilities.  Less than two months ago, Friedberg learned from a

former Mutual employee that Mutual never intended to protect the funds of each plan from each

other.  This former employee, who was the Mutual representative responsible for promoting and

marketing the Shareholder Agreements to Friedberg and his predecessors, had been instructed at

the time to inform prospective shareholders that the funds would never share risks.  This witness

later discovered during his employment that these representations were not true.  Now that the

entire Mutual corporate family is upon information and belief in liquidation or bankruptcy,

Mutual is attempting to seize the Morgan Stanley accounts and use that money to satisfy its other

liabilities.  This, however, is contrary to the representations made by Mutual and its

representatives when Friedberg and his predecessors executed the Shareholder Agreements.

This recently discovered fact provides a basis for additional relief.  Friedberg

seeks now only to pursue an additional claim for fraud in the inducement with respect to the

limited point that funds from his Shareholder Agreements should be protected from Mutual's

liabilities and/or the losses of other programs.

**ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to file an

amendment "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Courts in the

Third Circuit read Rule 15(a) as embodying a "liberal approach to amendment."  *Schofield v.*

*Trustees of the Univ. of Pennsylvania*, 894 F. Supp. 194, 195 (E.D. Pa. 1995) (Joyner, J.)

(quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 483-87 (3d Cir. 1984)).  The purpose of

litigation is to arrive at a decision based on the merits of the claims before the court, not to

decide a case based upon procedure and technicalities.  *Penn Galvanizing Co. v. Lukens Steel*

*Co.*, 65 F.R.D. 80, 81 (E.D. Pa. 1974).  Therefore, "a court in the exercise of its discretion should

allow an amendment which states a proper subject of relief if it does not appear that the

amendment comes as the result of undue delay or bad faith, or that the amendment would unduly

prejudice the opposing party or parties in the case."  *Id.* (citing *Foman v. Davis*, 371 U.S. 178,

182 (1962)).  In fact, the Third Circuit has explained that:

> Fed. R. Civ. P. 15 embodies the liberal pleading philosophy of the
> federal rules.  Under Rule 15(a), a complaint may be amended
> once as a matter of right and afterward by leave of the court, which
> is to be freely granted. . . . This liberal amendment philosophy
> limits the district court's discretion to deny leave to amend.

*Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985)

(emphasis added); *see also Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 887

(3d Cir. 1992);  *J. E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 613 (3d Cir. 1987).

Application of the facts herein to the rule of law requiring liberal amendment,

clearly demonstrates there is no reason for denying plaintiff leave to amend his Complaint.  First,

there is no undue delay because Friedberg was only able to confirm in January 2005 the facts

giving rise to this proposed new count of fraud.  Prior to that time, Mr. Lewis – the witness who

confirmed Mutual's fraud – had remained an employee of Mutual and Friedberg could not

therefore initiate communication with him.

Second, this motion is not being submitted in bad faith.  At the time the original

Complaint was filed, plaintiff had no way of confirming for certain that fraud had indeed

occurred.  This motion is being submitted in efforts to present all cognizable claims against the

defendants so as to protect plaintiff's rights.

And third, there is no imaginable prejudice to defendants by granting this motion.

Inasmuch as the defendants have not answered the Complaint yet, the filing of an Amended

Complaint will not prejudice them in any manner.  Moreover, Mutual cannot claim unfair

surprise because a similar claim for fraud in the inducement was raised by Friedberg against

Mutual in another lawsuit initiated by Mutual's sister company in the Commonwealth Court of Pennsylvania against Friedberg's insurance business.  In that lawsuit, which involved other captive insurance agreements that Friedberg's company entered into with Mutual in the early 1990s, Friedberg asserted fraud claims against Mutual for similar misrepresentations – namely, that the funds from the other captive insurance agreements would be protected from Mutual's debts and losses and the losses of other programs.  Those claims were raised in July 2004, thus giving Mutual plenty of notice as to the possibility of this amendment.

In sum, leave to amend is appropriate because the facts supporting and confirming the sought relief were discovered recently.  This motion follows quickly upon the discovery and confirmation of the new facts.

**CONCLUSION**

For all the foregoing reasons, plaintiff Stephen M. Friedberg respectfully requests

that the Court grant his Motion For Leave to File an Amended Complaint and enter an order in

the form attached hereto.

/s/ Han Nguyen
David Smith (I.D. No. 21480)
Han Nguyen (I.D. No. 85860)
SCHNADER HARRISON SEGAL
 & LEWIS LLP
Suite 3600, 1600 Market Street
Philadelphia, PA 19103
(215) 751-2000

Dated: March 1, 2005.

**CERTIFICATE OF SERVICE**

I, Han Nguyen, hereby certify that on this day I caused to be served a true and correct copy of the foregoing Motion for Leave to File Amended Complaint upon the individual listed below by hand delivery and by electronic mail through the Court's ECF website. This motion is available for review and downloading from the Court's ECF website.

Douglas Y. Christian, Esq.
Ballard Spahr
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Margaret Manolakis, Esq.
Stradley Ronon Stevens & Young LLP
2600 One Commerce Square
Philadelphia, PA 19103

/s/ Han Nguyen
Han Nguyen

Dated: March 1, 2005