IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN M. FRIEDBERG | : | CIVIL ACTION |
| Plaintiff, | : | NO. 02-CV-3193 |
| v. | : | (Judge Yohn) |
| MUTUAL HOLDINGS LTD., *et al.* | : | |
| Defendants. | : | |

**AMENDED COMPLAINT**

Plaintiff Stephen M. Friedberg ("Friedberg"), by his attorneys, brings this amended action and alleges as follows:

**THE PARTIES**

1. Plaintiff Friedberg is a Pennsylvania resident with an address at 4204 Tamarack Lane, Murrysville, Pennsylvania 15668.

2. Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., and Mutual Holdings (Bermuda) Ltd. (collectively, "Mutual") are corporations organized and existing under the laws of the Islands of Bermuda with a principal place of business at Barclays International Building, 44 Church Street, P.O. Box HM 2064, Hamilton HM HX, Bermuda.

3. Upon information and belief, Mutual is held by an umbrella corporation named Mutual Risk Management Ltd. ("MRM").

4. Defendant Mutual Indemnity Ltd. ("Indemnity") is a corporation organized and existing under the laws of the Islands of Bermuda with a principal place of business at 44 Church Street, Hamilton HM 12, P.O. Box HM 2064, Hamilton HM HX, Bermuda. Indemnity is a subsidiary of Mutual and its conduct at issue in this lawsuit is solely as the agent of Mutual.

5. Defendant Mutual Indemnity (Bermuda) Ltd. ("Indemnity (Bermuda)") is a corporation organized and existing under the laws of the Islands of Bermuda with a principal place of business at 44 Church Street, P.O. Box HM 2064, Hamilton HM HX, Bermuda. Indemnity (Bermuda) is a subsidiary of Mutual and its conduct at issue in this lawsuit is solely as the agent of Mutual.

6. Defendant Morgan Stanley is a corporation organized under the laws of the State of Delaware with a principal place of business at 1585 Broadway, New York, New York 10036 and with a Philadelphia branch address of Morgan Stanley Gitter Group, 2 Logan Square, 18th & Arch Street, 14th Floor, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 by virtue of the fact that plaintiff is a citizen of Pennsylvania and defendants are citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has authority to issue a declaratory judgment considering the rights and liabilities of the parties pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) and (3). Defendants are subject to personal jurisdiction in this District and a substantial portion of the events that give rise to plaintiff's claims occurred within this District.

## THE CONTROVERSY

10. Friedberg is the successor to and sole remaining shareholder under three (3) shareholder agreements (the "Shareholder Agreements") relating to the creation of captive insurance arrangements between Mutual on the one hand and Friedberg or his predecessors on the other hand:

    (a) Shareholder Agreement entered into as of January 1, 1992 by and between Mutual and Mark Ouimette (the "E11 Agreement"). A true and correct copy of the E11 Agreement is attached hereto as Exhibit "A."

    (b) Shareholder Agreement entered into as of January 1, 1992 by and between Mutual and Advantage Partners (the "E14 Agreement"). A true and correct copy of the E14 Agreement, together with its four amendments, is attached as Exhibit "B."

    (c) Shareholder Agreement entered into as of March 1, 1994 by and between Mutual and Mark Ouimette (the "U21 Agreement"). A true and correct copy of the U21 Agreement, together with its amendment, is attached hereto as Exhibit "C."

11. Each of the E11 Agreement, E14 Agreement and U21 Agreement provides for the purchase by Friedberg's predecessor of a single share of Mutual preferred non-voting stock in a designated series and the agreement by Mutual to declare a dividend to the shareholder of record on a specific date each year and, at the termination of each agreement, to repurchase the preferred share.

12. The annual dividend that Mutual agreed to declare under each of the

Shareholder Agreements was determined by a formula set forth in each of the individual Shareholder Agreements. The dividend could be either a positive or negative sum of money, depending upon the performance of each captive insurance program. Under each of the Shareholder Agreements, Friedberg was able to elect either to receive the dividend or, in the alternative, to leave the dividend with Mutual to continue to be invested with the other capital for the captive insurance program.

