Law Offices

## BALLARD SPAHR ANDREWS & INGERSOLL, LLP

1735 MARKET STREET, 51st FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7599
215-665-8500
FAX: 215-864-8999
WWW.BALLARDSPAHR.COM

BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

JOSHUA A. MOONEY
DIRECT DIAL: 215-864-8268
PERSONAL FAX: 215-864-9269
MOONEYJ@BALLARDSPAHR.COM

March 15, 2005

**By Hand Delivery**

Clerk of Court
United States District Court for the
Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106-1797

Re:    _Friedberg v. Mutual Holdings Ltd. et al._, Case No. 02-CV-3193

Dear Clerk:

Please find enclosed three copies and an accompanying computer disk containing a .pdf copy of the following:

- Mutual Defendants' Opposition To Plaintiff's Motion For Leave To File An Amended Complaint; and

- Entry of Appearance of the undersigned.

Please provide a time-stamped copy of each to the messenger to return to our office. Thank you for your assistance.

Sincerely yours,

Joshua A. Mooney

Enclosures

cc:    Douglas Y. Christian, Esquire
       David Smith, Esquire
       Margaret Manolakis, Esquire

PHL_A #1980329 v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Stephen M. Friedberg, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 02-CV-3193 |
| v. | : | (Judge Yohn) |
| | : | |
| Mutual Holdings Ltd., *et al.* | : | |
| | : | |
| Defendants. | : | |

**MUTUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**INTRODUCTION**

In his effort to continue litigating the same claims in three separate courts, Plaintiff moves to amend his complaint. As set forth more fully below, Defendants Mutual Holdings Ltd., IPC Mutual Holdings, Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., and Mutual Indemnity (Bermuda) Ltd. (collectively, "Mutual Defendants") oppose the motion, and respectfully request that the Court deny it.

First, Plaintiff's proposed amendment is futile. Each of the Shareholder Agreements from which Plaintiff's claims arise each contains a choice of law and forum selection clause that requires all disputes to be litigated exclusively in Bermuda under Bermuda law. Enforcement of this forum selection clause is the subject of Mutual Defendants' pending motion to dismiss. Multiple courts around the country have enforced this *very same* clause, and Plaintiff's proposed amendment has no effect on its validity or enforcement.

Second, Plaintiff's claim that his motion is based upon a "recently discovered fact" is patently untrue. The amended complaint alleges the same facts and claims Plaintiff alleged against Mutual Defendants in the Pennsylvania Commonwealth Court eight months ago and which were dismissed less than two months ago. Waiting until the eve of oral argument to

seek this Court's leave to add these claims constitutes undue delay, and granting Plaintiff's motion would result in undue prejudice to Mutual Defendants. Plaintiff's motion is a mere continuation of Plaintiff's strategy of delay and posturing through piecemeal litigation, and should not be condoned or permitted. It is yet another effort to keep in place a 33 month temporary restraining order that should be dissolved along with the case.

## STATEMENT OF RELEVANT FACTS

### Procedural History

Plaintiff initiated this matter almost three years ago on May 23, 2002, when he sought a temporary restraining order against Mutual Defendants, which this Court granted on May 30, 2002. On August 14, 2002, Plaintiff served Mutual Defendants his complaint, wherein he alleged that he is the successor and sole remaining shareholder under Shareholder Agreements relating to the creation of captive insurance arrangements between certain of Mutual Defendants on the one hand and Plaintiff or his predecessors on the other hand. (See Complaint, ¶ 10.) Plaintiff also alleged that certain monies were declared dividends in his favor under the Shareholders Agreements and were transferred at his direction to three separate accounts. Id. at ¶ 13. Plaintiff further alleged that he is the owner, or the beneficial or equitable owner of the monies in those three accounts. Id. at ¶ 17.

On November 12, 2002, Mutual Defendants filed their motion to dismiss based upon the forum selection clause in the Shareholder Agreements. Plaintiff filed his opposition on November 28, 2002. On March 5, 2003, this Court administratively dismissed this matter without prejudice pending settlement negotiations between Plaintiff and Mutual Defendants. (See Court Order of 3/5/03.) Those discussions ultimately did not result in a settlement, and Mutual Defendants renewed their motion to dismiss in April 2003, citing with their renewal three

court decisions enforcing the very same forum selection clause at issue. (See Notice of Supplemental Authority.)

On April 29, 2004, this Court ordered Plaintiff to file any objection he might have to its granting Mutual Defendants' motion. (See Court Order of 4/29/04.) Plaintiff filed his objections on May 20, 2004, and requested oral arguments for the first time. (See Plaintiff Stephen M. Friedberg's Objections To The Court's Granting Of Defendants' Motion To Dismiss.) Mutual Defendants filed their response on June 1, 2004. (See Mutual Defendants' Supplemental Memorandum In Response To Plaintiff's Objections To This Court's Granting of Mutual Defendants' Motion To Dismiss.)

On August 27, 2004, Plaintiff informed the Court of a parallel action filed by him against Mutual Defendants in the Pennsylvania Commonwealth Court. (See Letter of H. Nguyen to The Hon. William H. Yohn, Jr. of 8/27/04.) On January 20, 2005, the Commonwealth Court dismissed all of Plaintiff's claims. True and correct copies of Judge Leavitt's Order and Memorandum Opinion are attached hereto as Exhibit A.

This Court scheduled oral argument on Mutual Defendants' motion to dismiss for March 3, 2005. On March 1, Plaintiff filed his Motion For Leave To File An Amended Complaint. The March 3 oral argument was rescheduled for April 15, 2005.

## Plaintiff's Motion

Plaintiff claims that he "recently confirmed that Mutual made material representations in order to induce him and his predecessors to enter into the Shareholder Agreements." (See Plaintiff's Memorandum of Law, at 2.) Plaintiff alleges that he learned of this supposed fraud "less than two months ago" from a "former Mutual employee," who, in turn, learned of the alleged fraud during his employment at Mutual. Id. at 2-3. Plaintiff claims that "[t]his recently discovered fact provides a basis for additional relief." Id. at 3.

**Plaintiff's Proposed Amended Complaint**

Plaintiff claims that Andrew Lewis, an employee of Commonwealth Risk Services, Inc. promoted and sold rent-a-captive programs to him and/or his predecessors as an agent of Mutual Defendants. (See Proposed Complaint, ¶ 13.) Plaintiff also claims Commonwealth Risk Services, Inc. was a "marketing subsidiary" of Mutual Defendants. Id.

In the process of selling these programs, Plaintiff claims that Mutual Defendants and Mr. Lewis fraudulently represented that funds for each program would be protected from losses suffered by other programs when in fact Mutual Defendants had no intention of abiding by those representations. Id., ¶¶ 13-16. Plaintiff claims that these allegations of wrongdoing provide a basis to seek relief for fraudulent inducement. Id., ¶¶ 42-47 (Count IV).

**Plaintiff's Commonwealth Court Complaint**

On July 16, 2004 Plaintiff and his company, Financial Associates, Inc. d/b/a Research Underwriters, filed a complaint in the Pennsylvania Commonwealth Court ("Commonwealth Court Complaint") joining Mutual Defendants as additional defendants. Based on the allegations in the complaint, on August 19, 2004, Plaintiff also sought a special emergency injunction and a preliminary injunction. Plaintiff forwarded these documents to the Court in a letter dated August 27, 2004, addressed to the Honorable William H. Yohn, Jr. A true and correct copy of Mr. Nguyen's Letter to the Honorable William H. Yohn, Jr., with attachments, is attached hereto as Exhibit B.

Plaintiff alleged in the Commonwealth Court Complaint that Mutual Defendants had informed Plaintiff that the funds would be protected from losses suffered by other programs, and that "under no circumstances would the premium funds ceded to Mutual Indemnity and invested separately for the benefit of the particular reinsurance program established by Mr.

Friedberg be exposed to the losses of any other reinsurance program, including between and among any other reinsurance programs to be established by Mr. Friedberg, or to any other obligation, debt, or loss of the Mutual Family...." Ex. B (Commonwealth Court Complaint), ¶ 20. Plaintiff also alleged that he executed the Shareholder Agreements at issue "[i]n consideration of and in reliance upon" those representations. Id., ¶ 23. Plaintiff further alleged that Mutual Defendants "never, in fact, segregated the funds related to any of the Programs from the debts, losses, or other obligations of the Mutual Family ...." Id., ¶ 25. Plaintiff also claimed that Mutual Defendants had no intention of abiding by the alleged representations made to him, but lied to fraudulently induce him into executing the Shareholder Agreements. Id., ¶¶ 44-48 (Count I – Fraud), ¶¶ 49-53 (Count II – Fraud).

As noted above, on January 20, 2005, the Commonwealth Court dismissed Plaintiff's complaint. Ex. A. Among other things, the Commonwealth Court concluded that Plaintiff had alleged the same claims against the same parties (i.e., Mutual Defendants) in three different courts: the Commonwealth Court, the Bermuda Supreme Court, and this Court. Id. at 5-6. On February 14, Plaintiff requested the Pennsylvania Commonwealth Court to enter its order as a final one pursuant to Rule 341 of the Pennsylvania Rules of Appellate Procedure so that Plaintiff could appeal the court's dismissal of his claims. A true and correct copy of Plaintiff's Application In The Alternative For Determination Of Finality is attached hereto as Exhibit C. Under Rule 341, Plaintiff's request was deemed denied on February 22, 2005. Plaintiff filed his motion to amend his complaint one week later.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend its complaint by leave of the court or by written consent of the adverse party. Denying a motion to

amend a complaint is in the sound discretion of the court. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178,

183 (1962); <u>Cureton v. NCAA</u>, 252 F.3d 267, 272-73 (3d Cir. 2001). A district court may deny

leave to amend a complaint "if a plaintiff's delay in seeking amendment is undue, motivated by

bad faith, or prejudice to the opposing party." <u>Cureton</u>, 252 F.3d at 273. A court also may deny

leave to amend a complaint where the amendment would be futile. <u>See</u> <u>Forman</u>, 371 U.S. at 182.

## <u>ARGUMENT</u>

I.    **Plaintiff's Amendment Is Futile Because The Forum Selection Clause In The**
      **Shareholder Agreements Requires This Case To Be Litigated In Bermuda**

Futility challenges an amendment's legal sufficiency and is assessed under the

same standard that applies to motions brought under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. <u>See</u> <u>Freedom Int'l Trucks, Inc. of N.J. v. Eagle Enters., Inc.</u>, 182 F.R.D. 172, 175

(E.D. Pa. 1998); <u>Sprinturf, Inc. v. Southwest Recreational Indus., Inc.</u>, 281 F. Supp. 2d 784, 785

(E.D. Pa. 2003); <u>Gallagher v. Borough of Downington</u>, No. 98-3885, 1999 WL 1081070, at *3

(E.D. Pa. Nov. 29, 1999); Wright & Miller, 6 Fed. Prac. Proc. 2d § 1487 (1990).[1]  Having had

his claims recently dismissed by the Pennsylvania Commonwealth Court, Plaintiff now requests

this Court's leave to amend his complaint in an apparent attempt to circumvent the forum

selection clause contained in the Shareholder Agreements at issue here. Plaintiff's amendment

would be futile, because even if allowed, the forum selection clause would still apply to dismiss

Plaintiff's claims.

It is well established that contractual forum selection clauses are not invalidated

by a party's claim that he was fraudulently induced into the contract. Instead, a party must

---

[1]    A copy of <u>Gallagher v. Borough of Downington</u>, 1999 WL 1081070 (E.D. Pa. Nov. 29,
1999) is attached hereto as Exhibit D.

demonstrate that the forum clause is itself a product of fraud or fraudulent inducement.  See

Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.13 (1974) ("This qualification does not mean

that any time a dispute arising out of a transaction is based upon an allegation of fraud ... the

clause is unenforceable.  Rather, it means that an arbitration or forum selection clause in a

contract is not enforceable if the inclusion of that clause in the contract was the product of fraud

or coercion."); Battaglia v. McKendry, 233 F.3d 720, 727 (3d Cir. 2000) ("Accordingly, as a

matter of Pennsylvania law, the Arbitration Clause is broad enough to encompass disputes

relating to the formation of the Settlement Agreement.");[2] Barbuto v. Medicine Shoppe Int'l.

