IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN M. FRIEDBERG : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | No. 02-3193 |
| : | |
| MUTUAL HOLDINGS, LTD., IPC MUTUAL : | |
| HOLDINGS, LTD., MUTUAL HOLDINGS : | |
| (BERMUDA), LTD., MUTUAL INDEMNITY, LTD., : | |
| MUTUAL INDEMNITY (BERMUDA), LTD., and : | |
| MORGAN STANLEY, : | |
|     Defendants. : | |

**MEMORANDUM AND ORDER**

YOHN, J.                                                                                                                          May _____, 2005

      Plaintiff Stephen Friedberg brings this suit against defendants Mutual Holdings, Ltd., IPC Mutual Holdings, Ltd., Mutual Holdings (Bermuda), Ltd., Mutual Indemnity, Ltd., Mutual Indemnity (Bermuda), Ltd. (collectively, "Mutual defendants"), and Morgan Stanley seeking equitable relief[1] to recover monies held in a Morgan Stanley account in Mutual's name. Presently before the court is Mutual defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2,3] They argue that Bermuda is the proper forum for

---

[1]Friedberg alleges unjust enrichment and seeks a constructive or resulting trust, or an express trust. (Compl. at ¶ 25-30 & 36-41).

[2]The Third Circuit has held that "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause." *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001); *see also* Part. II.A.

[3]Friedberg contends that Mutual defendants have essentially attempted to convert their motion into a motion for summary judgment under Federal Rule of Civil Procedure 56 because they have submitted various exhibits to challenge the allegations in Friedberg's complaint. When a "court considers evidence beyond the complaint in deciding a Rule 12(b)(6) motion, it is converted to a motion for summary judgement." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 2000) (citing Fed. R. Civ. P. 12©))). Here, I will decline to consider any extraneous

this litigation pursuant to a contractual forum selection clause. For the reasons that follow, I will deny the motion.

## I.    BACKGROUND[4]

Plaintiff Friedberg is the successor to and the sole remaining shareholder under three shareholder agreements relating to the creation of captive insurance arrangements between Mutual defendants and Friedberg or his predecessors. (Compl. at ¶ 10.) These agreements provide for the purchase by Friedberg's predecessor of a single share of Mutual defendants preferred non-voting stock, which entitles the shareholder of record to receive an annual divided determined by a formula set forth the individual agreements. (*Id*. at ¶ 11–12.) Under the agreements, the shareholder may directly receive the dividend or leave the dividend with Mutual defendants to be invested with other capital for the shareholder's benefit. (*Id*. at ¶ 12.) The shareholder agreements also include a forum selection clause, which dictates that "any dispute concerning [the agreements] shall be resolved exclusively by the courts of Bermuda." (Ex. A to Compl. at 4.)

Initially, Friedberg elected not to redeem his dividends and permitted Mutual to hold these monies for his benefit. (Compl. at ¶ 15.) Then, in 1996, pursuant to an oral agreement

---

evidence submitted by the parties and I will treat the motion as a motion to dismiss under Rule 12(b)(6).

[4]The foregoing factual account accepts all allegations in the complaint as true. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

between Friedberg and Mutual,[5] Friedberg directed Mutual to transfer some of the money that was declared as dividends to various accounts that are now deposited with defendant Morgan Stanley.[6] (*Id*. at ¶ 13.) At the time of the complaint, there was approximately $2.7 million dollars in these accounts. (*Id*. at ¶ 18.) Mutual defendants continue to hold nominal title to these funds. Nonetheless, according to Friedberg, at the time of the transfer, legal and equitable title to these monies passed from Mutual to Friedberg (Compl. at ¶ 16) and he is the "owner or, alternatively, the beneficial or equitable owner of the monies." (*Id*. at ¶ 17 & 19). Friedberg also alleges that he directs the "investment" of these monies (*id*. at ¶ 20) to the exclusion of all others. (*Id*. at ¶ 21).

