IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN M. FRIEDBERG : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 02-3193 |
| MUTUAL HOLDINGS, LTD., IPC MUTUAL : | |
| HOLDINGS, LTD., MUTUAL HOLDINGS : | |
| (BERMUDA), LTD., MUTUAL INDEMNITY, LTD., : | |
| MUTUAL INDEMNITY (BERMUDA), LTD., and : | |
| MORGAN STANLEY, : | |
|     Defendants. : | |

**MEMORANDUM AND ORDER**

YOHN, J.                                                                                                    June _____, 2005

    Presently before the court is plaintiff Stephen M. Friedberg's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons set forth below, I will deny the motion.

**I.      BACKGROUND**

    On May 23, 2002, plaintiff Friedberg brought suit in this court against defendants Mutual Holdings, Ltd., IPC Mutual Holdings, Ltd., Mutual Holdings (Bermuda), Ltd., Mutual Indemnity, Ltd., Mutual Indemnity (Bermuda), Ltd. (collectively "Mutual defendants"), and Morgan Stanley seeking equitable relief to recover monies held in a Morgan Stanley account in Mutual's name, which Friedberg claims he owns and controls.

    According to the initial compliant, Friedberg is the sole remaining shareholder under three shareholder agreements relating to the creation of captive insurance arrangements between the Mutual defendants and Friedberg or his predecessors. (Compl. at ¶ 10.) These agreements

provide for the purchase by Friedberg's predecessors of a single share of Mutual defendants' preferred non-voting stock, which entitles the shareholder of record to receive an annual divided determined by a formula set forth in the individual agreements. (*Id*. at ¶ 11–12.) Friedberg alleges that in 1996, he directed Mutual to transfer some of the money that had been declared as dividends to various accounts that are now held by defendant Morgan Stanley. (*Id*. at ¶ 18.) He contends that at the time of transfer, legal and equitable title to these monies passed from Mutual to Friedberg, despite the fact that Mutual retains nominal title to these funds. (*Id*. at 16.)

In the initial complaint, Friedberg sought an express trust, or a constructive or resulting trust, and he alleged unjust enrichment. (Compl. at ¶ 25–30 & 36–41.) Friedberg also sought a temporary remaining order ("TRO") and a preliminary injunction to enjoin Mutual defendants from disposing of the money in the Morgan Stanley accounts. I granted the TRO after a conference on May 29, 2002 and it remains in effect by agreement of counsel.

On November 12, 2002, Mutual defendants filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) pursuant to an exclusive forum selection clause in the shareholder agreements. The clause provides that "any dispute concerning [the agreements] shall be resolved exclusively by the courts of Bermuda." (Ex. A. to Compl. at 4.) After the matter was held in abeyance pending an amicable resolution by the parties, which has not occurred, Mutual defendants reinstated their motion to dismiss. At oral argument on the motion on April 21, 2005, Friedberg's counsel alleged that the forum selection clause is inapplicable to the claims in Friedberg's initial complaint because the money in the Morgan Stanley account is governed by an oral agreement between the parties that is separate and distinct from the shareholder agreements. (N.T. hearing, Apr. 21, 2005, at 11.) Based on these representations, I concluded

that the forum selection clause did not apply to the causes of action in Friedberg's initial complaint and I denied the motion. *Friedberg v. Mutual Holdings, et al.*, No. 02-3193, 2005 U.S. Dist. LEXIS 9657, at *16 (E.D. Pa. May 19, 2005).

On March 1, 2005, while Mutual defendants' motion to dismiss was pending, Friedberg filed the instant motion for leave to amend. He seeks to add one count of fraud in the inducement. Friedberg alleges that Mutual defendants induced him to enter into the shareholder agreements by fraudulently promising that the income generated under these agreements would be protected from other losses suffered by Mutual. (Proposed Am. Compl. at ¶¶ 42–47.)

On March 15, 2005, Mutual defendants filed an opposition to Friedberg's motion for leave to amend. They assert that the amendment the would be futile under the forum selection clause because Friedberg's fraudulent inducement claim must be litigated in Bermuda.[1]

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), leave to file an amended complaint "shall be freely given when justice so requires." Generally, courts will grant leave to amend unless it would cause undue delay, prejudice, the motion was made in bad faith, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "An amendment is futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief

---

[1]Mutual defendants do not distinguish between Friedberg's claims. They argue that the entire case should be litigated in Bermuda pursuant to the forum selection clause. Nonetheless, because Mutual defendants filed their opposition brief before I decided their motion to dismiss and concluded that the forum selection clause does not governs the claims in the original complaint, I will assume that they intend to argue that the lone claim in Friedberg's proposed amended complaint must be litigated in Bermuda.

could be granted." *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir.1998).

