IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stephen M. Friedberg<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Mutual Holdings Ltd.; *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action<br>Case No. 02-CV-3193<br>(Judge Yohn) |

### ORDER

　　　　**AND NOW**, this _____ day of June, 2005, the Temporary Restraining Order issued on May 29, 2005 is dissolved.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　William H. Yohn, Jr., J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stephen M. Friedberg<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Mutual Holdings Ltd.; *et al.*,<br><br>　　　　　　Defendants. | Civil Action<br>Case No. 02-CV-3193<br>(Judge Yohn) |

## MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., and Mutual Indemnity (Bermuda) Ltd., without intending to waive their lack of jurisdiction and improper venue arguments, move this Court to dissolve the Temporary Restraining Order entered more than three years ago, and in support thereof state:

　　　　　1.　　On May 29, 2002, the Court entered a Temporary Restraining Order, attached as Exhibit A. The Order stated at paragraph 6 that it "shall be in effect until further Order of this Court." The Order further stated at paragraph 7: "A further conference on the continuation or dissolution of the TRO is scheduled for June 7, 2002 at 1:30 P.M." The docket does not disclose whether that conference was held. Plaintiff was required to post a $50,000 bond to secure this Order that tied up $2,700,000 of defendants' money.

　　　　　2.　　The parties agreed that the Temporary Restraining Order would remain in effect pending settlement negotiations, and on March 5, 2003, the Court ordered the Clerk to place the matter in the Civil Suspense File.

PHL_A #2007734 v1

3. On April 24, 2004, counsel for defendants informed the Court that settlement discussions proved fruitless and requested that the Temporary Restraining Order be dissolved. Exhibit B. As of at least that date, defendants no longer consented to a continuation of the Order.

4. Various additional briefing and letter writing took place in this Court until the matter was argued on April 21, 2005.

5. During that time period, plaintiff also filed and lost litigation in the Commonwealth Court relating to the same relief sought here.

6. What plaintiff did not do during that lengthy time period is pursue its first-filed Bermuda action or claim for injunctive relief in that action.

7. Counsel for defendants requested dismissal of the Temporary Restraining Order in the Motion to Dismiss, the April 24, 2004 letter referenced above, the April 26, 2005 letter and at oral argument.

8. In the Court's rulings on the Motion to Dismiss and Motion to Amend the Complaint, the Court stated that the Temporary Restraining Order continues by consent.

9. The Court did not rule on defendants' previous attempts to have the Temporary Restraining Order dissolved.

10. Defendants do not consent to a continuation of the Temporary Restraining Order and have not consented since April 24, 2004.

11. If plaintiff believes it is entitled to injunctive relief, it should proceed with its long-ago-sought injunctive relief in Bermuda.

12. But plaintiff is not entitled to the continuation of this Temporary Restraining Order, and it should be dissolved immediately.

13. The law is clear. See <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 U.S. 423, 439 (1974) (stating that "under federal law [TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); <u>Nutrasweet Company v. Vit-Mar Enterprises, Inc.</u>, 112 F.3d 689 (1997).

For the foregoing reasons, the Temporary Restraining Order should be dissolved immediately.

DATED: June 8, 2005

Respectfully submitted,

*/s/ Douglas Y. Christian*
Douglas Y. Christian (ID No. 41934)
Joshua A. Mooney (ID No. 85945)
BALLARD SPAHR ANDREWS
& INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Attorneys For Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., and Mutual Indemnity (Bermuda) Ltd

**EXHIBIT A**



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN M. FRIEDBERG,

        Plaintiff,

v.

MUTUAL HOLDINGS LTD., IPC MUTUAL
HOLDINGS LTD., MUTUAL HOLDINGS
(BERMUDA) LTD., MUTUAL INDEMNITY
LTD., MUTUAL INDEMNITY (BERMUDA)
LTD., and MORGAN STANLEY,

        Defendants.

CIVIL ACTION NO. 02-CV-3193

FILED MAY 3 0 2002

## TEMPORARY RESTRAINING ORDER

AND NOW, this 29 day of May, 2002, upon consideration of Plaintiff's Complaint, Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction, and the accompanying papers in support thereof and having determined that: *and after telephone conference with counsel for the parties*

1. Plaintiff will suffer irreparable harm and injury if Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., Mutual Indemnity (Bermuda) Ltd. and Morgan Stanley are not restrained and enjoined from wasting, transferring, selling, concealing, disbursing, assigning, encumbering or otherwise disposing of the approximately $2,700,000 plus accrued interest held by Morgan Stanley

2. Greater injury would be inflicted on the Plaintiff by the denial of injunctive relief than would be inflicted on the Defendants by the granting of such

