UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN M. FRIEDBERG, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 02-CV-3193 |
| : | (Judge Yohn) |
| MUTUAL HOLDINGS LTD, et al., : | |
| : | |
| Defendants. : | |

_____

ORDER

_____

AND NOW, this _____ day of _____, 2005, upon consideration of plaintiff Stephen M. Friedberg's Motion For Protective Order to quash the subpoena of Patrick Rega, Esquire, and any opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion For Protective Order is GRANTED.

_____
William H. Yohn, Jr., J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN M. FRIEDBERG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUTUAL HOLDINGS LTD, et al.,<br><br>　　　　Defendants. | CIVIL ACTION<br><br>No. 02-CV-3193<br>(Judge Yohn) |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), plaintiff Stephen M. Friedberg, by and through his attorneys, respectfully moves this Court for the entry of a protective order denying defendants' request to depose plaintiff's trial co-counsel Patrick Rega, Esquire. The grounds in support of this motion are set forth in the accompanying memorandum of law.

　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　/s/ Han Nguyen
　　　　　　　　　　　　　　　　David Smith (I.D. No. 21480)
　　　　　　　　　　　　　　　　Han Nguyen (I.D. No. 85860)
　　　　　　　　　　　　　　　　Schnader Harrison Segal & Lewis LLP
　　　　　　　　　　　　　　　　1600 Market Street, Suite 3600
　　　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19103
　　　　　　　　　　　　　　　　(215) 751-2000

　　　　　　　　　　　　　　　　*Attorneys for Plaintiff,*
　　　　　　　　　　　　　　　　*Stephen M. Friedberg*

Dated: September 2, 2005.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEPHEN M. FRIEDBERG,<br><br>    Plaintiff,<br><br>v.<br><br>MUTUAL HOLDINGS LTD, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>No. 02-CV-3193<br>(Judge Yohn) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), plaintiff Stephen M. Friedberg, by and through his undersigned counsel, submits this memorandum of law in support of his motion for a protective order to quash the deposition subpoena served upon his attorney, Patrick Rega, Esq. Defendants are not entitled to depose Mr. Rega because the facts do not justify the unusual discovery tactic of deposing opposing counsel. Mr. Friedberg requests that the Court enter a protective order to quash the subpoena of Mr. Rega because: (1) Mr. Rega is not a fact witness; (2) Mr. Rega's testimony is being sought for impeachment purposes only; (3) any information that Mr. Rega might provide is readily available from other sources; (4) deposing and/or questioning Mr. Rega as a witness would severely harm plaintiff's representational rights; and (5) producing Mr. Rega under the present circumstances would create an undue burden and expense for plaintiff. For these same reasons, defendants should not be permitted to call Mr. Rega as a witness at the upcoming evidentiary hearing or trial.

**BACKGROUND**

Patrick Rega advises plaintiff on a variety of legal matters including this litigation. Mr. Rega was admitted *pro hac vice* on August 1, 2005. Mr. Rega is actively involved in this litigation, has participated in all but one deposition thus far, discussed open discovery matters with Mutual's counsel, and has attempted on several occasions to discuss settlement with Mutual. More importantly, Mr. Rega will serve as trial co-counsel at the upcoming evidentiary hearing and trial.

Despite the fact that Mr. Rega has taken a leading role in this litigation, Mutual's counsel advised plaintiff on August 23rd that Mutual intended to depose Mr. Rega. The purpose of Mr. Rega's deposition, as represented by Mutual's counsel, would relate to a "March 23, 2001 letter that indicates that Mr. Rega told Mr. Gentile that Andy Lewis had a $1,000,000+ interest in U21 and apparently sent or prepared a document to that effect." (Ex. A). Andrew Lewis is a third party witness and former employee of the marketing subsidiary of the defendants who testified at deposition on August 24th.

