## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stephen M. Friedberg, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 02-CV-3193 |
| v. | : | (Judge Yohn) |
| | : | |
| Mutual Holdings Ltd., *et al.* | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' REPLY BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendants offer this brief response to "Plaintiff's Reply to Defendants' Opposition to Motion for Protective Order."

Mr. Rega is a fact witness in this case. He has relevant testimony on the issue of whether there is a dispute under the applicable shareholder agreements that must be litigated in Bermuda. He also has relevant non-privileged information that goes to the heart of the credibility of one of the few witnesses Mr. Friedberg claims have knowledge supporting his position. The Federal Rules of Civil Procedure allow Defendants to take the depositions of persons with relevant knowledge. They do not contain an exception for a witness who decides to enter his appearance as counsel for a party three years after the litigation has begun. That is authority enough to support the deposition of Mr. Rega on non-privileged matters.

Defendants contend that Mr. Rega's interaction with them establishes that there is a dispute under the shareholders agreements that he and Defendants were attempting to resolve, and they should be permitted to take his deposition to prove it.

A perfect example of this is the document attached hereto as Exhibit A, a letter from Mr. Rega to an officer of Defendants. Mr. Rega claims he could not find a copy of this

letter in his files. It is a "smoking gun," as it is diametric to the position taken by Mr. Friedberg

in this case that the monies at issue in the brokerage accounts are his and that his entitlement to

them is independent of the shareholder agreements containing the Bermuda choice of forum

clauses. Mr. Rega states:

> As you know, Steve has been in the process of reviewing
> his personal financial position in order to make informed decisions
> concerning various business, tax and estate planning issues,
> including considerations in regard to the Mutual Life policy he
> owns. In the course of this process <u>we have undertaken a review
> of the status of the current account programs to determine, among
> other things, the amount of funds that would be available to be
> moved by Steve into other investment vehicles or for use in
> addressing his business and personal needs</u>. The results of our
> review have been communicated to Mutual in order to confirm our
> assessment.
>
> Based on the foregoing, <u>Steve has asked me to write and
> place before you a request for partial release of funds from the
> E-14 and U-21 programs</u>, respectively. After the close out of the
> Ouimette interest, our records reflect an account balance in E-14 of
> $782,154.23, and, in U-21 $3,130,945.87.
>
> Accordingly, <u>pursuant to the terms of the Shareholders
> Agreements for these programs, please accept this request on
> behalf of Steve for release of $400,000 from the E-14 account and
> $1,200,000 from the U-21 account.</u>

(Emphasis added). In this letter, Mr. Rega requested release <u>under the shareholders agreements</u>

of money in the very accounts at issue in this case. For example, he asks Mutual to release

$400,000 of the funds in the E14 account. Exhibit B establishes that most of that amount must

consist of monies in the Morgan Stanley account Mr. Friedberg claims was already his![1]  This

was a request under the shareholders agreement for release of funds in the Morgan Stanley

---

[1]  Exhibit B establishes that only $100,000 of funds were in the Mutual Investment Pool
and that $824,883.81 was in Mutual's Morgan Stanley account, one of the accounts at
issue here.

account. Such a request under the shareholder agreements is entirely consistent with Defendants' position in this case and inconsistent with that of Plaintiff. The request for funds under the shareholder agreements from the Morgan Stanley accounts contradicts Mr. Friedberg's contention in this case that those funds were his already because they were dividended years ago.

Accordingly, on the issue of whether there is a dispute under the shareholder agreements, Mr. Rega is certainly a witness with relevant and important knowledge. Defendants should be permitted to obtain non-privileged documents from him and question him as to non-privileged matters. At the very least, they should be permitted to question Mr. Rega regarding communications he had with persons other than his client. Defendants are not seeking to have Mr. Rega disqualified as counsel. That is a decision for Mr. Rega and his client to make. Defendants request only that they be permitted a brief deposition (limited to two hours) so that they may adduce important facts not available elsewhere.