13. Friedberg and his predecessors agreed to enter into the Shareholder Agreements (and several other rent-a-captive plans) based on the representations of Mutual that the Shareholder Agreements would function as an investment vehicle that involved no sharing of risk with, and would be completely independent of, all other such programs managed by Mutual and/or other obligations of Mutual.

    a. In particular, in or about the early 1990s, representatives of Mutual arranged meetings with Friedberg where Mutual marketed and promoted rent-a-captive plans to prospective participants.

    b. Numerous meetings were held in the Philadelphia offices of Mutual's subsidiaries, Legion Insurance Company and Commonwealth Risk Services, Inc.

    c. Andrew Lewis attended these meetings on behalf of (and as an agent for Mutual) in his capacity as an employee of Commonwealth Risk Services, Inc. – Mutual's marketing subsidiary.

    d. At these meetings, Mutual represented that each program's funds would

       be secure from the losses of other programs and that each program's performance would be independent of other programs.

    e.    Mutual also distributed written materials at these meetings, including marketing materials, pro formas and presentations/proposals, affirming that each programs' performance would be determined solely by that particular program's performance with no sharing of risk between programs.

14.    Based on Mutual's representations with respect to the rent-a-captive plans and how the funds of each plan would be protected from other programs, Friedberg and his predecessors agreed to the terms of the Shareholder Agreements, including the terms of the forum selection provision.

15.    Upon entering into the Shareholder Agreements, Friedberg and his predecessors advised Mutual that it was particularly important, and Mutual orally agreed, that (1) on no less than an annual basis, net investment income (the "dividends") would be made available to Friedberg and (2) at no level within Mutual corporate family and under no circumstances would the dividends from the Shareholder Agreements be exposed to the losses of any other plans, programs or captive insurance arrangements or any other obligation, debt or loss of Mutual without Friedberg's written consent.

16.    Upon information and belief, however, Mutual never in fact protected the funds related to the Shareholder Agreements, including without limitation the dividends, from the debts, losses and other obligations of other programs or of Mutual itself.

17. Certain of the money that was declared by Mutual as dividends to Friedberg under the three Shareholder Agreements was transferred at Friedberg's direction to three accounts (one each for the E11 Agreement, E14 Agreement, and U21 Agreement) established with Prudential Securities Incorporated ("Prudential") in Philadelphia, Pennsylvania. The Prudential accounts were then transferred to Dean Witter Reynolds Inc. ("Dean Witter") and then to Morgan Stanley Dean Witter & Co., now Morgan Stanley, in Philadelphia, Pennsylvania as the individual broker for the accounts moved from one firm to the next. The transference of money from Mutual on the one hand to Prudential, Dean Witter, and Morgan Stanley on the other hand has at all times been accomplished on Friedberg's order and direction.

18. Each of the three Shareholder Agreements provided for a specific redemption date. But each of the three Shareholder Agreements also contemplated a continuation of the program beyond the redemption date if Mutual continued to hold the shareholder's funds for his benefit and agreed to pay the shareholder additional dividends as defined by the agreement.

19. Friedberg elected not to redeem his dividends under the E11 Agreement and E14 Agreement permitting Mutual to continue to hold those monies for his benefit.

20. Legal and equitable title to those monies passed from Mutual to Friedberg at the time that Friedberg directed the deposit of the monies at Prudential -- and then later at Dean Witter and Morgan Stanley -- and has not at any time reverted to Mutual.

21. Friedberg is the owner, or, alternatively, the beneficial or equitable owner of the monies that he has directed to be deposited from Mutual to Prudential and then later to

Dean Witter and Morgan Stanley.

22. Upon information and belief, there is approximately $2.7 million dollars in Friedberg's Morgan Stanley accounts, all of which represents the dividend proceeds paid by Mutual, Indemnity, and/or Indemnity (Bermuda) to Friedberg.

23. When the three accounts were established at Prudential, two of the accounts were titled in the name of Indemnity and one in the name of Indemnity (Bermuda). That is how the same three accounts are titled at Morgan Stanley today. However, Friedberg is and has always been the owner, or alternatively, the beneficial owner, of the monies that were deposited at Prudential, Dean Witter, and Morgan Stanley despite the titling of the accounts.

24. Friedberg has directed and continues to have unfettered discretion in directing the investment of these monies in the Morgan Stanley accounts as he sees fit. He had the same power and discretion when the accounts were at Prudential and Dean Witter.

25. No person other than Friedberg has exercised any control over the Prudential, Dean Witter, and Morgan Stanley funds and directed the investment of those funds.

26. Mutual agreed to deliver the funds to the Prudential, Dean Witter, and Morgan Stanley accounts after applicable dividend declaration dates in each shareholder agreement had passed. Thus, the Morgan Stanley monies represent dividends that were declared and are held, but have not yet been redeemed.