Inc., 166 F. Supp. 2d 341, 346 (W.D. Pa. 2001) ("A party cannot contest the validity of a forum

selection clause by questioning the enforceability of the entire contract ... [but] must show that

the clause itself was the product of fraud ...."); Dentsply Int'l. Inc. v. Benton, 965 F. Supp. 574,

577 (M.D. Pa. 1997) (same); Nemo Assocs.. Inc. v. Homeowners Marketing Servs. Int'l, Inc.,

942 F. Supp. 1025, 1028 (E.D. Pa. 1996) ("to invalidate a forum selection clause on the grounds

of fraudulent inducement, the party challenging the clause must show that the clause itself was

procured through fraud").  See also Marrone v. Meecorp Capital Markets, LLC, No. 04-3335,

2004 WL 2677175, at *3 (E.D. Pa. Nov. 19, 2004); Delage Landen Fin. Servs. v. Toshiba Am.

Medical Sys., Inc., No. 02-2810, 2002 WL 32107632, at *5 (E.D. Pa. Dec. 18, 2002).[3]

---

[2]     Although Battaglia addressed an arbitration clause, the United States Supreme Court in
        Scherk, did not differentiate between arbitration clauses and forum selection clauses.
        Indeed, the court stated that "[a]n agreement to arbitrate ... is, in effect, a specialized
        kind of forum-selection clause that posits not only the situs of the suit, but also the
        procedure to be used in resolving the dispute."  Scherk v. Alberto-Culver Co., 417 U.S.
        506, 519 (1974).

[3]     Copies of Marrone v. Meecorp Capital Markets, LLC, 2004 WL 2677175(E.D. Pa. Nov.
        19, 2004) and Delage Landen Fin. Servs. v. Toshiba Am. Medical Sys., Inc., 2002 WL
        32107632 (E.D. Pa. Dec. 18, 2002) are attached hereto as Exhibits E and F.

"Fraudulent inducement as to the entire contract will not invalidate an otherwise valid forum selection clause." Nemo Assocs., 942 F. Supp. at 1028. "Were the law otherwise, a party could defeat a validly negotiated forum selection clause merely by alleging fraud in the inducement." Id. That is exactly what Plaintiff attempts to do here. Anticipating that his claims will be dismissed just as they were by the Commonwealth Court, Plaintiff attempts to add the same claim recently dismissed in hope that it will give him a better argument against dismissal here. These efforts are futile.

Importantly, Plaintiff has not alleged that the forum selection clause in the Shareholder Agreements is a product of fraud. (See Proposed Complaint.) Nor is it a product of fraud: the forum selection clause is set off under its own paragraph, and written in plain English and normal font. See Babn Techs. Corp. v. Bruno, 25 F. Supp. 2d 593, 595 (E.D. Pa. 1998) (holding forum selection clause that is "written in plain English and is located in uniform type" not fraudulent).

The United States Court of Appeal for the Seventh Circuit's decision in American Patriot Insurance Agency v. Mutual Risk Management, Ltd. is on point. See 364 F.3d 884 (7th Cir. 2004). In that case, the Seventh Circuit rejected the plaintiff's attempts to circumvent *the very same* forum selection clause that is at issue here through artful pleading. See 364 F.3d at 886 (tracing the language of the forum-selection clause). To allow such a result, Judge Posner reasoned, would render all forum selection clauses empty and devoid of substance.

> …we must decide whether [the motion to dismiss] was properly granted on the basis of the forum-selection clause. The plaintiff agues that its disputes with the Mutual defendants concern other contracts … rather than the Shareholder Agreement; that they are not purely contractual, because fraud is also charged; and that none of the Mutual defendants was actually a party to the Shareholder Agreement – for remember it was between plaintiff and Mutual Holdings, which is not a defendant. These are really the same

> argument, and amount to saying that a plaintiff can defeat a forum
> selection clause by its choice of provisions to sue on, of legal
> theories to press, and of defendants to name in the suit.  If this were
> true, such clauses would be empty.  *It is not true.*

See 364 F.3d at 887 (emphasis added).[4]

Plaintiff's amendment will have no effect on the enforcement of the forum selection clause and is futile.  For this reason, Mutual Defendants respectfully request that this Court deny Plaintiff's motion for leave to file an amended complaint.

## II.    Plaintiff's Delay In Seeking This Court's Leave Is Undue And Prejudicial, And Therefore Should Be Denied

A court may deny leave to amend a complaint if a plaintiff's delay is undue.  See Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001); Tarkett, Inc. v. Congoleum Corp., 144 F.R.D. 289, 291 (E.D. Pa. 1992) ("undue delay by a movant in seeking leave to amend may support such a denial"); DVI Fin. Servs., Inc. v. Kagan, No. 00-1666, 2001 WL 299272, at *2 (E.D. Pa. Mar. 23, 2001) (same).[5]  Although the passage of time alone is an insufficient ground to deny leave to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."  Cureton, 252 F.3d at 273.  "Delay may become undue when a movant has had previous opportunities to amend a complaint."  Id.  See also Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654-55 (3d Cir. 1998) (denying leave where plaintiffs were alleging facts that

---

[4]    Notably, Judge Posner also concluded that any argument that in effect claimed that the language comprising the forum selection clause was not broad enough to encompass claims for fraud amounted to mere "semantic quibbling."  American Patriot Insurance Agency v. Mutual Risk Management, Ltd., 364 F.3d 884, 889 (7th Cir. 2004).

[5]    A copy of DVI Fin. Servs., Inc. v. Kagan, 2001 WL 299272 (E.D. Pa. Mar. 23, 2001) is attached hereto as Exhibit G.

could have been pled earlier);[6] Lorez v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (denying leave where three year lapse existed between filing of complaint and proposed amendment). The burden of explaining the delay is on the party seeking leave to amend. See Tarkett, 144 F.R.D. at 290.

A court also may deny leave to amend a complaint if a plaintiff's delay would cause "an unfair burden on the opposing party." Cureton, 252 F.3d at 273. When addressing the issue of prejudice, a court should "focus on the hardship to the defendants if the amendment were permitted." Id. Prejudice has been found to exist where the amendment would require additional preparation to defend against new facts or theories, or would alter the tactics of a party. Id. "Prejudice in the context of Fed. R. Civ. P. 15(a) 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party.'" Tarkett, 144 F.R.D. at 291; DVI Fin., 2001 WL 299272, at *2 (same). "A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." DVI Fin., 2001 WL 299272, at *3.

Plaintiff has provided no justification for his delay in seeking to amend his complaint. Plaintiff's allegation that his amendment is based on a "newly discovered fact" is patently false. In his proposed amended complaint, Plaintiff merely seeks to allege the same claims of fraud against Mutual Defendants that he had already alleged against them in the Commonwealth Court eight months ago. Ex. B (Commonwealth Court Complaint), ¶¶ 44-48 (Count I – Fraud), ¶¶ 49-53 (Count II – Fraud). Specifically, in July 2004, Plaintiff alleged that

---

[6]    Abrogation on other grounds recognized, Forbes v. Eagelson, 228 F.3d 471 (3d Cir. 2000).

Mutual Defendants had promised him that the funds would be protected from losses suffered by other programs; that he relied on those promises when executing the Shareholder Agreements; and that Mutual Defendants had no intention of keeping those promises, but made them to induce Plaintiff into executing the Shareholder Agreements. Id., ¶¶ 20, 23, 25, 44-48, 49-53. This is exactly what Plaintiff now seeks to allege here.

Indeed, the only "recent" discovery forming the basis for Plaintiff's motion is the Commonwealth Court's dismissal of his claims less than two months ago. Notably, Plaintiff filed his present motion *one week* after his motion for finality to the Commonwealth Court was denied.[7] "Delay may become undue when a movant has had previous opportunities to amend a complaint." Cureton, 252 F.3d at 273. See also DVI Fin., 2001 WL 299272, at *3 ("A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."). Plaintiff has had ample time and opportunity to amend his complaint during the two plus years Mutual Defendants' motion to dismiss has been pending, during the ten months since Plaintiff objected to this Court's granting of Mutual Defendants' motion to dismiss, and during the eight months since he filed the very same claims against Mutual Defendants in the Commonwealth Court. Plaintiff chose not to do so, and should not now be permitted to alter his decision now. Plaintiff's proposed amended complaint is based upon nothing new.

_____

[7]     On February 14, Plaintiff requested the Pennsylvania Commonwealth Court to enter its order as final pursuant to Rule 341 of the Pennsylvania Rules of Appellate Procedure so that Plaintiff could appeal the court's dismissal of his claims. Ex. C. Under Rule 341, that request was deemed denied on February 22, 2005. Exactly one week later, Plaintiff filed his present motion to amend his complaint here.

Granting Plaintiff's eleventh hour motion also would cause Mutual Defendants undue prejudice. For three years, Plaintiff has waged his litigation against Mutual Defendants in the courts of Bermuda, the Pennsylvania Commonwealth Court, and here. The Commonwealth Court, when dismissing his claims, concluded that Plaintiff has sued the same parties alleging the same claims in three different fora. Ex. A at 5-6. Plaintiff's conduct of piecemeal and duplicative litigation has caused an unwarranted burden on the courts and Mutual Defendants; has wasted valuable resources while driving up litigation costs; and has delayed final resolution of this matter.

Plaintiff's delay in seeking to amend his complaint is undue, and would cause undue prejudice if granted. For these reasons, Mutual Defendants respectfully request that this Court deny Plaintiff's motion for leave to file an amended complaint.

## CONCLUSION

For all the foregoing reasons, Mutual Defendants respectfully request that this Court deny Plaintiff's Motion For Leave To File An Amended Complaint.

DATED: March 15, 2005.                    Respectfully submitted,

Douglas Y. Christian
Joshua A. Mooney
BALLARD SPAHR ANDREWS
& INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Attorneys For Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March 2005, a true and correct copy of the

foregoing Mutual Defendants' Opposition To Plaintiff's Motion For Leave To File An Amended

Complaint was served by first class mail, pre-postage paid, on the following:

> David Smith, Esquire
> SCHNADER HARRISON SEGAL
> & LEWIS LLP
> Suite 36,00, 1600 Market Street
> Philadelphia, PA  19103
>
> Attorneys for Plaintiff Stephen Friedberg
>
> Margaret Manolakis, Esquire
> Stradley Ronon Stevens & Young, LLP
> 2600 One Commerce Square
> Philadelphia, PA  19103
>
> Attorneys for Defendant Morgan Stanley

Joshua A. Mooney

# EXHIBIT A

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken, acting in her   :
official capacity as Insurance   :
Commissioner of the Commonwealth   :
of Pennsylvania and Statutory   :
Liquidator of Legion Insurance   :
Company,   :
     Plaintiff   :
  :
    v.   :   No. 70 M.D. 2004
  :
Research Underwriters, LLC and   :
Financial Associates, Inc., d/b/a   :
Research Underwriters,   :
     Defendants   :
  :
    and   :
  :
Stephen M. Friedberg,   :
    Additional Plaintiff   :
  :
    v.   :
  :
Mutual Holdings, Ltd.,   :
IPC Mutual Holdings Ltd.,   :
Mutual Holdings (Bermuda) Ltd.,   :
Mutual Indemnity Ltd.,   :
Mutual Indemnity (Bermuda) Ltd.,   :
Commonwealth Risk Services, Inc.,   :
    Additional Defendants   :

**MEMORANDUM OPINION**
**BY JUDGE LEAVITT**       FILED: January 20, 2005

   On February 5, 2004, the Statutory Liquidator (Liquidator) of Legion

Insurance Company (In Liquidation) (Legion) initiated a lawsuit against Research

Underwriters LLC and Financial Associates, Inc. d/b/a/ Research Underwriters

(collectively Research Underwriters). The Liquidator filed this complaint in order to recover unearned premiums and commissions that Research Underwriters had collected but did not remit to Legion, which conduct, she asserts, violated Research Underwriters' contract obligations to Legion. In response, Research Underwriters filed an answer, new matter and a counterclaim, asserting, *inter alia*, a right to recoup funds from the Legion estate.

Thereafter, on July 16, 2004, Research Underwriters filed a complaint to join additional parties (Joinder Complaint) to the action instituted by the Liquidator. The Joinder Complaint sought to add Mutual Holdings Ltd., Mutual Indemnity Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., and Mutual Indemnity (Bermuda) Ltd. (collectively, the Mutual Companies) and Commonwealth Risk Services, Inc. as additional involuntary defendants. The Joinder Complaint also sought the involuntary joinder of an additional plaintiff, Stephen M. Friedberg. The Joinder Complaint generally alleges that the Mutual Companies have "seized and/or improperly retained funds," which Research Underwriters and Mr. Friedberg seek to recover.

In response to the new matter and counterclaim filed by Research Underwriters, the Liquidator filed preliminary objections in the nature of a demurrer. She asserts that the counterclaim violates the statutory stay of litigation against a liquidator. The Mutual Companies have also filed preliminary objections to the Joinder Complaint, asserting a lack of this Court's jurisdiction and failure of plaintiff to conform his pleading to the Pennsylvania Rules of Civil Procedure.

These various preliminary objections have been fully argued in the memoranda of law filed by the parties. The objections are sustained for the reasons that follow.