On May 15, 2002, a Morgan Stanley stockbroker informed Friedberg that Mutual had requested that he transfer $200,000 from the Morgan Stanley account to a Bermuda bank account. (*Id*. at ¶ 24.) On May 23, 2002, after learning about Mutual's request, Friedberg filed suit in this court seeking a temporary restraining order ("TRO") and a preliminary injunction to enjoin Mutual from disposing of the money held by Morgan Stanley. I granted the TRO after conference on May 29, 2002 and scheduled a further conference on June 7, 2002 at which the

---

[5]In the complaint, Friedberg says nothing about a separate agreement that governs these funds. However, in his complaint he alleges that the funds are held in a constructive or resulting trust (Compl. at ¶ 25-30) or, alternatively, they are held in an express trust. (*Id*. at ¶ 36-41). Moreover, at oral argument Friedberg's counsel alleged that the money was governed by a "simple entrusting without a written contract." (N.T. Hearing, Apr. 21, 2005, at 11.) For the purposes of this motion, I must accept Friedberg's counsel's statements at oral argument as true. *See Ketterman City of New York*, No. 00-1678, 2001 U.S. Dist. LEXIS 6979, at *14–*15 (S.D.N.Y. May 29, 2001) ("We also accept as true the additional facts proffered by plaintiff's counsel at oral argument as if they had been incorporated into the amended complaint.")

[6]According to the complaint, the funds were originally deposited with Prudential. Later, the money was transferred to Dean Witter, and then to Morgan Stanley. (Compl. at ¶ 17.)

parties agreed to extend the TRO. It is still in effect by agreement of counsel.

On November 12, 2002, Mutual defendants filed the instant motion to dismiss. They argue that the case should be dismissed because the exclusive forum selection clause in the shareholder agreements dictate that this litigation take place in Bermuda. On March 6, 2003, I dismissed the motion for administrative purposes, but without prejudice to the right of any party to reinstate the motion. The matter was held in abeyance pending an amicable resolution by the parties, which has not occurred. By letter dated April 22, 2004, Mutual defendants requested reinstatement of their motion, and simultaneously filed a notice of supplemental authority. At the direction of the court, Friedberg filed another brief in opposition to Mutual defendants' motion to dismiss, essentially reiterating the arguments that he made in his prior opposition brief. Oral argument on the motion was held on April 21, 2005 and the matter is now ripe for disposition.

**II.     STANDARD OF REVIEW**

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pled allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Colburn v. Upper Darby Township*, 838 F.2d 663, 665–66 (3d Cir. 1988) (citations omitted). Although the court must construe the complaint in the light most favorable to the plaintiff, it need not accept as true legal conclusions or unwarranted factual inferences. *See Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Courts will grant a 12(b)(6) motion to dismiss "only if it is clear that no relief

4

could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III.  DISCUSSION

    A.  <u>Waiver</u>

Friedberg argues that Mutual defendants may not assert the forum selection clause at this stage in the litigation because they waited nearly six months after the complaint was filed to file their original motion to dismiss. (Mem. of Law in Opp. to Mot. to Dismiss at 9.) Friedberg cites a number of opinions that require defendants challenging venue or lack of personal jurisdiction to "proceed with reasonable dispatch." *Dias v. Bogins*, No. 94-1069, 1994 U.S. Dist. LEXIS 7447, at *4 (E.D. Pa. June 6, 1994); *see also Kampf v. Heinecke*, No. 94-6452, 1995 U.S. Dist. LEXIS 5592, at *1 (E.D. Pa. Apr. 28, 1995) ("The privilege to challenge venue must be 'seasonably asserted' or it will be waived.") (citing *Commercial Cas. Ins. Co. v. Consolidated Stone Co.*, 278 U.S. 177, 179–80 (1929)). However, unlike objections to venue and lack of personal jurisdiction, which are threshold defenses that can be waived, a motion to dismiss under Rule 12(b)(6) cannot be waived through trial. *See* Fed. R. Civ. P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading . . ., or by motion for judgment on the pleadings, or at the trial on the merits."); *see also* Advisory Committee Notes to Fed. R. Civ. P. 12(h) (noting that while . . . defenses such as lack of personal jurisdiction and improper venue are subject to waiver, "the more substantial defense[] of failure to state a claim upon which relief can be granted . . . [is] expressly preserved against waiver by amended subdivisions (h)(2) and (3).") Mutual defendants characterized the instant motion as a

12(b)(6) motion and the Third Circuit has held that "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause."[7] *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001). Hence, because Mutual defendants may file a 12(b)(6) motion at any time before trial, they did not waive their right to assert the forum selection clause by waiting six months to file a motion on these grounds.