**III.   DISCUSSION**

As I discussed in my earlier opinion resolving Mutual defendants' motion to dismiss, in the Third Circuit, "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause." *Salovarra v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001). Hence, if Friedberg's proposed fraudulent inducement claim is governed by the shareholder agreements and must be litigated in Bermuda, it would not survive a 12(b)(6) motion and amendment to add this claim would be futile.

Unlike the claims in Friedberg's initial complaint, Friedberg's proposed fraudulent inducement claim clearly "concerns" the shareholder agreements. Friedberg's initial causes of action arise out of an oral contract that is wholly outside and distinct from the shareholder agreements. In contrast, Friedberg's fraudulent inducement claim arises out of the allegation that the Mutual defendants induced Friedberg to enter *the shareholder agreements*, not some distinct oral contract.[2] Further, several courts have interpreted forum selection clauses with language similar to the shareholder agreements to encompass fraudulent inducement claims. *See Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 886–87, 889 (7th Cir. 2004) (concluding that a forum selection clause with identical language to the shareholder agreements

---

[2]In the proposed amended complaint, Friedberg alleges that his fraudulent inducement claim arises under yet another separate oral contract between him and Mutual defendants in which Mutual "agreed that . . . under no circumstances would the dividends from the Shareholder Agreements be exposed to the losses of any other plans . . . ." (Proposed Am. Compl. at ¶ 15.) This allegation does not take Friedberg's fraudulent inducement claim out of the coverage of the forum selection clause because the basis of Friedberg's new claim is that he was fraudulently induced into *the shareholder agreements*, not some separate oral contract.

governed the plaintiff's fraudulent inducement claim); *J.B. Harris, Inc. v. Razei Bar Indus., Ltd.*, 37 F. Supp.2d 186, 192 (E.D.N.Y. 1998) (determining that a forum selection clause governing "any dispute concerning [the agreement] or deriving therefrom" covered the plaintiff's fraudulent inducement claim); *Playa/USA Corp. v. Playasol, S.A.*, No. 80-1020, 1981 U.S. Dist. LEXIS 14178, at *2–*3 (N.D. Ill. Aug. 20, 1981) (same); *see also Am. Patriot*, 364 F.3d at 889 ("[A] dispute over a contract does not cease to be such merely because instead of charging breach of contract the plaintiff charges a fraudulent breach, or fraudulent inducement, or fraudulent performance.") (citations omitted); *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) ("[P]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms.") (citations omitted).  Hence, because Friedberg's proposed fraudulent inducement claim "concerns" the shareholder agreements, it must be litigated in Bermuda and it would not survive a motion to dismiss.  For these reasons, Friedberg's proposed amendment would be futile and I will deny the instant motion for leave to amend.[3]  An appropriate order follows.

---

[3] Because Friedberg's proposed amendment would be futile under the forum selection clause, I need not consider Mutual defendants' additional argument that amendment would cause undue delay.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN M. FRIEDBERG | : |
|     Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 02-3193 |
| MUTUAL HOLDINGS, LTD., IPC MUTUAL | : |
| HOLDINGS, LTD., MUTUAL HOLDINGS | : |
| (BERMUDA), LTD., MUTUAL INDEMNITY, LTD., | : |
| MUTUAL INDEMNITY (BERMUDA), LTD., and | : |
| MORGAN STANLEY, | : |
|     Defendants. | : |

## **ORDER**

And now on this _____ day of June, 2005, upon consideration of plaintiff Stephen M. Friedberg's motion for leave to file an amended complaint (Doc. No. 24) and defendants Mutual Holdings, Ltd., IPC Mutual Holdings, Ltd., Mutual Holdings (Bermuda), Ltd., Mutual Indemnity, Ltd., and Mutual Indemnity (Bermuda), Ltd.'s response in opposition thereto (Doc. No. 28), it is hereby ORDERED that the motion is DENIED.

_____

William H. Yohn, Jr., J.