ENTERED
MAY 3 1 2002
CLERK OF COURT

3. Plaintiff is entitled by equity to the relief he seeks.

4. Issuance of this Order will preserve the status quo.

5. Plaintiff would not have an adequate remedy at law if this Court denied him the injunctive relief he seeks. It is therefore ORDERED, ADJUDGED, and DECREED as follows:

   a. Stephen Friedberg's Motion is GRANTED;

   b. Defendants are restrained and enjoined from wasting, transferring, selling, concealing, disbursing, assigning, encumbering or otherwise disposing of the approximately $2,700,000 plus accrued interest held by Morgan Stanley

   c. Plaintiff shall post with the Court a bond in the amount of ~~$1.00~~ $50,000 on or before May 30, 2002

6. This Order shall be in effect until further Order of this Court; and

7. A further conference on this continuation or dissolution of this TRO is scheduled for June 7, 2002 at 1:30 P.M.

~~7.   A hearing on Plaintiff's Motion for Preliminary Injunction continuing the aforesaid relief shall be held before the Court on the _____ of _____, 2002, at _____.~~

BY THE COURT:

_____ J.

**EXHIBIT B**

# ReedSmith

John E. Quinn
Direct Phone: 215.851.8212
Email: jquinn@reedsmith.com

Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
215.851.8100
Fax 215.851.1420

April 22, 2004

**VIA HAND DELIVERY**

Honorable William H. Yohn, Jr.
United States District Court
  for the Eastern District of Pennsylvania
U.S. Courthouse, Room 14613
601 Market Street
Philadelphia, PA 19106

    Re:    **Stephen M. Friedberg v. Mutual Holdings Ltd.,** *et al.*
            **No. 02-3193**

Dear Judge Yohn:

      This Firm represents Defendants Mutual Holdings Ltd., IPC Mutual Holdings Ltd., Mutual Holdings (Bermuda) Ltd., Mutual Indemnity Ltd., and Mutual Indemnity (Bermuda) Ltd. (collectively "Mutual Defendants") in the above-captioned matter. The other Defendant, Morgan Stanley, is represented by the Stradley Ronon firm. As Your Honor will recall, by Orders dated March 5, 2003, the Court closed this case for statistical purposes and placed the matter in civil suspense pending the resolution of settlement negotiations between the parties. Copies of the Orders are enclosed. The Orders also left the temporary restraining order in place and held Mutual Defendants' fully-briefed Motion to Dismiss the Complaint in abeyance during the civil suspense period. The second of the two Orders permits a party to reinstate the case and the Motion to Dismiss by letter request.

      Mutual Defendants hereby request that the case and their Motion to Dismiss be reinstated. Settlement negotiations between the parties have not been successful. The litigation that Plaintiff Stephen Friedberg initiated in Bermuda has continued. The Bermuda appellate court recently issued the enclosed opinion finding that the alleged debts are disputed and must be resolved in the Bermuda court.

      As the Court will also recall, the basis for Mutual Defendants' Motion to Dismiss is the existence of an unambiguous forum selection and choice of law provision in the Shareholder Agreement that designates Bermuda as the exclusive forum and the exclusive governing law for the resolution of disputes. Since this case was placed in civil suspense in May 2003, several

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND ♦ PRINCETON
FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ HARRISBURG ♦ LEESBURG ♦ WESTLAKE VILLAGE
reedsmith.com

PHLIB-0687541.01-JEQUINN
April 22, 2004 10:59 AM

Honorable William H. Yohn
April 22, 2004
Page 2

**ReedSmith**

intervening judicial decisions have interpreted the identical forum selection and choice of law provision at issue in this case. Each of these decisions has found, based on the unambiguous contractual language, that the disputes must be resolved in the Bermuda courts in accordance with Bermuda law. The most recent decision was issued on Friday, April 16, 2004, by the United States Court of Appeals for the Seventh Circuit. That opinion, written by Circuit Judge Richard Posner, affirmed the District Court's decision to enforce the exact same forum selection and choice of law clause at issue in this case, and rejected the identical arguments advanced by Plaintiff Friedberg in his opposition to Mutual Defendants' Motion to Dismiss the Complaint in this case.

Enclosed is a courtesy copy of the Notice of Supplemental Authority Mutual Defendants have filed with the Clerk of the Court today, with accompanying authorities.

Based on the foregoing, Mutual Defendants respectfully request that this action and the Motion to Dismiss be reinstated, that their Motion to Dismiss the Complaint be granted, that the temporary restraining order be dissolved, and that Plaintiff be ordered to pursue his alleged claims in the contractually-designated forum.

Thank you for your consideration.

Respectfully yours,

John E. Quinn

JEQ/kmt
Enclosures

cc:   Theodore Haussman, Jr., Esquire (w/ encl., via hand delivery)
      Margaret Manolakis, Esquire (w/ encl., via hand delivery)
      Vincent J. Connelly, Esquire (w/ encl., via overnight mail)