By way of background, this March 23, 2001 letter was written in connection with a divorce between Mr. Friedberg's sister and her ex-husband, Mark Ouimette. Mr. Ouimette was also Mr. Friedberg's partner/co-shareholder in program U21, which is one of the accounts at issue before the Court. Mr. Rega represented Mr. Friedberg's sister; Mr. Ouimette was represented by Gary Gentile. During the course of the divorce proceeding, Mr. Gentile wrote a letter to Mr. Rega commenting that unidentified account statements reflect "Mr. Lewis's *alleged*

$1,000,000+ interest (See U21)." (Ex. B) (emphasis added).[1] At his deposition, Mr. Lewis specifically testified that Mr. Friedberg and Mr. Ouimette indeed offered him a financial interest in U21 as gratitude for structuring the U21 program in a highly profitable manner *but he declined the offer*. (Lewis Dep., at pp. 130-132, 145, 146-147, attached as Ex. C).

Mutual's counsel apparently now seeks to depose Mr. Rega for the purpose of inquiring into Mr. Lewis' alleged -- but denied -- financial interest in program U21; in other words, Mutual's counsel seeks to depose opposing counsel for the purpose of questioning a third party witness' credibility. Mutual has even noticed the deposition of Mark Ouimette and, upon information and belief, has already discussed the subject matter of the March 23, 2001 letter with Gary Gentile, the author of the letter.[2] Nonetheless, Mutual served a subpoena upon Mr. Rega on August 30th even though Mutual can easily inquire into the subject matter of the March 23, 2001 letter (and question Mr. Lewis' credibility) from these other sources. The subpoena schedules Mr. Rega's deposition for September 6, 2005, and is attached hereto as Exhibit D.

**ARGUMENT**

**A.    THE TESTIMONY OF LEGAL COUNSEL SHOULD NOT BE COMPELLED UNDER THESE CIRCUMSTANCES.**

Mr. Rega should not be compelled to testify in this case. An attorney's deposition "can often be burdensome and disruptive, and is not to be entered into unadvisedly or lightly."

---

[1] This letter was produced to Mutual on August 23rd after plaintiff discovered it was included in a group of documents that were inadvertently designated as privileged. Plaintiff amended his privilege log and immediately produced the letter to Mutual. Notably, Mr. Rega was the recipient of this letter and there is no clear indication in the letter that Mr. Rega "sent or prepared" any documents for Mr. Gentile's review.

[2] If, however, Mutual has not corresponded with Mr. Gentile, there is nothing preventing Mutual from interviewing or deposing Mr. Gentile as well.

3

*Musko v. McCandless*, No. 94-3938, 1995 U.S. Dist. LEXIS 14477, at *5 (E.D. Pa. Sept. 29, 1995). Accordingly, when the deposition of an attorney is contested, consideration of the following factors is dispositive:

> (1) The extent to which the proposed deposition promises to focus on central factual issues, rather than peripheral concerns;
>
> (2) the availability of the information from other sources, viewed with an eye toward avoiding cumulative or duplicative discovery; and
>
> (3) the harm to the party's representational rights resulting from the attorney's deposition.

*Frazier v. Southeastern Pennsylvania Transportation Authority*, 161 F.R.D. 309, 313 (E.D. Pa. 1995) (quoting *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578,* 130 F.R.D. 348, 352-53 (D.N.J. 1990)). Defendants fail this test on all counts, as explained in turn below.

1. **Mr. Rega's Testimony Should Not Be Compelled Because He Has No First-hand Knowledge Of The Central Facts Of This Case.**

Mr. Rega has no first-hand or personal knowledge of the underlying facts central to this litigation and therefore should not be compelled to testify. Everything Mr. Rega knows about this case was obtained through privileged communications with his client. As a result, Mutual's request to depose Mr. Rega does not satisfy the first prong of the three-part *Frazier* test.

Applicable case law consistently holds that the testimony of opposing counsel may not be compelled if the attorney in question is not a fact witness. *Arias v. City of Philadelphia*, No. 97-6641, 1998 U.S. Dist. LEXIS 10066, at *4 (E.D. Pa. June 23, 1998); *Musko v. McCandless*, No. 94-3938, 1995 U.S. Dist. LEXIS 14477, at *5 (E.D. Pa. Sept. 29, 1995);

*Fried v. Sungard Recovery Services*, 164 F.R.D. 405, 406 (E.D. Pa. 1996). Courts have interpreted the fact witness requirement to mean first-hand knowledge of the underlying facts of the case. *Arias*, 1998 U.S. Dist. LEXIS 10066, at *6; *Fried*, 164 F.R.D. at 406.