Dated:  September 13, 2005

s/ Douglas Y. Christian
Douglas Y. Christian (ID No. 41934)
Joshua A. Mooney (ID No. 85945)
Brooke J. Hertzer (ID No. 91999)
BALLARD SPAHR ANDREWS
& INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Douglas Y. Christian, hereby certify that on September 13, 2005, I caused a true

and correct copy of the foregoing Defendants' Reply Brief in Opposition to Motion for

Protective Order to be served via fax and first class mail, upon the following:

> Han Nguyen, Esquire
> SCHNADER HARRISON SEGAL
> & LEWIS LLP
> Suite 3600, 1600 Market Street
> Philadelphia, PA 19103
>
> Attorneys for Plaintiff Stephen Friedberg

> s/ Douglas Y. Christian
> Douglas Y. Christian

**EXHIBIT A**

# HERGENROEDER REGA AND SOMMER, L.L.C.

ATTORNEYS AT LAW
SUITE 610
THE WARNER CENTRE
332 FIFTH AVENUE
PITTSBURGH, PA. 15222
——
TELEPHONE: (412) 281-7724
FAX: (412) 281-6153

CHARLES W. HERGENROEDER, III
PATRICK J. REGA
ROBERT B. SOMMER
JAMES A. STEINER
EDWARD T. HARVEY
JENNIFER HERGENROEDER LUNDEN
——
OF COUNSEL:
MICHAEL J. PATER

EDWARD A. HEIGHTS
(1919-1990)

CHARLES W. HERGENROEDER
(1917-1997)

March 7, 2002

David Alexander, President
Mutual Holdings Ltd.
44 Church Street
Hamilton, HM HX, Bermuda

Re:    **Friedberg Preferred Share Series Accounts**

Dear David:

As you know, Steve has been in the process of reviewing his personal financial position in order to make informed decisions concerning various business, tax and estate planning issues, including considerations in regard to the Mutual Life policy he owns.  In the course of this process we have undertaken a review of the status of the current account programs to determine, among other things, the amount of funds that would be available to be moved by Steve into other investment vehicles or for use in addressing his business and personal needs.  The results of our review have been communicated to Mutual in order to confirm our assessment.

Based on the foregoing, Steve has asked me to write and place before you a request for partial release of funds from the E-14 and U-21 programs, respectively.  After the close out of the Ouimette interest, our records reflect an account balance in E-14 of $782,154.23, and, in U-21 $3,130,945.87.

Accordingly, pursuant to the terms of the Shareholders Agreements for these programs, please accept this request on behalf of Steve for release of $400,000 from the E-14 account and $1,200,000 from the U-21 account.

Once again, thank you for your cooperation and assistance.  If you require additional information to process this request, please advise.

Very truly yours,

HERGENROEDER REGA AND SOMMER, LLC

Patrick J. Rega

PJR:cur

**EXHIBIT B**



**Mutual Indemnity Ltd.**

Preferred Share Series    "E14"
Balance Sheet
As at March 31,2002
(Unaudited)

|  | US$ |
|---|---|
| **ASSETS** | |
| Cash in Current Account | .00 |
| Cash in Call Account | 2,135.51 |
| Investment in Balanced Pool | .00 |
| Aggressive Growth Investment Pool | 100,000.00 |
| Investment - Morgan Stanley | 824,883.81 |
| Investment - Prudential Securities | .00 |
| Cash in Fixed Deposit | .00 |
| Funds Withheld | 37,000.00 |
| **Funds Available to Pay Losses** | **964,019.32** |
| Reinsurance Balances Receivable | 79,159.71 |
| Share Subscriptions Receivable | 1,000.00 |
| Deferred Acquisition Costs | .00 |
| Prepaid Expenses | .00 |
| **TOTAL ASSETS** | **1,044,179.03** |

**LIABILITIES & SHAREHOLDER'S ACCOUNT**

| **LIABILITIES** | |
|---|---|
| Reserve for Outstanding Losses | 166,725.88 |
| Policy & Contract Claims | .00 |
| Reserve for IBNR Losses | 82,586.71 |
| Reserve for Unearned Premiums | .00 |
| Reinsurance Balances Payable | .00 |
| Due to Mutual | 3,034.25 |
| Accrued Expenses | .00 |
| Other Liabilities | .00 |
| **Total Liabilities** | **252,346.84** |

| **SHAREHOLDER'S ACCOUNT** | |
|---|---|
| Redeemable Preferred Shares | 1,000.00 |
| Retained Earnings | .00 |
| Unrealized Gains | (77,202.31) |
| Contingency Reserve | 866,759.57 |
| Collateral Recoveries | .00 |
| Security Deposits | 1,274.93 |
| **Total Shareholder's Account** | **791,832.19** |
| **TOTAL LIABILITIES & S/HOLDER'S A/C** | **1,044,179.03** |