27. On or about April 19, 2002, A.M. Best Company downgraded the rating of Indemnity and Indemnity (Bermuda). Moreover, news articles have reported upon the precarious

financial condition of MRM, Mutual, Indemnity, and/or Indemnity (Bermuda). Upon information and belief, certain of those entities have filed for bankruptcy protection.

28. On May 15, 2002, the Mutual Stanley stockbroker informed Friedberg that Indemnity or Indemnity (Bermuda) had contacted him that day and had requested that he transfer $200,000 of Friedberg's money to a Bermuda bank account. At Friedberg's direction, the Morgan Stanley stockbroker has not yet done so.

## CLAIMS FOR RELIEF

### COUNT I

### (Constructive or Resulting Trust)

29. Friedberg realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 24 above.

30. Mutual, Indemnity, and/or Indemnity (Bermuda) have an equitable duty to convey the Morgan Stanley assets to Friedberg and would be unjustly enriched if it/they were permitted to hold them.

31. Mutual, Indemnity, and/or Indemnity (Bermuda) have no beneficial interest in the funds of Friedberg.

32. Friedberg is entitled to have the funds held in constructive trust for the benefit of Friedberg.

33. In the alternative, Mutual, Indemnity, Indemnity (Bermuda), and Morgan Stanley should be declared to hold the funds in a resulting trust.

34. It is believed by plaintiff that defendants Mutual, Indemnity, and Indemnity (Bermuda) are in precarious financial condition, may be insolvent, and may soon seek protection under the bankruptcy laws.

WHEREFORE, Stephen M. Friedberg prays that this Court:

a. Declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley approximately in the amount of $2,700,000 are held in constructive trust for Stephen M. Friedberg;

b. In the alternative, declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley are held in a resulting trust;

c. Restrain and enjoin, preliminarily and permanently, defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley from wasting, transferring, selling, concealing, disbursing, assigning, encumbering or otherwise disposing of the approximately $2,700,000, plus accrued interest, held by it;

d. Declare that the monies in the Morgan Stanley accounts belong to Stephen M. Friedberg and order that defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley transmit and deliver to plaintiff Stephen M. Friedberg the approximately $2,700,000, plus accrued interest; and

  e.  Grant such other and further relief as the Court in the exercise if its equitable powers deems just and proper.

## COUNT II

### (Unjust Enrichment)

  31.  Friedberg realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 30 above.

  32.  Friedberg conferred benefits upon defendants Mutual, Indemnity, and/or Indemnity (Bermuda) by transferring his dividends into the Prudential, Dean Witter, and Morgan Stanley accounts not in his name but in that of Indemnity and Indemnity (Bermuda).

  33.  Mutual, Indemnity, and/or Indemnity (Bermuda) have appreciated such benefits since the dividends remain in the names of Indemnity and Indemnity (Bermuda) and defendants Mutual, Indemnity, and/or Indemnity (Bermuda) receive account statements from Morgan Stanley.

  34.  It would be inequitable and unconscionable for Mutual, Indemnity, and/or Indemnity (Bermuda) to retain the benefit of the dividends at Morgan Stanley without payment because they do not own and have no right to those dividends.  Moreover, Mutual, Indemnity, and/or Indemnity (Bermuda) have no beneficial interest in the dividends of Friedberg.

  35.  Mutual, Indemnity, and Indemnity (Bermuda) have an equitable duty to convey the dividends at Morgan Stanley to Friedberg and would be unjustly enriched if it/they were permitted to hold them.

WHEREFORE, Stephen M. Friedberg prays that this Court:

a.  Imply a contract between defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley and Stephen M. Friedberg requiring that defendants compensate him for the loss of the monies held by them approximately in the amount of $2,700,000;

b.  In the alternative, require defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley to disgorge to Stephen M. Friedberg the monies held by them approximately in the amount of $2,700,000;

c.  In the alternative, declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley approximately in the amount of $2,700,000 are held in constructive trust for Stephen M. Friedberg;

d.  In the alternative, declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley are held in a resulting trust;

e.  Restrain and enjoin, preliminarily and permanently, defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley from wasting, transferring, selling, concealing, disbursing, assigning, encumbering or otherwise disposing of the approximately

$2,700,000, plus accrued interest, held by it;

      f.      Declare that the monies in the Morgan Stanley accounts belong to Stephen M. Friedberg and order that defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley transmit and deliver to plaintiff Stephen M. Friedberg the approximately $2,700,000, plus accrued interest; and

      g.      Grant such other and further relief as the Court in the exercise if its equitable powers deems just and proper.