2

The Court considers, first, the Liquidator's demurrer to the counterclaim of Research Underwriters. Article V of The Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. §§211-221.63, (Article V) provides for the liquidation of insolvent insurers. Section 526(a) of Article V,[1] provides, in relevant part, that:

> Upon issuance of an order appointing the commissioner liquidator of a domestic insurer ... no action at law or equity shall be brought by or against the insurer, whether in this Commonwealth or elsewhere, nor · shall any such existing actions be continued after issuance of such order.

40 P.S. §221.26(a).[2] It has been held expressly that a counterclaim is an "action at law or equity" the prosecution of which is prohibited by Section 526(a) of Article V. *Commonwealth, ex rel. Sheppard v. Central Penn National Bank*, 375 A.2d 874, 877-878 (Pa. Cmwlth. 1977).

Section 526(a) prohibits the prosecution of counterclaims in an action brought or continued by a liquidator because it would create a preference over the other creditors standing in line in the liquidation proceeding. *Id.; see also, G.C. Murphy Company v. Reserve Insurance Company*, 429 N.E. 2d 111 (N.Y. 1981); *Superintendent of Insurance of the State of New York v. International Equipment Leasing, Inc.*, 588 A.2d 883 (N.J. Super Ct. App. Div., 1991). In accord with *Sheppard*, this Court holds that Research Underwriters may not assert or litigate against Legion any of the counterclaim asserted in their responsive pleading. This

---

[1] Section 526(a) of Article V was added by the Act of December 14, 1977, P.L. 280.

[2] On July 25, 2003, this Court ordered Legion to be liquidated, which triggered the statutory stay of all litigation against Legion set forth in Section 526 (a) of Article V.

is without derogation to the right of Research Underwriters to present any available defenses to the Liquidator's claim against them.[3]

Next, the Court considers the preliminary objections of the Mutual Companies to the Joinder Complaint. They contend that neither the putative plaintiff, Stephen N. Friedberg, nor the putative defendants may be added to this proceeding by the procedural mechanism of joinder. Jurisdiction, they assert, also is lacking.

The narrow circumstances under which a party may be joined as an involuntary plaintiff are set forth in Pa. R.C.P. No. 2227(b), which states:

> (b)    If a person who must be joined as a plaintiff refuses to join, he or she shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.

Subsection (b) is not predicated upon a putative administrative benefit to be gained by joinder but upon the unity and identity of the interests of the co-owners who are to be joined. *Kelly v. Carborundum Co.*, 453 A.2d 624 (Pa.Super. 1982); 7 GOODRICH-AMRAM 2d §2227 (2000). It is applicable only where the substantive law provides that an interest is joint and the holder of such interest refuses to join. Involuntary joinder is necessary because without such joinder an indispensable party is missing and the action cannot proceed.

Here, the Joinder Complaint seeks a novel application of the rule. Mr. Friedberg has not refused to join the Liquidator in her complaint against Research

---

[3] To the extent Research Underwriters asserts a contractual affirmative defense, they may have a right to offset amounts it owes to the Legion estate pursuant to a Section 532 of Article V, 40 P.S. §221.32.

4

Underwriters;[4] rather, he seeks to initiate a wholly new complaint against different defendants. Pa. R.C.P. No. 2227(b) does not authorize the addition of Mr. Freidberg because the rule applies not to those who *volunteer* for the role of plaintiff in a pending or separate proceeding.[5] The joinder of Mr. Friedberg, a volunteer, is not authorized by Pa. R.C.P. No. 2227(b).

The attempt to join the Mutual Companies as defendants fails to satisfy Pa. R.C.P. No. 2252(a).[6] Joinder of additional defendants may be appropriate where, otherwise, the named defendant will be solely liable on plaintiff's cause of action. The Joinder Complaint raises claims that arise from a shareholder agreement between Mr. Friedberg and the Mutual Companies; this shareholder agreement has nothing to do with the Liquidator's cause of action, *i.e.*, enforcement of Legion's contractual rights under a brokerage agreement with Research Underwriters. Further, Mr. Friedberg and Research Underwriters do not assert any claims against Legion or the Liquidator in the Joinder Complaint. Involuntary joinder of the Mutual Companies cannot be authorized under Pa. R.C.P. No. 2252(a) in these circumstances.

The Mutual Companies also assert that the Joinder Complaint must be dismissed on jurisdictional grounds. The Court agrees. The matters complained of

---

[4] Mr. Friedberg asserts in the Joinder Complaint that he is a stockholder of Research Underwriters and serves in its managements.

[5] Pa. R.C.P. No. 2327 authorizes intervention but only where the entry of a judgment in the pending action would impose liability on the putative intervenor. The Liquidator's action arises from a brokerage agreement with Research Underwriters, not with Mr. Friedberg.

[6] Under Pa. R.C.P. No. 2252(a), a defendant can move to join an additional defendant who may be 1) solely liable on the plaintiff's cause of action; 2) liable over to the joining party on the plaintiff's cause of action; 3) jointly or severally liable on the plaintiff's cause of action; or 4) liable to the joining party on any cause of action arising out of the transaction or occurrence on which the plaintiff bases his cause of action.

in the Joinder Complaint are the subject of actions that have been brought by Mr. Friedberg in the United States District Court for the Eastern District of Pennsylvania and in the Supreme Court of Bermuda. The parties in each are the same, as are plaintiffs' theory of recovery and the relief requested; the goals of the Joinder Complaint cannot be distinguished from those of the actions pending in Federal court and in Bermuda. Under the doctrine of *lis pendens* alone, as embodied in Pa. R.C.P. No. 1028(a)(6), the Joinder Complaint must be dismissed. Further, because the Joinder Complaint has nothing to do with the liquidation of Legion, it is beyond this Court's jurisdiction.[7]

For these reasons, the Court sustains the preliminary objections filed by the Statutory Liquidator and by the Mutual Companies.

MARY HANNAH LEAVITT, Judge

---

[7] Section 761(a)(3) of the Judicial Code provides:

The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

\*\*\*

(3) Arising under Article V of the Act of May 17, 1921 (P.L. 789, No. 285), known as "The Insurance Department Act of 1921."

42 Pa. C.S. §761(a)(3). *See Koken v. Fidelity Mutual Life Insurance Company*, 803 A.2d 807 (Pa. Cmwlth. 2002) (jurisdiction lies with civil actions arising under Article V).

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| M. Diane Koken, acting in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania and Statutory Liquidator of Legion Insurance Company,<br>        Plaintiff | : : : : : : : : : |
|       v. | :   No. 70 M.D. 2004 : |
| Research Underwriters, LLC and Financial Associates, Inc., d/b/a Research Underwriters,<br>        Defendants | : : : : |
|      and | : : |
| Stephen M. Friedberg,<br>        Additional Plaintiff | : : : |
|       v. | : : |
| Mutual Holdings, Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., Commonwealth Risk Services, Inc.,<br>        Additional Defendants | : : : : : : : |

## ORDER

AND NOW, this 20th day of January, 2005, it is hereby ORDERED as follows:

1.    The preliminary objections of the Statutory Liquidator of Legion Insurance Company (In Liquidation) are sustained.

2.    The preliminary objections of Mutual Holdings Ltd., Mutual Indemnity Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., and Mutual Indemnity (Bermuda) Ltd. are sustained.

3.    The entire Counterclaim in Recoupment (¶¶ 83 through 122) and New Matter that has been pled in support of the Counterclaim (¶¶ 44 through 68, 72, 73, 75, 76) are hereby stricken. The Liquidator shall have twenty days to respond to the remaining paragraphs in New Matter not stricken by this Order (¶ 69, 70, 71, 74, 77, 78, 79, 80, 81, 82).

4.    The Complaint Joining Additional Defendants and an Additional Plaintiff is dismissed with prejudice.

5.    The Chief Clerk is directed to amend the caption to:

> M. Diane Koken, acting in her
> Official capacity as Insurance
> Commissioner of the Commonwealth
> of Pennsylvania and Statutory
> Liquidator of Legion Insurance
> Company,
>
> Plaintiff
>
> v.
>
> Research Underwriters, LLC and
> Financial Associates, Inc., d/b/a
> Research Underwriters,
>
> Defendants

Certified from the Record

JAN 20 2005

and Order Exit

_____
MARY HANNAH LEAVITT, Judge

# EXHIBIT B

RECEIVED AUG 2 8 2004

# ·`Schnader

ATTORNEYS AT LAW

1600 MARKET STREET   SUITE 3600
PHILADELPHIA, PA 19103-7286
215.751.2000   FAX 215.751.2205   schnader.com

August 27, 2004

Han Nguyen
Direct Dial: 215.751.2528
Email: hnguyen@schnader.com

## HAND DELIVERED

The Honorable William H. Yohn, Jr.
United States District Court for the
   Eastern District of Pennsylvania
U.S. Courthouse – Room 14613
601 Market Street
Philadelphia, PA  19106

Re: **Stephen M. Friedberg v. Mutual Holdings, *et al.***
   **U.S.D.C. (E.D. Pa.) No. 03-2193**

Dear Judge Yohn:

I write in regards to the above-referenced matter and to provide Your Honor with a status report of Mr. Friedberg's efforts to obtain injunctive relief from another court of appropriate jurisdiction.

As Your Honor is aware, the Mutual defendants have renewed their motion to dismiss (and to lift the TRO) currently in place protecting the Morgan Stanley accounts. This dispute has been fully briefed. On June 3, 2004, Your Honor scheduled a conference call with counsel where Your Honor informed me that, although the pending motion would not be ruled upon for several months, Mr. Friedberg should seek a TRO over the Morgan Stanley accounts from an appropriate court in Bermuda in the meantime.

Since Your Honor originally granted the TRO, Mr. Friedberg's company was named in a Complaint brought by the state statutory liquidator of one of the Mutual defendants' sister companies in the Commonwealth Court of Pennsylvania. The Complaint was based on aspects of the same Rent-a-Captive insurance program that is at issue in this case. Given the factual nexus between Mr. Friedberg's claims against the Mutual defendants and the liquidator's claims against Mr. Friedberg's company, Mr. Friedberg has joined as a party in the Commonwealth Court action. He and his company have filed a third-party complaint naming the Mutual defendants as additional defendants and raised against them a number of claims based upon their improper operation of the Rent-a-Captive insurance program. Mr. Friedberg and his company have also specifically requested from the Commonwealth Court injunctive relief that would

Schnader
ATTORNEYS AT LAW

The Honorable William H. Yohn, Jr.
August 27, 2004
Page Two

preserve the Morgan Stanley accounts if granted. (See Complaint to Join, attached). On
August 19, 2004, Mr. Friedberg and his company filed a Petition for Special Emergency
Injunction and Preliminary Injunction in the Commonwealth Court in an effort to have
injunctive protection in place as soon as possible. (See Petition, attached). My co-
counsel is currently in communication with the Commonwealth Court and has advised it
of the special need to have the petition heard soon due to the pending motion to dismiss
before Your Honor.

We are currently waiting on word from the Commonwealth Court
regarding scheduling. Of course, if the Commonwealth Court acts in the next few days
and grants the necessary injunctive relief protecting the Morgan Stanley accounts, the
status quo will presumably be maintained. If, on the other hand, the special injunction is
not granted and Your Honor elects to retain jurisdiction, Mr. Friedberg is prepared and
eager to litigate his claims in this Court. As of now, Mr. Friedberg is waiting for the
opportunity to be heard by the Commonwealth Court and will advise Your Honor of the
outcome immediately so as to facilitate and expedite disposition of the Mutual
defendants' motion to dismiss.

Please call me at 215-751-2528 if Your Honor has any questions.

Respectfully,

*Han Nguyen*

Han Nguyen
Schnader Harrison Segal & Lewis LLP

cc:  Kevin Toth, Esquire
     Margaret Manalokis, Esquire

506188.1

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. DIANE KOKEN, acting in her official
capacity as Insurance Commissioner of the
Commonwealth of Pennsylvania and Statutory
Liquidator of Legion Insurance Company,

        Plaintiff,

    v.

RESEARCH UNDERWRITERS, LLC, and
FINANCIAL ASSOCIATES, INC., d/b/a
RESEARCH UNDERWRITERS,

        Defendants,

   and

STEPHEN M. FRIEDBERG,

        Additional Plaintiff,

    v.

MUTUAL HOLDINGS LTD., IPC MUTUAL
HOLDINGS LTD., MUTUAL HOLDINGS
(BERMUDA) LTD., MUTUAL INDEMNITY
LTD., MUTUAL INDEMNITY (BERMUDA)
LTD., and COMMONWEALTH RISK
SERVICES, INC.,

        Additional Defendants.