Moreover, even if I characterized Mutual defendants' motion as a motion to dismiss for improper venue under Rule 12(b)(3), the delay was reasonable given the circumstances. Before I granted Friedberg's request for a temporary restraining order, I held a telephonic conference with both parties. At the conference, the parties indicated they were pursuing a settlement of the dispute. A further conference was held the following week and the TRO was extended by agreement of counsel pending the amicable resolution. Hence, because both parties seemed to believe that litigation in this court would be unnecessary, it was not unreasonable for defendants to wait six months, after it appeared that the dispute might not be resolved amicably, to file a motion to dismiss on the basis of the forum selection clause. *See Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 888 (7th Cir. 2004) ("[C]onsiderations of economy argue

---

[7]Courts in other circuits have questioned the logic of allowing defendants to move to dismiss a case on the basis of a forum selection clause under Rule 12(b)(6) because, as I explained above, a 12(b)(6) objection may be raised at any time before trial, and defendants could waste significant judicial resources if they are allowed assert a forum selection clause after the litigation has proceeded on the merits. *See, e.g. Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir. 1995) (rejecting the argument that "a motion to dismiss on the basis of a forum selection clause should be deemed to be brought under Fed. R. Civ. P. 12(b)(6) (failure to state a claim) rather than 12(b)(3) (improper venue)" because "judicial economy requires selection of the proper forum at the earliest possible opportunity."). Nonetheless, these concerns are not present here because the court has expended few resources outside of consideration of the instant motion.

against the filing of *any* motions while parties are trying to reach a settlement, since if they do settle the case any motions filed in it will be moot.") (emphasis in original).

Friedberg also contends that Mutual defendants waived the right to enforce the forum selection clause because they expressed a desire to leave this court's TRO in place instead of transferring the TRO to an appropriate court in Bermuda . On June 26, 2002, while the parties were discussing a settlement, Friedberg offered to transfer this court's TRO to a Bermuda court. (Ex. L to Mem. of Law in Opp. to Mot. to Dismiss.)  In response, counsel for Mutual defendants wrote, "our clients prefer to leave the TRO in place for the time being."  (Ex. M to Mem. of Law in Opp. to Mot. to Dismiss.)  Friedberg claims that the following language from the Seventh Circuit's opinion in *American Patriot*, 364 F.3d at 887–88, shows that defendants' response constituted a waiver:

> If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue.

There are various distinctions between this case and the situation described in *American Patriot* that make this language inapposite.  First, in the Seventh Circuit, where *American Patriot* was decided, motions to dismiss on the basis of forum selection clauses are treated as motions to dismiss for improper venue, which can be waived. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir. 1995).  Conversely, as I described above, Mutual defendants bring this motion under Rule 12(b)(6), which cannot be waived until after trial.  Additionally, unlike the situation described in *American Patriot*, Mutual defendants never expressly told Friedberg that they would

prefer to remain under this court's jurisdiction.  Desiring to leave a TRO in place, as opposed to somehow effectuating a transfer of the TRO to a court of a foreign jurisdiction, does not indicate consent to venue for the underlying action.  Moreover, the concerns that motivated the Seventh Circuit's conclusion that enforcement of a forum selection clause is subject to waiver, i.e. efficiency and fairness, are not implicated in the instant case.  Mutual defendants put plaintiff on notice within a reasonable time from the filing of the complaint that they would seek enforcement of the forum selection clause.  Additionally, nothing has occurred in the instant litigation (outside of consideration of this motion to dismiss) such that significant judicial effort would be wasted if the case is dismissed.  Finally, there is no indication that Mutual defendants were testing "which way the wind [was] blowing" because they have not filed any additional motions and the court has not made any substantive rulings since the time that the complaint was filed.

     Further, the ultimate conclusion in *American Patriot* counsels against a finding of waiver.  The Seventh Circuit went on to conclude that even though the defendants conducted settlement negotiations and responded to discovery requests in Chicago, "the plaintiff would have been unreasonable to infer from this that the defendants would not plead improper venue, given the forum-selection clause and the fact that they are all citizens or residents either of Bermuda or Pennsylvania, rather than of Illinois."  *Id*. at 888.  Similarly, I must conclude that Friedberg was unreasonable to infer from Mutual defendants' statements regarding the TRO that they would not object to venue, considering the forum selection clause and the fact that they are all citizens or residents of Bermuda.  Accordingly, I must conclude that Mutual defendants did not waive their right to move to dismiss the complaint on the basis of the forum selection clause.