For example, in *Musko v. McCandless*, the deposition of the attorney was permitted to go forward only because the attorney had first-hand knowledge of the underlying facts of the case. *See Musko*, 1995 U.S. Dist. LEXIS 14477, at *5. In contrast, the court in *Fried v. Sungard* prohibited the deposition of an attorney because the attorney had no first-hand knowledge of any underlying facts. In *Fried*, the plaintiff refused to answer certain questions at his deposition because the answers would have revealed confidential communications with his attorney. The deposing attorney concluded the deposition and sought opposing counsel's deposition, arguing that plaintiff's counsel must have knowledge about the factual bases of the litigation. The court disagreed; the plaintiff's counsel was not present at the actual events that gave rise to the litigation and was therefore not a fact witness. Defendant's motion to compel the deposition was appropriately denied. *Fried*, 164 F.R.D. at 406.[3]

Here, Mr. Rega was not present at any of the events that gave rise to the present cause of action. He has no first-hand knowledge of any of the facts or events that form the basis of this litigation. With respect to the subject matter of the March 23, 2001 letter, any knowledge that Mr. Rega has concerning any offer made to Mr. Lewis of an interest in the U21 program stems from privileged conversations with his client. Contrary to defendants' assertions, Mr.

---

[3] *Arias v. Philadelphia* is similarly instructive here. In *Arias*, defendant police officers sought to compel the testimony of plaintiff's counsel in order to show that his words and actions had influenced their decision to plead the Fifth Amendment at their depositions. The court denied the defendants' request to depose opposing counsel because counsel had no first-hand knowledge of the facts relevant to the cause of action. Defendants' motion to compel was denied. *Arias*, 1998 U.S. Dist. LEXIS 10066, at *9.

Rega is not a fact witness and his deposition and/or witness testimony at any hearing or trial should be prohibited.

    **2.    The Testimony of Legal Counsel May Not Be Compelled To Impeach A Witness.**

Mutual is not entitled to depose opposing counsel for the purpose of questioning a third party witness' credibility. The facts in *Arias v. Philadelphia* are on point with the facts of the present case. In *Arias*, defendant police officers were accused of violating plaintiff's constitutional rights. Defendants claimed that they pled the Fifth Amendment at their depositions only because of plaintiff's counsel's statements concerning a potential investigation. They then sought to depose plaintiff's counsel to determine if they indeed needed to plead the Fifth Amendment at their depositions and to create a record of plaintiff's counsel's statements regarding the investigation. The court found that counsel's testimony regarding the investigation was "[a]t best, . . . a peripheral issue which may, in theory, *affect the credibility* of [defendant police officers]." *Arias*, 1998 U.S. Dist. LEXIS 10066, at *6 (emphasis added). Because the issue was one of credibility and not of first-hand knowledge of the facts, defendants' motion to compel the deposition was denied.

In this case, Mr. Rega's testimony is only being sought for impeachment purposes to question the credibility of Andrew Lewis, a third-party witness. Accordingly, a protective order with respect to Mr. Rega's testimony should issue because his testimony is not being sought as a fact witness with any first-hand knowledge of the underlying facts central to this case.[4]

---

[4] Plaintiff acknowledges that an attorney of record is not always protected from deposition simply because of his status as counsel. *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D.

6

B.  **THE INFORMATION SOUGHT THROUGH MR. REGA'S TESTIMONY IS READILY AVAILABLE FROM OTHER SOURCES.**

Separate and independent of the fact that Mr. Rega has no first-hand or personal knowledge of the underlying facts of this case, Mutual's request to depose Mr. Rega as a fact witness is not justified because whatever information Mutual hopes to elicit from Mr. Rega's deposition can be easily obtained from other sources. Therefore, Mutual fails to satisfy the second prong of the *Frazier* test.