## COUNT III

### (Express Trust)

36.     Friedberg realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 35 above.

37.     Mutual, Indemnity, and/or Indemnity (Bermuda) expressly intended to create a trust for the benefit of Friedberg when it/they declared dividends to him and transferred those dividends to accounts held in the names of Indemnity and Indemnity (Bermuda) at Morgan Stanley.

38.     Mutual, Indemnity, and/or Indemnity (Bermuda) retained bare legal title to those accounts for administrative purposes only and administer the accounts as trustees.

39.     Friedberg is the sole beneficiary of the trust.

40. Mutual, Indemnity, and/or Indemnity (Bermuda) have no beneficial interest in the funds of Friedberg.

41. Friedberg is entitled to have the funds held in express trust for the benefit of Friedberg.

WHEREFORE, Stephen M. Friedberg prays that this Court:

a. Declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley approximately in the amount of $2,700,000 are held in express trust for Stephen M. Friedberg;

b. In the alternative, declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley approximately in the amount of $2,700,000 are held in constructive trust for Stephen M. Friedberg;

c. In the alternative, declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley are held in a resulting trust;

d. Restrain and enjoin, preliminarily and permanently, defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley from wasting, transferring, selling, concealing, disbursing, assigning, encumbering or otherwise disposing of the approximately

$2,700,000, plus accrued interest, held by it;

   e. Declare that the monies in the Morgan Stanley accounts belong to Stephen M. Friedberg and order that defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley transmit and deliver to plaintiff Stephen M. Friedberg the approximately $2,700,000, plus accrued interest; and

   f. Grant such other and further relief as the Court in the exercise if its equitable powers deems just and proper.

## COUNT IV

### (Fraud in the Inducement)

   42. Friedberg realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 41 above.

   43. The Mutual defendants made material misrepresentations, including, but not limited to, seminar presentations and marketing materials, that the funds and dividends from each Shareholder Agreement would be independent of and not subject to the losses of other programs and other losses, debts and obligations of Mutual.

   44. Upon information and belief, the funds and dividends of the programs established pursuant to the Shareholder Agreements have been used to satisfy or compromise losses in other programs and/or other obligations of Mutual. If Mutual were to exercise control over the monies in the Morgan Stanley accounts, the funds in these accounts will also be exposed to the losses of other programs and/or other obligations of Mutual.

45. At all times relevant hereto, Mutual was aware that the representations made to Friedberg and his predecessors were false or that the representations were recklessly made without regard to their truth or falsity.

46. Mutual made these misrepresentations with the specific intent to induce Friedberg and his predecessors to enter into the Shareholder Agreements, and agree to the terms of the forum selection provisions, when Friedberg and his predecessors had no duty to enter into such agreements.

47. Friedberg justifiably relied upon Mutual's representations and has been damaged as a proximate result thereof.

WHEREFORE, Stephen M. Friedberg prays that this Court:

a. Declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley approximately in the amount of $2,700,000 are held in express trust for Stephen M. Friedberg;

b. In the alternative, declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley approximately in the amount of $2,700,000 are held in constructive trust for Stephen M. Friedberg;

c. In the alternative, declare that the monies held by defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity

Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley are held in a resulting trust;

    d. Restrain and enjoin, preliminarily and permanently, defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley from wasting, transferring, selling, concealing, disbursing, assigning, encumbering or otherwise disposing of the approximately $2,700,000, plus accrued interest, held by it;

    e. Declare that the monies in the Morgan Stanley accounts belong to Stephen M. Friedberg and order that defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Morgan Stanley transmit and deliver to plaintiff Stephen M. Friedberg the approximately $2,700,000, plus accrued interest; and

    f. Grant such other and further relief as the Court in the exercise if its equitable powers deems just and proper.

          /s/ David Smith
          David Smith (I.D. No. 21480)
          Han Nguyen (I.D. No. 85860)
          SCHNADER HARRISON SEGAL
           & LEWIS LLP
          Suite 3600, 1600 Market Street
          Philadelphia, PA 19103
          (215) 751-2000

Dated: March ___, 2005.