CIVIL ACTION

No. 70 MD 2004

**COMPLAINT JOINING ADDITIONAL
DEFENDANTS AND ADDITIONAL
PLAINTIFF**

Filed on Behalf of:  Defendants and Additional
Plaintiff

Counsel of Record for this Party:

Patrick J. Rega
Pa. ID. #16790

Wendy E.D. Smith
Pa. ID. #33219

HERGENROEDER, REGA & SOMMER
650 Smithfield Street
Suite 1700
Pittsburgh, PA  15222
(412) 281–7724

Joseph E. Linehan
Pa. ID. #59983

Gary A. Kern
Pa. ID. #91166

MEYER, UNKOVIC & SCOTT LLP
Firm #199
1300 Oliver Building
Pittsburgh, PA  15222
(412) 456–2800

### NOTICE TO PLEAD

TO THE ABOVE NAMED ADDITIONAL
DEFENDANTS:

You are hereby notified to file a written
response to the enclosed Complaint Joining
Additional Defendants and Additional Plaintiff
within twenty (20) days from service hereof or
a judgment may be entered against you.

    MEYER, UNKOVIC & SCOTT LLP

    By:                         

    Joseph E. Linehan
    Attorneys for Defendants and
    Additional Plaintiff

### JURY TRIAL DEMANDED

506188.1

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| M. DIANE KOKEN,<br><br>        Plaintiff,<br><br>   v.<br><br>RESEARCH UNDERWRITERS, LLC,<br>et al.,<br><br>        Defendants,<br><br>   and<br><br>STEPHEN M. FRIEDBERG,<br><br>        Additional Plaintiff,<br><br>   v.<br><br>MUTUAL HOLDINGS LTD., et al.,<br><br>        Additional<br>        Defendants. | CIVIL ACTION<br><br>No. 70 MD 2004<br><br>**COMPLAINT JOINING<br>ADDITIONAL DEFENDANTS AND<br>ADDITIONAL PLAINTIFF** |

### <u>NOTICE TO DEFEND</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint Joining Additional Defendants and Additional Plaintiff is served, by entering a written appearance personally or by attorney and filing in writing with the Court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claims in the Complaint Joining Additional Defendants and Additional Plaintiff or for any other claims or relief requested by the Defendant and Additional Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

The Commonwealth Court, by Pa.R.A.P. 3709, has designated the following organizations from which legal help can be obtained.

506188.1

Central Pennsylvania Legal Services
213-A North Front Street
Harrisburg, PA 17101
(717) 232–0581

Public Services and Lawyers Referral
Committee
Dauphin County Bar Association
213 North Front Street
Harrisburg, PA 17101
(717) 232–7536

506188.1

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o can un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones alas demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla can todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUY A DIRECCION SE ENCUENTA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

Central Pennsylvania Legal Services
213-A North Front Street
Harrisburg, PA 17101
(717) 232–0581

Public Services and Lawyers Referral
Committee
Dauphin County Bar Association
213 North Front Street
Harrsburg, PA 17101
(717) 232–7536

Pursuant to Pa.R.C.P.401(c), I certify this is a true copy of the verified Complaint Joining Additional Defendants and Additional Plaintiff filed in this action.

Dated: July 16, 2004

MEYER, UNKOVIC & SCOTT LLP

By: _Jos. E. Lee_
      Joseph E. Linehan

Attorneys for Defendants and
Additional Plaintiff

506188.1

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. DIANE KOKEN,

        Plaintiff,

   v.

RESEARCH UNDERWRITERS, LLC,
et al.,

        Defendants,

  and

STEPHEN M. FRIEDBERG,

        Additional Plaintiff,

   v.

MUTUAL HOLDINGS LTD., et al.,

        Additional
        Defendants.

CIVIL ACTION

No. 70 MD 2004

**COMPLAINT JOINING
ADDITIONAL DEFENDANTS AND
ADDITIONAL PLAINTIFF**

## COMPLAINT JOINING ADDITIONAL DEFENDANTS AND ADDITIONAL PLAINTIFF

### Introduction

Financial Associates, Inc. d/b/a Research Underwriters ("FAI") and Stephen

M. Friedberg ("Mr. Friedberg") are forced to seek relief by way of this Complaint

Joining Additional Defendants and Additional Plaintiff in order to remedy the

fraud and breaches of contract perpetrated by Legion Insurance Company (the

entity on whose behalf this action was commenced) and Legion's sister

corporations, all of whom are in the Mutual family of corporations (collectively,

the "Mutual Family"). As a direct and proximate cause of the Mutual Family's

misrepresentations and other wrongful conduct, FAI and Mr. Friedberg have been

denied access to and use of at least $4.7 million which rightfully belongs to them. Legion's relationship with FAI and Mr. Friedberg, as well as the claim arising from that relationship asserted on Legion's behalf in this litigation, are inextricably linked with the multifaceted oral agreement reached among FAI, Mr. Friedberg, and the Mutual Family. It is respectfully submitted, therefore, that in order to do justice among the parties, this Court must consider not only the claim raised on behalf of Legion, but also the claims of FAI and Mr. Friedberg growing from the same transactions and relationships upon which Legion's claims are based. Accordingly, Defendant Financial Associates, Inc., d/b/a Research Underwriters, and Additional Plaintiff Stephen M. Friedberg file the within Complaint Joining Additional Defendants and Additional Plaintiff and in support thereof set forth the following.

## Parties

1.      Defendant Financial Associates, Inc., d/b/a Research Underwriters ("FAI"), is a corporation existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 4240 Greensburg Pike, Pittsburgh, Pennsylvania.

2.      Additional Plaintiff Stephen M. Friedberg ("Mr. Friedberg") is an adult individual residing at 4204 Tamarack Lane, Murrysville, Pennsylvania. Mr. Friedberg was the majority shareholder and president of FAI during all periods

– 2 –

506188.1

relevant to the allegations in this Complaint Joining Additional Defendants and Additional Plaintiff. Mr. Friedberg remains the majority shareholder and president of FAI. Mr. Friedberg provided, and continues to provide, workers' compensation and other insurance programs to various businesses; these businesses are primarily in the transportation industry.

3.     Additional Defendant IPC Mutual Holdings Ltd. ("IPC Mutual Holdings") is a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda. Upon information and belief, IPC Mutual Holdings Ltd. was formerly known as Mutual Holdings Ltd. Upon information and belief, IPC Mutual Holdings Ltd. is the successor in interest to Mutual Holdings Ltd.

4.     Additional Defendant Mutual Holdings Ltd. ("Mutual Holdings") was a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda. Upon information and belief, Mutual Holdings Ltd. is a predecessor in interest to IPC Mutual Holdings. To the extent that Mutual Holdings Ltd. still exists, Mutual Holdings Ltd. is a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda.

506188.1

5.     Additional Defendant Mutual Holdings (Bermuda) Ltd. ("Mutual Holdings Bermuda") is a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda.

6.     Additional Defendants IPC Mutual Holdings, Mutual Holdings, Mutual Holdings Bermuda, and their predecessors and agents will hereinafter be referred to collectively as "Mutual Holdings." Such collective reference does not preclude or limit each entity's individual liability.

7.     Additional Defendant Mutual Indemnity Ltd. ("Mutual Indemnity") is a corporation organized and existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda.

8.     Additional Defendant Mutual Indemnity (Bermuda) Ltd. ("Mutual Indemnity Bermuda") is a corporation organized and existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton, HM HX, Bermuda.

9.     Additional Defendants Mutual Indemnity, Mutual Indemnity Bermuda, and their predecessors and agents will hereinafter be referred to collectively as "Mutual Indemnity." Such collective reference does not preclude or limit each entity's individual liability.

506188.1

10. Additional Defendant Commonwealth Risk Services, Inc. ("Commonwealth Risk") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at One Logan Square, Suite 1500, Philadelphia, PA 19103.

11. Additional Defendants IPC Mutual Holdings, Mutual Holdings, Mutual Holdings Bermuda, (collectively, "Mutual Holdings"), Mutual Indemnity, Mutual Indemnity Bermuda (collectively, "Mutual Indemnity"), Commonwealth Risk, Legion Insurance Company ("Legion," the predecessor in interest to Plaintiff M. Diane Koken), and their predecessors and agents will hereinafter be referred to collectively as the "Mutual Family." Such collective reference does not preclude or limit each entity's individual liability.

### Jurisdiction and Venue

12. Original Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner for the Commonwealth of Pennsylvania and Statutory Liquidator of Legion Insurance Company, brought this action in the original jurisdiction of the Commonwealth Court pursuant to 42 Pa. C.S.A. §§ 761(a)(2) and (a)(3) (relating to actions by an officer of the Commonwealth government and actions arising under the Insurance Department Act of 1921) and 40 P.S. § 221.4(d) (relating to jurisdiction and venue for actions brought under the Insurance Department Act of 1921).

506188.1

13.    Pursuant to Pa. R.A.P. 106 ("Original Jurisdiction Matters") and, <u>inter alia</u>, Pa. R.C.P. 2252(a)(4) ("Right to Join Additional Defendants"), this Court has jurisdiction over the claims of FAI and Mr. Friedberg against the Mutual Family entities because, <u>inter alia</u>, the Mutual Family entities are liable to FAI and Mr. Freidberg on causes of action arising out of the transaction or occurrence upon which M. Diane Koken's cause of action is based.

## Communications between the Parties regarding the Rent-A-Captive Plan

14.    In or about the spring of 1991, representatives of the Mutual Family initiated communication with Mr. Friedberg regarding an insurance risk financing plan developed by the Mutual Family and known as its "Rent-A-Captive Plan." These communications continued throughout 1991, including a meeting in the offices of Commonwealth Risk, which offices were, upon information and belief, utilized generally by the Mutual Family.

15.    Through their various communications, including seminars and marketing materials, representatives of the Mutual Family represented to Mr. Friedberg that the Mutual Family was a corporate group that worked seamlessly together as a single enterprise to provide and administer the Rent-A-Captive Plan.

16.    Upon information and belief, the various corporate entities of the Mutual Family shared common physical offices (including the Philadelphia offices

-6-

506188.1

of Commonwealth Risk and Legion), common officers, common shareholders, and common directors.

17.    Upon information and belief, the various corporate components of the Mutual Family worked as a single enterprise to provide and administer the Rent-A-Captive Plan and, thus, acted as an agents for each other during all periods relevant to the matters at issue in this action.

18.    In the course of meetings and discussions throughout 1991, the Mutual Family represented to Mr. Friedberg that the Mutual Family's Rent-A-Captive Plan functioned as a vehicle for generating investment income and reinsurance underwriting profit ("Program Profits"), which, at the same time, involved no sharing of risk. Specifically, the Mutual Family represented that under the Rent-A-Captive Plan, the underwriting experience of each of the Rent-A-Captive Plan's reinsurance programs would be independent of all other programs in the Plan, and would be based solely on the losses experienced by that particular program.

19.    The Mutual Family further represented that the Rent-A-Captive Plan operated and would continue to operate in the following manner:

a.    With respect to each reinsurance program Mr. Friedberg established in the Plan, he would receive or have made available to him directly, on at least an annual basis, net investment income, with the option to delay

-7-

payment of the net investment income and/or profit, and to apply such funds in satisfaction of premiums for the particular program at issue, or to direct such funds to be held as cash collateral against future losses in that program;

      b.    For each such program, FAI would sell to insureds policies of insurance issued by Legion, which policies would be reinsured by Mutual Indemnity or other reinsurer;

      c.    With respect to each such policy of insurance, FAI would remit to Legion the policy premium paid by the insured;

      d.    Legion would retain a portion of the premium and cede the remainder of the premium to Mutual Indemnity;

      e.    The portion of the premium ceded to Mutual Indemnity would be held and invested separately for the benefit of the particular reinsurance program in question, and such funds would not be exposed, <u>at any level of the Mutual Family,</u> to the losses of any other reinsurance program (including to any other Friedberg reinsurance program, except with Mr. Friedberg's written consent) or to any other obligation, debt, or loss of the Mutual Family; and

      f.    Mr. Friedberg would remain potentially liable, at least in part, for losses experienced by that particular program, notwithstanding any prior distribution of investment or profits with respect to that particular program. The

Mutual Family required Mr. Friedberg to put up cash collateral or an irrevocable letter of credit to secure this potential liability.

20.   In reasonable reliance upon the Mutual Family's representations as described above, Mr. Friedberg and FAI each agreed to participate in the Rent-A-Captive Plan and provided the initial collateral required by the Mutual Family, including Legion, in an amount exceeding $250,000. While the agreements by Mr. Friedberg and FAI with each member of the Mutual Family were subject to all terms described above, Mr. Friedberg advised the members of the Mutual Family that it was particularly important, and the members of the Mutual Family orally agreed that: (1) on no less than an annual basis, net investment income would be made available to Mr. Friedberg; (2) the option would exist for these funds to be used by FAI to pay premiums or to provide cash collateral against future losses; and (3) at no level of the Mutual Family and under no circumstances would the premium funds ceded to Mutual Indemnity and invested separately for the benefit of the particular reinsurance program established by Mr. Friedberg be exposed to the losses of any other reinsurance program, including between and among any other reinsurance programs to be established by Mr. Friedberg, or to any other obligation, debt, or loss of the Mutual Family, without his specific written consent.