B. <u>Applicability of the Forum Selection Clause</u>

Whether or not the forum selection clause applies to this dispute necessarily depends on the language of the forum selection clause. *See John Wyeth & Bros., Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997) ("The question of the scope of a forum selection clause is one of contract interpretation."). The forum selection clause in the shareholder agreements provides that "any dispute concerning [the shareholder agreements] shall be resolved exclusively by the courts of Bermuda." (Ex. A to Compl. at 4.) Friedberg contends that the clause is not applicable because the instant dispute does not "concern" the shareholder agreements. (Pl.'s Objections to Defs.' Mot. to Dismiss at 8.) Instead, he claims that this suit seeks to vindicate title to monies that had already been declared as dividends and that are governed by a separate oral agreement. (*Id*. at 8.)

Mutual defendants argue that Friedberg is attempting to "plead around" the forum selection clause, a tactic rejected by the court in *American Patriot*,[8] which involved the exact same forum selection clause at issue here. (Defs.' Supp. Mem. in Resp. to Pl.'s Objections to Defs.' Mot. Dismiss at 6.) In *American Patriot*, the court explained that "a dispute over a contract does not cease to be such merely because instead of charging breach of contract the plaintiff charges a fraudulent breach, or fraudulent inducement, or fraudulent performance." 364 F.3d at 889. The court went on to find that the plaintiff's fraudulent inducement claim clearly "concerned" the contractual relationship between the parties where the defendants allegedly

---

[8] Mutual defendants also cite the district court's opinion in *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 248 F. Supp. 2d 779 (N.D. Ill. 2003). However, because the Seventh Circuit affirmed the district court's decision using a similar analysis, it is unnecessary to discuss both opinions separately.

9

induced the plaintiff to post letters of credit to secure its obligations under the parties' contract. *Id*. at 887, 889.  In the instant case, however, it is not so clear that the dispute "concerns" Friedberg and Mutual's contractual relationship.

According to the complaint and Friedberg's allegations at oral argument, which I must accept as true for the purposes of this motion, the money at issue had already been declared as a dividend by Mutual defendants under the terms of the shareholder agreements. (Compl. at ¶ 13, 16.)  The money was transferred by Mutual defendants at the behest of Friedberg pursuant to an oral contract that is separate from the shareholder agreements.  (*Id*. at ¶13; N.T. Hearing, Apr. 21, 2005, at 11.)  Once the money was transferred, Friedberg alleges that he is the owner of the funds, holds legal and equitable title to the funds, directs their investment and, at the very least, the funds are held in trust by Morgan Stanley for his benefit.  Hence, the arrangement that governs this money is wholly outside and distinct from the shareholder agreements.  Thus, at this stage of the litigation, with the limited information available to the court, it does not appear that this dispute "concerns" the shareholder agreements.[9]  And, because it is not clear that the forum selection clause applies, I must deny Mutual defendants' motion to dismiss.[10]

IV.   **CONCLUSION**

For the reasons explained above, I will deny Mutual defendants' motion to dismiss.  An appropriate order follows.

---

[9]Of course, it may become clear once evidence is gathered that the dispute does, in fact, "concern" the shareholder agreements, at which point Mutual defendants may raise their argument in a motion for summary judgment.

[10]Because I find that the forum selection clause is inapplicable to the instant dispute, I need not consider Friedberg's final argument that the forum selection clause is unenforceable.  If Mutual defendants seek summary judgment based on the forum selection clause, Friedberg may raise this objection again.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN M. FRIEDBERG :<br>    Plaintiff, :<br>:<br>v. :<br>:<br>MUTUAL HOLDINGS, LTD., IPC MUTUAL :<br>HOLDINGS, LTD., MUTUAL HOLDINGS :<br>(BERMUDA), LTD., MUTUAL INDEMNITY, LTD., :<br>MUTUAL INDEMNITY (BERMUDA), LTD., and :<br>MORGAN STANLEY, :<br>    Defendants. : | CIVIL ACTION<br>No. 02-3193 |

### ORDER

And now on this _____ day of May, 2005, upon consideration of defendants Mutual Holdings, Ltd., IPC Mutual Holdings, Ltd., Mutual Holdings (Bermuda), Ltd., Mutual Indemnity, Ltd., and Mutual Indemnity (Bermuda), Ltd.'s motion to dismiss and briefs in support thereof of (Docs. # 12, 16, 20), plaintiff Stephen M. Friedberg's responses in opposition thereto (Docs. # 13, 19), the parties' allegations at oral argument, and the supplemental letters submitted by both parties, it is hereby ORDERED that defendants' motion to dismiss is DENIED.

                                                s/William H. Yohn, Jr.
                                                William H. Yohn, Jr., J.