1.  **Andrew Lewis Has Already Testified Regarding the Subject of Mr. Rega's Sought-After Testimony.**

Mr. Rega's testimony will add nothing to this case that has not already been discovered. Defendants' counsel wishes to question Mr. Rega regarding an alleged offer of an ownership interest in the U21 program made by Mark Ouimette and plaintiff to Mr. Lewis, as referenced in the Gary Gentile letter of March 23, 2001. Such testimony would be duplicative and cumulative because defendants' counsel has already questioned Mr. Lewis on the issue and received unequivocal and repeated answers from Mr. Lewis that he has no ownership interest in the U21 program, nor has he ever had one. In particular, Mr. Lewis testified as follows:

> Mr. Christian: Did you ever claim to have an interest in the proceeds in U-21?
>
> Mr. Lewis: No.
>
> Mr. Christian: Did you ever tell anyone you had an interest in any of the proceeds in any of the accounts at issue in this lawsuit?
>
> Mr. Lewis: No.
>
> Mr. Christian: Do you believe you ever had such an interest?
>
> Mr. Lewis: No.

---

429, 438-39 (E.D. Pa. 1981). However, as explained above, the facts of this case and the current circumstances do not warrant the deposition of opposing counsel.

7

(Lewis Dep., at 145, attached as Ex. C).

> Mr. Christian: Have you ever discussed the subject matter of this letter [letter from Mr. Gentile to Mr. Rega] with Mr. Friedberg?
>
> Mr. Lewis: Mr. Friedberg repeatedly offered me a participation in U21.
>
> Mr. Christian: Why?
>
> Mr. Lewis: Because—there's two answers. One, that is the type of person he is. He shares, he gives the shirt off his back. Two, he felt I was undercompensated and that I was due. I said thank you, but no, thank you.
>
> Mr. Christian: How much of an interest did he propose that you have?
>
> Mr. Lewis: I'll say a third.
>
> Mr. Christian: Did you ever have a discussion with Mr. Ouimette about any such proposed interest?
>
> Mr. Lewis: Mr. Friedberg and Mr. Ouimette both made the offer and I said no to both.

(Lewis Dep., at 146-47, attached as Ex. C).

Mr. Lewis has clearly stated that the offer of an ownership interest was made and that he declined. Any further testimony from Mr. Rega on the subject would not only be based on second-hand knowledge stemming from protected communications with his client but also duplicative and cumulative, both of which are adequate grounds for denying the requested discovery under Federal Rule of Civil Procedure 26(b)(2)(i).

2.   **Mark Ouimette May Be Deposed Regarding the Subject of Mr. Rega's Testimony.**

Not only has Mr. Lewis testified concerning the subject of Mr. Rega's proposed deposition, but defendants have also recently noticed the deposition of Mark Ouimette, plaintiff's former partner in the U-21 program. Mr. Ouimette's deposition is scheduled for September 8th and Mutual will have every opportunity to ask Mr. Ouimette if he or plaintiff ever granted a

ownership interest in U21 to Mr. Lewis. Therefore, should defendants find it necessary to corroborate the testimony of Mr. Lewis, Mr. Ouimette will be available for questioning on the subject at his deposition. Quite significantly, in contrast to Mr. Rega, Mr. Ouimette has first-hand knowledge of the relevant facts.

### 3. Gary Gentile May Be Deposed Regarding the Subject of Mr. Rega's Testimony.

Similarly, the author of the letter in question, Gary Gentile, may be deposed regarding the content of his letter. As the author of the March 23, 2001 letter, he is the most reliable source of information regarding its subject matter. Should defendants not be satisfied with Mr. Lewis' or Mr. Ouimette's testimony on the subject, Mr. Gentile provides yet another source of information without taking the extraordinary and unwarranted step of taking Mr. Rega's deposition and/or calling him as a witness at a hearing or trial. In fact, upon information and belief, Mutual has been in communication with Mr. Gentile about the subject matter of that letter.