21.   In consideration of and in reliance upon the foregoing and pursuant to the oral agreements, Mr. Friedberg and FAI established and/or became involved

506188.1

with several reinsurance programs (hereinafter referred to for convenience of reference only as "the Programs" or "the Friedberg/FAI Programs"), starting in 1992 and continuing until 2002, as described herein.

22.    In consideration of and in reliance upon the foregoing and pursuant to the parties' oral agreements, FAI entered into a brokerage agreement with Legion dated January 1, 1992. This agreement was intended to provide the vehicle for the payment of premiums to Legion, under the terms of the agreed upon Rent-A-Captive Plan, and for the receipt of commissions by FAI, albeit at commission rates significantly less than that typically paid under industry standards, with the intent of building capital for the Rent-A-Captive Plan, consistent with the requirements of the Mutual Family. In addition, FAI forewent a substantial portion of the commissions with the intent of building capital for the Rent-A-Captive Plan, consistent with the requirements of the Mutual Family.

23.    In consideration of and in reliance upon the foregoing and pursuant to the parties' oral agreements, Mr. Friedberg executed various agreements—including, but not limited to, the brokerage agreement which is a subject of the underlying lawsuit.

506188.1

## Operation of the Programs

24.    Initially, each of the Programs appeared to operate as the Mutual Family had represented and agreed that they would.   Specifically, relative to each of the Programs:

a.    FAI sold to an insured or insureds a policy or policies of insurance issued by Legion, and transmitted the premium payments, less FAI's commission, to Legion;

b.    It appeared that Legion retained a portion of these transmitted premium payments (the "Legion Allowance") and ceded the remainder to Mutual Indemnity;

c.    It appeared that Mutual Indemnity held and invested the ceded premium from each of the Programs separate from all other funds for the exclusive benefit of the particular Program at issue; and

d.    It appeared that any Program Profits were made available to Mr. Friedberg on at least an annual basis.

25.    Upon information and belief, however, the Mutual Family never, in fact, segregated the funds related to any of the Programs from the debts, losses, or other obligations of the Mutual Family, programs established by other Rent-A-Captive Plan participants, or other Friedberg/FAI Programs.

506188.1

## The Early Programs and Retained Funds

26.    In the Programs established in the early years of the participation of Mr. Friedberg and FAI in certain aspects of the Mutual Family's "Rent-A-Captive Plan," the Mutual Family was permitted to retain funds otherwise available to Mr. Friedberg and/or for the benefit of FAI, in order to establish adequate collateral and premium reserves for the Programs.  Specifically:

   a.    FAI accepted a commission rate of 3% of the gross written premiums.  This rate was significantly less than the industry standard and was significantly less than the 10% commission rate that FAI received under Programs established in later years.  The Mutual Family was directed to use the funds created by these "Waived Commissions"—which were, in fact, transferred by Legion to Mutual Indemnity as part of the policy premiums—to establish collateral and premium reserves; and

   b.    The Mutual Family was directed to retain a portion of the Program Profits otherwise available to Mr. Friedberg and/or for the benefit of FAI.  As directed, the Mutual Family used these Program Profits (the "Retained Program Profits") to establish adequate collateral and premium reserves and to make premium payments due from FAI.

27.    These "Waived Commissions" and "Retained Program Profits" now total over $2 million.

## The Philadelphia Funds

28.    In addition, Mr. Friedberg directed the Mutual Family to transfer some of the Program Profits to individual investment accounts managed by Mr. Friedberg through his personal broker in Philadelphia.    Although these funds remained nominally titled in the name of Mutual Family entities, it is Mr. Friedberg, through his personal broker, who has had sole control over the disposition of these funds for the last several years.    These "Philadelphia Funds" now total approximately $2.7 million.

## The Mutual Family's Financial Crises

29.    For several years, the various Friedberg/FAI Programs in the Mutual Family's "Rent-A-Captive Plan" appeared to operate in accordance with the Mutual Family's representations and the agreements between Mr. Friedberg, FAI, and the Mutual Family.

30.    This façade of compliant operation ceased, however, at or about the time that various Mutual Family entities began to encounter financial difficulties: Legion became financially distressed and was placed into rehabilitation (and, later, into liquidation); upon information and belief, Mutual Holdings, Mutual Indemnity, and the other Mutual Family entities also became financially distressed at or about the time that Legion became insolvent.  Upon information and belief, Bermuda authorities currently are closely monitoring some or all of the Bermuda-

– 13 –

506188.1

based Mutual Family entities. Upon information and belief, some or all of the
Mutual Family entities are, in fact, insolvent.

31.     It became clear that the Mutual Family was, and had been throughout
the Programs' existence, taking actions inconsistent with their representations and
the agreements between Mr. Friedberg, FAI, and the Mutual Family.

### The Philadelphia Funds and the Temporary Restraining Order

32.     Mr. Friedberg and FAI directed the Mutual Family to use a portion of
the Philadelphia Funds to satisfy FAI's most recent premium obligations to
Legion. The Mutual Family refused to do so, despite the representations and
promises of the Mutual Family that Mr. Friedberg and FAI could put the
Philadelphia Funds to such a use.

33.     Mr. Friedberg and FAI then directed the Mutual Family to transfer the
funds to Mr. Friedberg. The Mutual Family also refused to this, despite the
representations and promises of the Mutual Family that Mr. Friedberg and FAI
would have access to the Philadelphia Funds in such a manner.

34.     Instead, Mutual Holdings and/or Mutual Indemnity attempted to seize
the Philadelphia Funds and convert these funds to their use. Mr. Friedberg was
forced to seek protection for the funds from the United States District Court for the
Eastern District of Pennsylvania. In 2002, that court issued a temporary restraining
order, which remains in place, prohibiting Mutual Holdings or its affiliates from

– 14 –

506188.1

transferring, disbursing, encumbering, or otherwise disposing of the Philadelphia Funds.

### The Retained Funds and the Commutation Agreement

35.    Mr. Friedberg and FAI also recently directed Mutual Holdings and Mutual Indemnity to use a portion of the $2 million in Retained Program Profits to satisfy a demand by Legion for payments from FAI.  This request was consistent with the Mutual Family's representations that Mr. Friedberg and FAI could put the Retained Program Profits to such a use, the agreements between the parties, and the course of conduct established between the parties.   Mutual Holdings and Mutual Indemnity nonetheless refused to do so, claiming that the Mutual Family did not have sufficient funds to pay the Retained Program Profits.   Upon information and belief, there are, in fact, sufficient Retained Program Profits to satisfy this obligation.

36.    Upon information and belief, at or about the same time that Mutual Holdings and Mutual Indemnity claimed that the Mutual Family lacked sufficient funds to make the Retained Program Profits available to Mr. Friedberg and FAI, Mutual Holdings and Mutual Indemnity transferred over $200 million to Legion. Upon information and belief, this transfer was purportedly (1) to satisfy certain obligations that Mutual Family entities owed to Legion, (2) to commute certain reinsurance agreements between Legion and Mutual Indemnity, and (3) to satisfy

any future claims against certain Legion policies, none of which are policies related to any of the Friedberg/FAI Programs. Upon information and belief, Mutual Holdings and Mutual Indemnity thus improperly diverted to Legion some or all of the Retained Program Profits and Waived Commissions.

## Mutual's Misappropriation of the Funds

37.    Upon information and belief, the Mutual Family has wrongly seized and/or retained, or attempted to seize and/or retain, the Retained Program Profits, Waived Commissions, and Philadelphia Funds—funds in which the Mutual Family has no beneficial interest and which are required to be available for the benefit of the Programs and thus ultimately for the benefit of Mr. Friedberg, FAI, and the insureds under the policies issued in connection with those Programs.

38.    Additionally, the Mutual Family has misrepresented financial records in an attempt to disguise the its misappropriation of funds and thereby attempted to defraud Mr. Friedberg and FAI. Prior to the Mutual Family's financial crises, the financial information provided by the Mutual Family to Mr. Friedberg and FAI consistently reflected that the Programs were profitable. After the Mutual Family's financial crisis began, Mutual substantially revised this financial information so that the information reflected losses in various Programs.

39.    In order to assure insurance coverage for the insureds under the Legion policies issued through the Programs, Mr. Friedberg has paid Legion in

506188.1

excess of $800,000, which represents the maximum possible Legion Allowance under the Programs at issue. Such payment was made in good faith and without waiving any right, claim or position.

40.     Upon information and belief, the Mutual Family entities, as a result of their financial straits, have unlawfully and fraudulently misappropriated the Retained Program Profits and Waived Commissions (and attempted to unlawfully and fraudulently misappropriate the Philadelphia Funds) in order to satisfy losses in programs other than the particular Programs to which the Retained Program Profits and Waived Commissions are related; the Mutual Family entities have also used these funds to meet obligations wholly unrelated to any of the Programs.

41.     Upon information and belief, the Mutual Family will use any of the Retained Program Profits and Philadelphia Funds that they acquire to satisfy obligations of the Mutual Family that are distinct and unrelated to any of the Programs.

42.     FAI has thus been wrongfully deprived of (1) its Waived Commissions and any investment income earned on those Waived Commissions, and (2) a contractually agreed-upon method of paying premiums to Legion. FAI has also been forced to incur (1) lost business opportunities and (2) legal fees and related expenses.

506188.1

43.     Mr. Friedberg has thus been wrongfully deprived of, inter alia, (1) his Retained Program Profits and any investment income earned on those Retained Program Profits and (2) the use of the Philadelphia Funds. Mr. Friedberg has also been forced to incur (1) lost business opportunities and (2) legal fees and related expenses.

### COUNT I—Fraud

**Defendant**
**Financial Associates, Inc., d/b/a Research Underwriters**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.**

44.     Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

45.     As alleged herein, the Mutual Family entities made a number of representations of material fact, set forth specifically in Paragraphs 15 through 20, regarding how their "Rent-A Captive Plan" did, and would continue to, operate.

46.     The Mutual Family entities made these statements with the intent that FAI rely thereon.

47.     As has become apparent in the wake of the Mutual Family's financial distress, the Mutual Family entities made these statements while knowing that

506188.1

these statements were false, or, alternately, the Mutual Family made these statements recklessly without regard to their truth or falsity.

48. FAI justifiably relied upon the Mutual Family entities' misrepresentations and has sustained damages as alleged herein as the direct and proximate result of that reliance.

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research Underwriters respectfully requests judgment in its favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemni.y (Bermuda) Ltd., and Commonwealth Risk Services, Inc., for damages, punitive damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

### COUNT II—Fraud

**Additional Plaintiff**
**Stephen M. Friedberg**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings**
**(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,**
**and Commonwealth Risk Services, Inc.**

49. Paragraphs 1 through 48 are incorporated by reference as if fully set forth herein.

506188.1

50.    As alleged herein, the Mutual Family entities made an number of representations of material fact, set forth specifically in Paragraphs 15 through 20, regarding how their "Rent-A-Captive" Plan did, and would continue to, operate.

51.    The Mutual Family entities made these statements with the intent that Mr. Friedberg rely thereon.

52.    As has become apparent in the wake of the Mutual Family's financial distress, the Mutual Family entities made these statements while knowing that these statements were false, or, alternately, the Mutual Family made these statements recklessly without regard to their truth or falsity.

53.    Mr. Friedberg justifiably relied upon the Mutual Family entities' misrepresentations, and has sustained damages as alleged herein as the direct and proximate result of that reliance.

WHEREFORE, Additional Plaintiff Stephen M. Friedberg respectfully requests judgment in his favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc. for damages, punitive damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

506188.1

## COUNT III—Fraudulent Transfer

### Defendant
### Financial Associates, Inc., d/b/a Research Underwriters
### v.
### Additional Defendants
### Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.

54.    Paragraphs 1 through 53 are incorporated by reference as if fully set forth herein.

55.    Upon information and belief, Mutual Family entities transferred funds to Legion, and possibly others, with the actual intent to hinder, delay, or defraud FAI.

56.    Upon information and belief, these Mutual Family entities (1) transferred funds to Legion, and possibly others, without receiving reasonably equivalent value, (2) were engaged in or were about to engage in a transaction or transactions for which the remaining assets of the relevant Mutual Family entities were unreasonably small in relation to the transaction or transactions and/or their business, and/or (3) intended, reasonably believed, or believed that they would incur debts beyond their ability to pay by entering into the transaction or transactions.

57.    Upon information and belief, these Mutual Family entities were insolvent at the time of or became insolvent as a result of (1) incurring an

506188.1

obligation to make a transfer or transfers to Legion and possibly others, and/or (2) making a transfer or transfers to Legion and possibly others.