Accordingly, defendants have not satisfied the second prong of the *Frazier* test. The information Mutual seeks to elicit from Mr. Rega is readily available from other sources. Indeed, there are at least three additional sources from which Mutual can inquire into the subject matter of Mr. Lewis' alleged ownership interest in U21.

### C. THE DEPOSITION OF MR. REGA WOULD HARM PLAINTIFF'S REPRESENTATIONAL RIGHTS.

The third prong of the *Frazier* test requires an evaluation of the extent to which the producing party's representational rights would be harmed. In this case, plaintiff's representational rights would be adversely affected if Mr. Rega were called as a witness at either

9

a hearing or trial. Mr. Rega is trial co-counsel in this case. If he were deposed or called upon to testify, Mr. Rega may be forced to consider withdrawing as counsel. Any such a withdrawal would harm plaintiff by depriving him of Mr. Rega's representation, legal expertise and participation at the hearing or trial. To deprive plaintiff of Mr. Rega's representation, who has been involved with this case from its first stages, would cause significant harm to Mr. Friedberg's representational rights.

**D.   THE DEPOSITION OF MR. REGA WOULD CREATE AN UNDUE BURDEN UPON PLAINTIFF.**

The Federal Rules of Civil Procedure provide that a protective order may be granted "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In this case, in addition to the reasons that militate against the taking of Mr. Rega's deposition or his testifying at trial or hearing, the taking of his deposition would also violate Rule 26(c) because it would create an undue burden on plaintiff and plaintiff's counsel.

The Court has ordered an expedited discovery schedule in this case so that the evidentiary hearing will not be unduly delayed. Although the hearing has been rescheduled to October 27-28 and the parties agreed to extend the discovery period for an additional two weeks, numerous out-of-state and international depositions are still being scheduled. Consequently, plaintiff's counsel is taking and defending depositions in Philadelphia, (potentially) Milwaukee, Denver and Bermuda, all within the space of a few weeks. Mr. Rega is to take a central role in each of these depositions. To add Mr. Rega's deposition to this already very intense discovery phase – thereby converting him from counsel to witness – would cause an undue burden and

10

expense for plaintiff and plaintiff's counsel.[5]  A protective order should be granted based upon this alternate basis.

## CONCLUSION

For these reasons, plaintiff's motion for a protective order to quash the subpoena served upon Patrick Rega should be granted.  Mr. Rega is not a fact witness.  His testimony is impermissibly being sought for impeachment purposes.  Any information that Mr. Rega might have is available from at least three other sources.  Deposing Mr. Rega would severely harm plaintiff's representational rights.  Finally, producing Mr. Rega under the present circumstances would create an undue burden and expense for plaintiff.

Respectfully submitted,

/s/ Han Nguyen
David Smith (I.D. No. 21480)
Han Nguyen (I.D. No. 85860)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000

*Attorneys for Plaintiff,*
*Stephen M. Friedberg*

Dated:  September 2, 2005.

---

[5] Worse yet, if Mr. Rega were forced to withdraw as trial co-counsel as a result of defendants' calling him as a witness at the hearing or trial, plaintiff would suffer the additional burden of trying to replace Mr. Rega's expertise at the hearing or trial.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEPHEN M. FRIEDBERG, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | No. 02-CV-3193 |
| : | (Judge Yohn) |
| MUTUAL HOLDINGS LTD, et al., : | |
| : | |
| Defendants. : | |

## CERTIFICATE PURSUANT TO LOCAL RULE 26.1(f)

I, Han Nguyen, attorney for Stephen M. Friedberg, certify that the parties, after reasonable effort, have been unable to resolve this discovery dispute.

          /s/ Han Nguyen
          Han Nguyen

PHDATA 1309518_1

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2005, I caused a true and correct copy of the foregoing Motion For Protective Order with accompanying memorandum of law to be served by first class mail and electronic mail through the Court's ECF filing system upon the following. This document is available for downloading and review on the Court's ECF filing system.

Brooke J. Hertzer, Esquire
Ballard Spahr Andrews & Ingersoll LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
HertzerB@ballardspahr.com

/s/ Han Nguyen
Han Nguyen