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research Underwriters respectfully requests judgment in its favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc. for damages, punitive damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

### COUNT IV—Fraudulent Transfer

**Additional Plaintiff**
**Stephen M. Friedberg**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.**

58.    Paragraphs 1 through 57 are incorporated by reference as if fully set forth herein.

59.    Upon information and belief, Mutual Family entities transferred funds to Legion, and possibly others, with the actual intent to hinder, delay, or defraud Mr. Friedberg.

60.    Upon information and belief, these Mutual Family entities (1) transferred funds to Legion, and possibly others, without receiving reasonably

equivalent value, (2) were engaged in or were about to engage in a transaction or transactions for which the remaining assets of the relevant Mutual Family entities were unreasonably small in relation to the transaction or transactions and/or their business, and/or (3) intended, reasonably believed, or believed that they would incur debts beyond their ability to pay by entering into the transaction or transactions.

61.   Upon information and belief, these Mutual Family entities were insolvent at the time of or became insolvent as a result of (1) incurring an obligation to make a transfer or transfers to Legion and possibly others, and/or (2) making a transfer or transfers to Legion and possibly others.

WHEREFORE, Additional Plaintiff Stephen M. Friedberg respectfully requests judgment in his favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc. for damages, punitive damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

506188.1

## COUNT V—Conversion

**Defendant**
**Financial Associates, Inc., d/b/a Research Underwriters**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings
(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,
and Commonwealth Risk Services, Inc.**

62.  Paragraphs 1 through 61 are incorporated by reference as if fully set forth herein.

63.  As alleged herein, Mutual Family entities have intentionally exercised control over funds that FAI and Mr. Friedberg directed the Mutual Family entities to use to pay Legion in satisfaction of any premium obligation of FAI.

64.  This intentional control of these funds by the Mutual Family entities was without the consent of Mr. Friedberg or FAI and was without legal justification.

65.  The Mutual Family is liable to FAI and to Mr. Friedberg for the expenses, losses and damages alleged herein.

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research Underwriters respectfully requests judgment in its favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and

506188.1

Commonwealth Risk Services, Inc. for damages, punitive damages attorneys' fees,

costs, and other such relief as this Court deems appropriate.

### COUNT VI—Conversion

**Additional Plaintiff**
**Stephen M. Friedberg**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings**
**(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,**
**and Commonwealth Risk Services, Inc.**

66.    Paragraphs 1 through 65 are incorporated by reference as if fully set

forth herein.

67.    As alleged herein, Mutual Family entities have intentionally

exercised control over funds that FAI and Mr. Friedberg directed the Mutual

Family entities to use to pay Legion in satisfaction of any premium obligation of

FAI.

68.    This intentional control of these funds by the Mutual Family entities

was without the consent of FAI or Mr. Friedberg and was without legal

justification.

69.    The Mutual Family is liable to FAI and to Mr. Friedberg for the

expenses, losses, and damages alleged herein.

WHEREFORE, Additional Plaintiff Stephen M. Friedberg respectfully

requests judgment in his favor and against Additional Defendants IPC Mutual

506188.1

Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual

Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk

Services, Inc. for damages, punitive damages, attorneys' fees, costs, and other such

relief as this Court deems appropriate.

### COUNT VII—Breach of Oral Contract

**Defendant**
**Financial Associates, Inc., d/b/a Research Underwriters**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings**
**(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,**
**and Commonwealth Risk Services, Inc.**

70.    Paragraphs 1 through 69 are incorporated by reference as if fully set

forth herein.

71.    FAI has performed all conditions precedent necessary for the Mutual

Family entities' performance of their obligations under their oral contracts with

FAI.

72.    As alleged herein, the Mutual Family entities have each breached their

oral contracts with FAI.

73.    As alleged herein, FAI has been damaged as a direct and proximate

result of those breaches.

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research

Underwriters respectfully requests judgment in its favor and against Additional

506188.1

Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc. for damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

### COUNT VIII—Breach of Oral Contract

**Additional Plaintiff**
**Stephen M. Friedberg**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.**

74.    Paragraphs 1 through 73 are incorporated by reference as if fully set forth herein.

75.    Mr. Friedberg has performed all conditions precedent necessary for the Mutual Family entities' performance of their obligations under their oral contracts with Mr. Friedberg.

76.    As alleged herein, the Mutual Family entities have each breached their oral contracts with Mr. Friedberg.

77.    As alleged herein, Mr. Friedberg has been damaged as a direct and proximate result of those breaches.

WHEREFORE, Additional Plaintiff Stephen M. Friedberg respectfully requests judgment in his favor and against Additional Defendants IPC Mutual

-27-

506188.1

Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual

Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk

Services, Inc. for damages, attorneys' fees, costs, and other such relief as this

Court deems appropriate.

## COUNT IX—Promissory Estoppel

**Defendant**
**Financial Associates, Inc., d/b/a Research Underwriters**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings**
**(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,**
**and Commonwealth Risk Services, Inc.**

78.    Paragraphs 1 through 77 are incorporated by reference as if fully set

forth herein.

79.    Throughout the parties' course of dealing, Mutual Family entities

made the promises and representations set forth herein intending that FAI act as

described herein in regard to its participation in the "Rent-A-Captive Plan."

80.    As described herein, FAI has acted in reliance on the promises of the

Mutual Family entities.

81.    Injustice may be avoided only by enforcing the promises and

representations, as set forth herein, of the Mutual Family entities.

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research

Underwriters respectfully requests judgment in its favor and against Additional

506188.1

Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc. for damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

## COUNT X—Promissory Estoppel

**Additional Plaintiff**
**Stephen M. Friedberg**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.**

82.    Paragraphs 1 through 81 are incorporated by reference as if fully set forth herein.

83.    Throughout the parties' course of dealing, Mutual Family entities made the promises and representations set forth herein intending that Mr. Friedberg act as described herein in regard to his participation in the "Rent-A-Captive Plan."

84.    As described herein, Mr. Friedberg has acted in reliance on the promises of the Mutual Family entities.

85.    Injustice may be avoided only by enforcing the promises and representations, as set forth herein, of the Mutual Family entities.

506188.1

WHEREFORE, Additional Plaintiff Stephen M. Friedberg respectfully requests judgment in his favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc. for damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

### COUNT XI—Resulting Trust

**Defendant**
**Financial Associates, Inc., d/b/a Research Underwriters**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.**

86.    Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

87.    As alleged herein, the course of dealing between FAI and the Mutual Family entities indicates that FAI did not intended that any of the Mutual Family entities would have any beneficial interest in the Retained Program Profits, the Waived Commissions, or the Philadelphia Funds.

88.    It is thus manifest that the parties intended that the Mutual Family entities would hold the Retained Program Profits, Waived Commissions, and Philadelphia Funds for the benefit of Mr. Friedberg and FAI.

–30–

506188.1

89.    Accordingly, the imposition of a resulting trust would give proper effect to the intent of the parties.

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research Underwriters respectfully requests judgment in its favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc., in addition to attorneys' fees, costs, and other such relief as this Court deems appropriate.

### COUNT XII—Resulting Trust

**Additional Plaintiff**
**Stephen M. Friedberg**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.**

90.    Paragraphs 1 through 89 are incorporated by reference as if fully set forth herein.

91.    As alleged herein, the course of dealing between Mr. Friedberg and the Mutual Family entities indicates that Mr. Friedberg did not intended that any of the Mutual Family entities would have any beneficial interest in the Retained Program Profits, the Waived Commissions, or the Philadelphia Funds.

506188.1

92.    It is thus manifest that the parties intended that the Mutual Family entities would hold the Retained Program Profits, the Waived Commissions, and the Philadelphia Funds for the benefit of Mr. Friedberg and FAI.

93.    Accordingly, the imposition of a resulting trust would give proper effect to the intentions of the parities.

WHEREFORE, Additional Plaintiff Stephen M. Friedberg respectfully requests judgment in his favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc., in addition to attorneys' fees, costs, and other such relief as this Court deems appropriate.

### COUNT XIII—Breach of Fiduciary Duty

**Defendant
Financial Associates, Inc., d/b/a Research Underwriters
v.
Additional Defendants
Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings
(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,
and Commonwealth Risk Services, Inc.**

94.    Paragraphs 1 through 93 are incorporated by reference as if fully set forth herein.

95.    As alleged herein, the Mutual Family entities held the Waived Commissions, the Retained Program Profits, and the Philadelphia Funds for the

506188.1

benefit of FAI and Mr. Friedberg; the Mutual Family entities had no beneficial interest in these funds.

96.    Consequently, the Mutual Family held these funds as trustees with a duty to manage these funds for the sole benefit of FAI and Mr. Friedberg.

97.    The Mutual Family breached this duty by, inter alia, (1) attempting to seize the Philadelphia Funds; (2) refusing to honor Mr. Friedberg's and FAI's request that the Mutual Family use the Retained Program Profits, Waived Commissions, and Philadelphia Funds to satisfy any premium obligation of FAI; and (3) upon information and belief, transferring all of or a portion of the Waived Commissions and Retained Program Profits to Legion as part of the Commutation Agreement.

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research Underwriters respectfully requests judgment in its favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc. for damages, punitive damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

506188.1

## COUNT XIV—Breach of Fiduciary Duty

**Additional Plaintiff**
**Stephen M. Friedberg**
v.
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings**
**(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,**
**and Commonwealth Risk Services, Inc.**

98.    Paragraphs 1 through 97 are incorporated by reference as if fully set forth herein.

99.    As alleged herein, the Mutual Family entities held the Waived Commissions, the Retained Program Profits, and the Philadelphia Funds for the benefit of FAI and Mr. Friedberg; the Mutual Family entities had no beneficial interest in these funds.

100.    Consequently, the Mutual Family held these funds as trustees with a duty to manage these funds for the sole benefit of FAI and Mr. Friedberg.

101.    The Mutual Family breached this duty by, inter alia, (1) attempting to seize the Philadelphia Funds; (2) refusing to honor Mr. Friedberg's and FAI's request that the Mutual Family use the Retained Program Profits, Waived Commissions, and Philadelphia Funds to satisfy any premium obligation of FAI; and (3) upon information and belief, transferring all of or a portion of the Waived Commissions and Retained Program Profits to Legion as part of the Commutation Agreement.

506188.1

WHEREFORE, Additional Plaintiff Stephen M. Friedberg respectfully requests judgment in his favor and against Additional Defendants IPC Mutual Holdings Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc. for damages, punitive damages, attorneys' fees, costs, and other such relief as this Court deems appropriate.

## COUNT XV—Unjust Enrichment, Restitution, Constructive Trust, and Accounting

**Defendant**
**Financial Associates, Inc., d/b/a Research Underwriters**
**and**
**Additional Plaintiff**
**Stephen M. Friedberg**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.**

102. Paragraphs 1 through 101 are incorporated by reference as if fully set forth herein.

103. As described herein, Mutual Family entities have been unjustly enriched by their wrongful transfer and/or retention of the Retained Program Profits and Waived Commissions.

506188.1

104. As described herein, Mutual Family entities have attempted to unjustly enrich themselves by wrongfully transferring and/or retaining the Philadelphia Funds.

105. It would be inequitable and unjust to permit the Mutual Family entities to retain the benefits conferred upon them as a result of their actions described herein, including their receipt and/or retention of the Retained Program Profits and Waived Commissions, as none of the Mutual Family entities has any beneficial interest in, or any other right to, these funds.

106. As a result of this unjust enrichment of the Mutual Family entities, these entities hold a portion of the funds over which they retain control, including the Retained Program Profits and Waived Commissions, as constructive trustees for Mr. Friedberg and/or FAI.

107. Additionally, an accounting will reveal that FAI and Mr. Friedberg have been damaged as alleged herein.

WHEREFORE, Defendant FAI and Additional Plaintiff Stephen M. Friedberg respectfully request that this Court:

a.      Declare that the portion of the Retained Program Profits, Waived Commissions, and Philadelphia Funds wrongfully held by the Mutual Family entities are held in constructive trust for the benefit of FAI and/or Mr. Friedberg;

506188.1

b.     Declare that the portion of the Retained Program Profits, Waived Commissions, and Philadelphia Funds wrongfully held by the Mutual Family entities shall be immediately transferred to FAI and/or Mr. Friedberg;

c.     Order a complete accounting of the insurance programs established by FAI and Mr. Friedberg in the Mutual Family's "Rent-A-Captive Plan";

d.     Order a complete accounting of the Commutation Agreement between Mutual Indemnity and/or Mutual Indemnity (Bermuda) and Legion, including without limitation the transfer of any Retained Program Profits to Legion;

e.     Order a complete accounting of the Retained Program Profits and Waived Commissions generated by the insurance programs established by FAI and Mr. Friedberg in the Mutual Family's "Rent-A-Captive Plan" and any transfer or retention of such funds by the Mutual Family entities;

f.     Order a complete accounting of the Philadelphia Funds and any transfer or retention of such funds by the Mutual Family entities;

g.     Require that the Mutual Family entities produce and provide complete access to all records, files, and accounts related to the Friedberg/FAI Programs and the transfer or other disposition of funds, including the Philadelphia Funds, related to those Programs;

h.     Grant such other relief as this Court in the exercise of its equitable powers deems to be proper.

<u>COUNT XVII—Money Had and Received</u>

**Defendant
Financial Associates, Inc., d/b/a Research Underwriters
and
Additional Plaintiff
Stephen M. Friedberg
v.
Additional Defendants
Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings
(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,
and Commonwealth Risk Services, Inc.**

108.   Paragraphs 1 through 107 are incorporated by reference as if fully set forth herein.

109.   As alleged herein, Mutual Family entities have wrongfully diverted the Retained Program Profits and Waived Commissions, which Mr. Friedberg and FAI directed Mutual Family entities to transfer to Legion in satisfaction of FAI's policy obligations, to satisfy obligations of the Mutual Family entities that are unrelated to any Friedberg/FAI Programs.

110.   Upon information and belief, no transferee of these funds has given valuable consideration in exchange for receipt of these funds.

111.   The Mutual Family entities are liable to FAI for the full amount of the Retained Program Profits and Waived Commissions which were, as alleged herein, wrongfully transferred.

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research Underwriters and Additional Plaintiff Stephen M. Friedberg respectfully request

judgment in their favor and against Additional Defendants IPC Mutual Holdings
Ltd., Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity
Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc.,
in addition to attorneys' fees, costs, and other such relief as this Court deems
appropriate.

## COUNT XIX—Injunctive Relief

**Defendant**
**Financial Associates, Inc., d/b/a Research Underwriters**
**and**
**Additional Plaintiff**
**Stephen M. Friedberg**
**v.**
**Additional Defendants**
**Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings**
**(Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd.,**
**and Commonwealth Risk Services, Inc.**

112.   Paragraphs 1 through 111 are incorporated by reference as if fully set
forth herein.

113.   In the alternative, and based upon the foregoing, FAI and Mr.
Friedberg have a clear right to the injunctive relief sought immediately below, and
such relief is necessary to prevent a legal wrong for which there is no adequate
redress at law because the Mutual Family has indicated that it will remove any
funds it can acquire to Bermuda and because the Mutual Family is, upon
information and belief, insolvent.

506188.1

WHEREFORE, Defendant Financial Associates, Inc., d/b/a Research Underwriters and Additional Plaintiff Stephen M. Friedberg respectfully request that this Court grant relief as follows:

a.    Injunctive relief requiring all Mutual Family entities to provide proper credit to FAI and Mr. Friedberg for all premium and commission amounts owing, if any, to Legion;

b.    Injunctive relief prohibiting all members of the Mutual Family from transferring, negotiating, pledging, or encumbering in any way the Retained Program Profits, and requiring all members of the Mutual Family to hold such funds to the credit of FAI or Mr. Friedberg, subject to the return of excess funds to Mr. Friedberg or FAI;

c.    Without limiting the generality of the foregoing, injunctive relief prohibiting the Mutual Family from entering into any contract, agreement, understanding, or obligation of any type or nature whatsoever which would have the effect of commuting, waiving, or otherwise releasing, in whole or in part, any policies, contracts, agreements, or any obligations of any type whatsoever of Mutual Indemnity, Mutual Holdings or any affiliated entity relative to any of the programs comprising the Friedberg/FAI Programs, including without limitation any reinsurance treaty, policy, contract, agreement, or any obligation of any type whatsoever in regard to reinsurance;

506188.1

d.      Without limiting the generality of the foregoing, injunctive relief prohibiting the Mutual Family from satisfying its claims for allegedly outstanding commissions or premiums, if any, or for any other amounts, from the $2.7 million in Philadelphia Funds; and

e.      All such relief that the Court deems just and proper, together with costs of suit, including reasonable attorneys' fees and costs.

Respectfully submitted,

HERGENROEDER, REGA & SOMMER

By: _____
        Patrick J. Rega
        Wendy E. D. Smith

MEYER, UNKOVIC & SCOTT LLP

By: _____
        Joseph E. Linehan
        Gary A. Kern

ATTORNEYS FOR DEFENDANTS AND ADDITIONAL PLAINTIFF

– 41 –

503668.1

## VERIFICATION

I, Stephen M. Friedberg, state that I am President of Financial Associates, Inc., and

that I have read the foregoing Complaint Joining Additional Defendants and

Additional Plaintiff and verify that the averments made are true and correct of my

own knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa.C.S.A. 4904,

relating to unsworn falsification to authorities.

Stephen M. Friedberg, President of
Financial Associates, Inc.

506188.1

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving, via first class mail, the foregoing document

upon the persons indicated below, which service satisfies the requirements of Pa.R.A.P.

121(c):

> William G. Frey, Esquire
> Wolf, Block, Schorr and Solis-Cohen LLP
> 1650 Arch Street, 22d Floor
> Philadelphia, PA  19103–2097
> (Counsel for M. Diane Koken, Insurance Commissioner
> of the Commonwealth of Pennsylvania and Statutory
> Liquidator of Legion Insurance Company)
> and

Mutual Holdings Ltd.                 Mutual Indemnity Ltd.
Barclays International Building       Barclays International Building
44 Church Street                     44 Church Street
Hamilton HM HX, Bermuda              Hamilton HM HX, Bermuda

IPC Mutual Holdings Ltd.             Mutual Indemnity (Bermuda) Ltd.
Barclays International Building       Barclays International Building
44 Church Street                     44 Church Street
Hamilton HM HX, Bermuda              Hamilton HM HX, Bermuda

Mutual Holdings (Bermuda) Ltd.       Commonwealth Risk Services, Inc.
Barclays International Building       One Logan Square, Suite 1500
44 Church Street                     Philadelphia, PA  19103
Hamilton HM HX, Bermuda

Date: July 16, 2004                  By: _____
                                         Joseph E. Linehan
                                         Pa. ID. #59983
                                         Meyer, Unkovic & Scott LLP
                                         1300 Oliver Building
                                         Pittsburgh, PA 15222
                                         (412) 456–2800
                                         Attorneys for Defendant Financial
                                         Associates, Inc., d/b/a Research
                                         Underwriters and Additional Plaintiff
                                         Stephen M. Friedberg

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| M. DIANE KOKEN, acting in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania and Statutory Liquidator of Legion Insurance Company, | CIVIL ACTION<br><br>No. 70 MD 2004 |
| Plaintiff, | **PETITION FOR SPECIAL EMERGENCY INJUNCTION AND PRELIMINARY INJUNCTION** |
| v. | |
| RESEARCH UNDERWRITERS, LLC, and FINANCIAL ASSOCIATES, INC., d/b/a RESEARCH UNDERWRITERS, | Filed on Behalf of:  Defendant Financial Associates, Inc. and Additional Plaintiff Stephen M. Friedberg |
| Defendants, | |
| and | Counsel of Record for this Party: |
| STEPHEN M. FRIEDBERG, | Patrick J. Rega |
| Additional Plaintiff, | Pa. ID. #16790 |
| v. | Wendy E.D. Smith<br>Pa. ID. #33219 |
| MUTUAL HOLDINGS LTD., IPC MUTUAL HOLDINGS LTD., MUTUAL HOLDINGS (BERMUDA) LTD., MUTUAL INDEMNITY LTD., MUTUAL INDEMNITY (BERMUDA) LTD., and COMMONWEALTH RISK SERVICES, INC., | HERGENROEDER, REGA & SOMMER<br>650 Smithfield Street<br>Suite 1700<br>Pittsburgh, PA  15222<br>(412) 281–7724 |
| Additional Defendants. | Joseph E. Linehan<br>Pa. ID. #59983 |
| | Gary A. Kern<br>Pa. ID. #91166 |
| **JURY TRIAL DEMANDED** | MEYER, UNKOVIC & SCOTT LLP<br>Firm #199<br>1300 Oliver Building<br>Pittsburgh, PA  15222<br>(412) 456–2800 |

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. DIANE KOKEN,

              Plaintiff,

     v.

RESEARCH UNDERWRITERS, LLC, et al.,

              Defendants,

   and

STEPHEN M. FRIEDBERG,

              Additional Plaintiff,

     v.

MUTUAL HOLDINGS LTD., et al.,

              Additional Defendants.

CIVIL ACTION

No. 70 MD 2004

**PETITION FOR SPECIAL EMERGENCY INJUNCTION AND PRELIMINARY INJUNCTION**

## PETITION
## FOR SPECIAL EMERGENCY INJUNCTION AND PRELIMINARY INJUNCTION

Defendant Financial Associates, Inc., d/b/a Research Underwriters, and Additional Plaintiff Stephen M. Friedberg file the within Petition for Special Emergency Injunction and Preliminary Injunction and aver the following:

### Parties

1.     Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner for the Commonwealth of Pennsylvania, is the Statutory Liquidator of Legion Insurance Company ("Legion") pursuant to the Pennsylvania Insurance Department Act and the Order of the Commonwealth Court dated July 25, 2003.

-1-

2.     Defendant Research Underwriters, LLC ("RU") is a corporation existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 4240 Greensburg Pike, Pittsburgh, Pennsylvania.

3.     Defendant Financial Associates, Inc., d/b/a Research Underwriters, ("FAI") is a corporation existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 4240 Greensburg Pike, Pittsburgh, Pennsylvania.

4.     Additional Plaintiff Stephen M. Friedberg ("Mr. Friedberg") is an adult individual residing at 4204 Tamarack Lane, Murrysville, Pennsylvania.

5.     Additional Defendant IPC Mutual Holdings Ltd. ("IPC Mutual Holdings") is a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda.  Upon information and belief, IPC Mutual Holdings Ltd. was formerly known as Mutual Holdings Ltd.  Upon information and belief, IPC Mutual Holdings Ltd. is the successor in interest to Mutual Holdings Ltd.

6.     Additional Defendant Mutual Holdings Ltd. ("Mutual Holdings") was a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda.  Upon information and belief, Mutual Holdings Ltd. is a predecessor in interest to IPC Mutual Holdings.  To the extent that Mutual Holdings Ltd. still exists, Mutual Holdings Ltd. is a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda.

7.    Additional Defendant Mutual Holdings (Bermuda) Ltd. ("Mutual Holdings Bermuda") is a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda.

8.    Additional Defendants IPC Mutual Holdings Ltd. ("IPC Mutual Holdings"), Mutual Holdings Ltd. ("Mutual Holdings"), Mutual Holdings (Bermuda) Ltd. ("Mutual Holdings Bermuda"), and their predecessors and agents will hereinafter be referred to collectively as "Mutual Holdings." Such collective reference does not preclude or limit each entity's individual liability.

9.    Additional Defendant Mutual Indemnity Ltd. ("Mutual Indemnity") is a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton HM HX, Bermuda.

10.    Additional Defendant Mutual Indemnity (Bermuda) Ltd. ("Mutual Indemnity Bermuda") is a corporation existing under the laws of the Islands of Bermuda with its principal place of business at 44 Church Street, Hamilton, HM HX, Bermuda.

11.    Additional Defendants Mutual Indemnity Ltd. ("Mutual Indemnity"), Mutual Indemnity (Bermuda) Ltd. ("Mutual Indemnity Bermuda"), and their predecessors and agents will hereinafter be referred to collectively as "Mutual Indemnity." Such collective reference does not preclude or limit each entity's individual liability.

12.    Commonwealth Risk Services, Inc. ("Commonwealth Risk") is a corporation existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at One Logan Square, Suite 1500, Philadelphia, PA 19103.

13.    Additional Defendants IPC Mutual Holdings Ltd. ("IPC Mutual Holdings"), Mutual Holdings Ltd. ("Mutual Holdings"), Mutual Holdings (Bermuda) Ltd. ("Mutual Holdings Bermuda"), (collectively, "Mutual Holdings"), Mutual Indemnity Ltd. ("Mutual Indemnity"), Mutual Indemnity (Bermuda) Ltd. ("Mutual Indemnity Bermuda"), (collectively, "Mutual Indemnity"), Commonwealth Risk Services, Inc. ("Commonwealth Risk"), and Plaintiff Legion Insurance Company ("Legion") and their predecessors and agents will hereinafter be referred to collectively as the "Mutual Family." Such collective reference does not preclude or limit each entity's individual liability.

### Jurisdiction and Venue

14.    Original Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner for the Commonwealth of Pennsylvania and Statutory Liquidator of Legion Insurance Company, brought this action in the original jurisdiction of the Commonwealth Court pursuant to 42 Pa. C.S.A. §§ 761(a)(2) and (a)(3) and 40 P.S. § 221.4(d).

15.    Pursuant to Pa. R.A.P. 106 and, inter alia, Pa. R.C.P. 2252(a)(4), this Court has jurisdiction over the claims of FAI and Mr. Friedberg against the Mutual Family entities because, inter alia, the Mutual Family entities are liable to FAI and Mr. Freidberg on causes of action arising out of the transaction or occurrence upon which M. Diane Koken's cause of action is based.

### Factual Background

16.    Defendant FAI and Additional Plaintiff Mr. Friedberg incorporate by reference the Answer, New Matter, and Counterclaim (the "Answer") filed by Defendants FAI and RU in the present matter and the Complaint Joining Additional Defendants and Additional Plaintiff (the

"Complaint to Join") filed by Defendant FAI and Additional Plaintiff Mr. Friedberg in the present matter.

17.     As set forth more fully in the Answer and in the Complaint to Join, Mr. Friedberg, FAI, and the Mutual Family are parties to an agreement regarding participation by Mr. Friedberg and FAI in a "Rent-a-Captive" insurance plan (the "Plan") established and maintained by the Mutual Family.

18.     The Mutual Family has breached the agreement between Mr. Friedberg, FAI, and the Mutual Family.

19.     As a result of the Mutual Family's breach, the Mutual Family owes at least $4.7 million to Mr. Friedberg and FAI.

20.     Approximately $2.7 million of that $4.7 million is held, at Mr. Freidberg's sole direction (although titled in Mutual's name), with Mr. Friedberg's personal broker in Philadelphia ("the Philadelphia Funds"). As more fully alleged below, as well as in the Answer and the Complaint to Join, the Mutual Family wrongfully attempted to seize the Philadelphia Funds in 2002.

21.     Approximately $2 million of that $4.7 million consists of investment income, underwriting profits, and deferred commissions (referred to as "Retained Program Profits" in the Answer and Complaint to Join) that rightfully belong to Mr. Friedberg and FAI but are held by the Mutual Family; the Mutual Family has wrongfully refused to release these Retained Program Profits to Mr. Friedberg and FAI.

22.     In their Complaint to Join, Mr. Friedberg and FAI seek recovery from the Mutual Family of the amount of not less than $4.7 million.

23.     Legion is financially distressed and has been placed into liquidation.   Upon information and belief, the other Mutual Family entities are also financially distressed.   Upon information and belief, Bermuda authorities currently are closely monitoring some or all of the Bermuda-based Mutual Family entities.   Upon information and belief, some or all of the Mutual Family entities are, in fact, insolvent.

24.     Unless the Philadelphia Funds and Retained Program Profits are protected from dissipation by an injunction from this Court, the Mutual Family—given their financial situation—will dissipate these funds, which rightfully belong to Mr. Friedberg and FAI.

### The Philadelphia Funds

25.     In 2002, the Mutual Family attempted to seize the Philadelphia Funds.

26.     In response to the Mutual Family's attempt to seize the Philadelphia Funds, Mr. Friedberg was forced to seek—and successfully obtained—a Temporary Retraining Order in the Federal District Court for the Eastern District of Pennsylvania in Philadelphia (the "District Court TRO"). The District Court TRO has remained in place since May 30, 2002. However, at the insistence of the Mutual family, that court is considering whether to dismiss the case on jurisdictional grounds.   The district court has suggested that Mr. Friedberg seek the necessary injunction in a court with proper jurisdiction.

27.     Upon information and belief, if the District Court TRO is dissolved, the Mutual Family will immediately again attempt to seize the Philadelphia Funds.

28.     Given the Mutual Family's dire financial straits, any funds that the Mutual Family is able to obtain—including the Philadelphia Funds—will immediately be dissipated by the Mutual Family.

### The Commutation Agreement

29.    As a part of the financial web linking the Mutual Family entities to one another, Mutual Indemnity acted as a reinsurer for Legion.

30.    Upon information and belief, Mutual Holdings and Mutual Indemnity transferred over $200 million to Legion to (1) satisfy certain obligations that Mutual Family entities owed to Legion, (2) commute certain reinsurance agreements between Legion and Mutual Indemnity, and (3) satisfy any future claims against certain Legion policies.

31.    Upon information and belief, the Mutual Family is considering making an additional transfer to Legion for the same purposes.

32.    Given the Mutual Family's dire financial straits, any such transfer would likely dissipate the Retained Program Profits that are currently due and owing to Mr. Freidberg and FAI.

### Defendant's and Additional Plaintiff's
### Request for Special Emergency Injunctive Relief pending a Hearing and
### Preliminary Injunctive Relief following that Hearing

33.    Court personnel have advised counsel for Defendants and Additional Plaintiff that a hearing on Defendants' and Additional Plaintiff's petition for a preliminary injunction may not be scheduled immediately.  Accordingly, Defendants and Additional Plaintiff petition this Court for a special emergency injunction pending a hearing on their request for a preliminary injunction.  Defendants and Additional Plaintiff request this special emergency injunction to avoid immediate and irreparable harm as described herein.

34.    The Court's granting of <u>both</u> immediate special emergency injunctive relief pending a hearing on this matter <u>and</u> preliminary injunctive relief is necessary to prevent immediate and irreparable harm including harm which is based upon the following circumstances:

    a.    various Mutual Family members are insolvent;

    b.    various Mutual Family members have already attempted to seize a portion of the funds at issue;

    c.    upon information and belief, the Mutual Family will again attempt to seize the funds at issue if the District Court TRO is dissolved and/or if Mutual reaches another commutation agreement with Legion;

    d.    upon information and belief, if the Mutual Family acquires any of the funds at issue, those funds will be irretrievably lost to Mr. Friedberg and FAI, leaving them without a remedy for the causes of action asserted in their Answer and Complaint to Join; and

    e.    such other immediate and irreparable harm as is apparent on the record before the Court at any time.

35.    As the incorporated pleadings make apparent, FAI and Mr. Friedberg have a clear right to the relief sought in this petition.

36.    FAI and Mr. Friedberg have no adequate remedy at law.

37.    Greater injury will result from refusing this request for a special emergency injunction and preliminary injunction than in granting it.

38.   Granting of the relief requested by FAI and Mr. Friedberg at this time maintains the status quo between the parties.

39.   The conduct of Additional Defendants is actionable and preliminary injunctive relief is well suited to abate the threatened conduct.

40.   FAI and Mr. Friedberg further request that, in addition to granting a special emergency preliminary injunction, this matter be set for a hearing on their request for preliminary injunctive relief.

WHEREFORE, Defendant FINANCIAL ASSOCIATES, INC., d/b/a RESEARCH UNDERWRITERS, and Additional Plaintiff STEPHEN M. FRIEDBERG respectfully request that this Court enter an Order granting a special emergency injunction and a preliminary injunction in their favor and against Plaintiff M. DIANE KOKEN, acting in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania and Statutory Liquidator of Legion Insurance Company, and Additional Defendants MUTUAL HOLDINGS LTD., IPC MUTUAL HOLDINGS LTD., MUTUAL HOLDINGS (BERMUDA) LTD., MUTUAL INDEMNITY LTD., MUTUAL INDEMNITY (BERMUDA) LTD., and COMMONWEALTH RISK SERVICES, INC., enjoining all of the parties from taking any action (including, but not limited to, wasting, transferring, selling, concealing, disbursing, assigning, encumbering, or otherwise disposing of the funds) inconsistent with Additional Plaintiff STEPHEN M. FRIEDBERG's ownership of the Philadelphia Funds, as well as attorneys' fees, costs and such other relief as the Court deems appropriate.

Defendant FINANCIAL ASSOCIATES, INC., d/b/a RESEARCH UNDERWRITERS, and Additional Plaintiff STEPHEN M. FRIEDBERG additionally request that this Court enter an

-9-

Order granting a special emergency injunction and a preliminary injunction in their favor and against Plaintiff M. DIANE KOKEN, acting in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania and Statutory Liquidator of Legion Insurance Company, and Additional Defendants MUTUAL HOLDINGS LTD., IPC MUTUAL HOLDINGS LTD., MUTUAL HOLDINGS (BERMUDA) LTD., MUTUAL INDEMNITY LTD., MUTUAL INDEMNITY (BERMUDA) LTD., and COMMONWEALTH RISK SERVICES, INC., enjoining all of the parties from taking any action (including, but not limited to, wasting, transferring, selling, concealing, disbursing, assigning, encumbering, or otherwise disposing of the funds) inconsistent with Additional Plaintiff STEPHEN M. FRIEDBERG's ownership of the Retained Program Profits, as well as attorneys' fees, costs and such other relief as the Court deems appropriate.

497372.1

Respectfully submitted,

HERGENROEDER, REGA & SOMMER

By: _____
Patrick J. Rega
Wendy E. D. Smith

MEYER, UNKOVIC & SCOTT LLP

By: _____
Joseph E. Linehan
Gary A. Kern

ATTORNEYS    FOR    DEFENDANTS    AND
ADDITIONAL PLAINTIFF

497372.1

## VERIFICATION

I, Stephen M. Friedberg, in addition to being a party to this action in an individual capacity, state that I am the President of Financial Associates, Inc., and that I have read the foregoing Petition and verify that the averments made are true and correct to my own knowledge, except as to those things stated as upon information and belief, and, as to those statements, I believe them to be true.

This statement is made subject to the penalties of 18 Pa.C.S.A. 4904, relating to unsworn falsification to authorities.

Stephen M. Friedberg

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| M. DIANE KOKEN,<br><br>           Plaintiff,<br><br>   v.<br><br>RESEARCH UNDERWRITERS, LLC, <u>et al.</u>,<br><br>          Defendants,<br><br>  and<br><br>STEPHEN M. FRIEDBERG,<br><br>         Additional Plaintiff,<br><br>   v.<br><br>MUTUAL HOLDINGS LTD., <u>et al.</u>,<br><br>        Additional Defendants. | CIVIL ACTION<br><br>No. 70 MD 2004<br><br>**PETITION FOR SPECIAL EMERGENCY INJUNCTION AND PRELIMINARY INJUNCTION** |

## <u>ORDER OF COURT</u>

AND NOW, to wit, this ____ day of _____, 2004, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's and Additional Plaintiffs' Petition for Special Emergency Injunction is GRANTED. IT IS FURTHER ORDERED that Plaintiff M. Diane Koken, acting in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania and statutory liquidator of Legion Insurance Company, and Additional Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc., are enjoined from taking any action inconsistent with Additional Plaintiff Stephen M. Friedberg's ownership of the Philadelphia Funds. Such inconsistent actions include, but are not limited to, wasting, transferring, selling, concealing, disbursing, assigning, encumbering, or otherwise disposing of the funds.

IT IS FURTHER ORDERED that Plaintiff M. Diane Koken, acting in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania and Statutory

Liquidator of Legion Insurance Company, and Additional Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd., and Commonwealth Risk Services, Inc., are enjoined from taking any action inconsistent with Additional Plaintiff Stephen M. Friedberg's ownership of the "Retained Program Profits." Such inconsistent actions include, but are not limited to, wasting, transferring, selling, concealing, disbursing, assigning, encumbering, or otherwise disposing of the funds.

IT IS FURTHER ORDERED that Defendant and Additional Plaintiffs shall file a bond in the amount of $_____.

IT IS FURTHER ORDERED that this matter is scheduled for a hearing on preliminary injunctive relief for _____, 2004 at _____ __.M. before the then-presiding Motions Judge.

BY THE COURT:

_____, J.

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving, via first class mail, the foregoing document upon the

persons indicated below, which service satisfies the requirements of Pa.R.A.P. 121(c):

William G. Frey, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22d Floor
Philadelphia, PA  19103–2097
(Counsel for M. Diane Koken, Insurance Commissioner of the
Commonwealth of Pennsylvania and Statutory Liquidator of
Legion Insurance Company)

and

Mutual Holdings Ltd.
Barclays International Building
44 Church Street
Hamilton HM HX, Bermuda

IPC Mutual Holdings Ltd.
Barclays International Building
44 Church Street
Hamilton HM HX, Bermuda

Mutual Holdings (Bermuda) Ltd.
Barclays International Building
44 Church Street
Hamilton HM HX, Bermuda

Mutual Indemnity Ltd.
(441) 295–5688
Barclays International Building
44 Church Street
Hamilton HM HX, Bermuda

Mutual Indemnity (Bermuda) Ltd.
Barclays International Building
44 Church Street
Hamilton HM HX, Bermuda

Commonwealth Risk Services, Inc.
(215) 963–1600
One Logan Square, Suite 1500
Philadelphia, PA  19103

Date:  August 19, 2004

By:    _Jor. E. Lue_

Joseph E. Linehan
Pa. ID. #59983
Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222
(412) 456–2800
Attorneys for Defendants Research
Associates, LLC and Financial
Associates, Inc., d/b/a Research
Underwriters and Additional Plaintiff
Stephen M. Friedberg