**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| Stephen M. Friedberg, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action | |
| | : | No. 02-CV-3193 | |
| v. | : | (Judge Yohn) | |
| | : | | |
| Mutual Holdings Ltd., *et al.* | : | | |
| | : | | |
| Defendants. | : | | |

**MUTUAL DEFENDANTS'
FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants Mutual Holdings Ltd., n/k/a IPC Mutual Holdings Ltd. (collectively,

"IPCMHL"), Mutual Holdings (Bermuda) Ltd. ("MHBL"), Mutual Indemnity Ltd. ("MIL"), and

Mutual Indemnity (Bermuda) Ltd. ("MIBL") (collectively, "Mutual Defendants"), by and

through their undersigned counsel, hereby answer and assert their affirmative defenses to the

complaint of Plaintiff Stephen M. Friedberg as follows:

1.      Mutual Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's complaint; therefore,

the said allegations are denied.

2.      Admitted.

3.      IPCMHL and MHBL admit only that each is an indirect subsidiary of

Mutual Risk Management Ltd. ("MRM").  Mutual Defendants deny all other allegations in

paragraph 3 of Plaintiff's complaint.

4.      Mutual Defendants admit only that MIL is a wholly owned subsidiary of

IPCMHL, and maintains its sole office at 44 Church Street, Hamilton HM 12, P.O. Box HM

2064, Hamilton HM HX, Bermuda.  Mutual Defendants deny all other allegations in paragraph 4 of Plaintiff's complaint.

5.    Mutual Defendants admit only that MIBL is a wholly owned subsidiary of MHBL, and maintains its sole office at 44 Church Street, P.O. Box HM 2064, Hamilton HM HX, Bermuda.  Mutual Defendants deny all other allegations in paragraph 5 of Plaintiff's complaint.

6.    Mutual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's complaint; therefore, the said allegations are denied.

## JURISDICTION AND VENUE

7.    Mutual Defendants admit only that each is a citizen of Bermuda and the amount in controversy exceeds $75,000.  All other allegations in paragraph 7 of Plaintiff's complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, Mutual Defendants deny the allegations.  Each Mutual Defendant also denies that this Court has personal jurisdiction over it.

8.    The allegations in paragraph 8 of Plaintiff's complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, Mutual Defendants deny the said allegations.

9.    The allegations in paragraph 9 of Plaintiff's complaint constitute conclusions of law to which no response is required.  To the extent that a response is required Mutual Defendants deny the said allegations.

## THE CONTROVERSY

10.    Mutual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's complaint; therefore, said allegations are denied.

(a)     Mutual Defendants admit only that the document attached to Plaintiff's Complaint as Exhibit "A" is a true and correct copy of the E11 Shareholder Agreement.  The remaining allegations in subparagraph (a) characterize a document that speaks for itself; therefore, Mutual Defendants deny the said allegations.

(b)     Mutual Defendants deny that either of the documents attached to Plaintiff's Complaint as Exhibits "B" or "C" is a true and correct copy of the E14 Shareholder Agreement and state that the document attached hereto as Exhibit "1" is a true, correct and complete copy of the E14 Shareholder Agreement.  The remaining allegations in subparagraph (b) characterize a document that speaks for itself; therefore, Mutual Defendants deny the said allegations.

(c)     Mutual Defendants deny that either of the documents attached to Plaintiff's Complaint as Exhibits "B" or "C" is a true and correct copy of the U21 Shareholder Agreement and state that the document attached hereto as Exhibit "2" is a true, correct and complete copy of the U21 Shareholder Agreement.  The remaining allegations in subparagraph (c) characterize a document that speaks for itself; therefore, Mutual Defendants deny the said allegations.

11.     The allegations in paragraph 11 characterize documents that speak for themselves; therefore, Mutual Defendants deny the said allegations.

12.     The allegations in paragraph 12 characterize documents that speak for themselves; therefore, Mutual Defendants deny the said allegations.

13.     Mutual Defendants admit that the money in dispute in this matter is contained in certain accounts once managed by Prudential and Dean Witter, and now managed by Morgan Stanley, but deny that such money was ever declared a dividend to Friedberg.

Mutual Defendants deny that any money ever declared as a dividend to Friedberg was transferred to the Prudential/Dean Witter/Morgan Stanley accounts. Mutual Defendants deny all other allegations in paragraph 13 of Plaintiff's complaint.

14.    The allegations in paragraph 14 characterize documents that speak for themselves; therefore, Mutual Defendants deny the said allegations.

15.    Mutual Defendants deny that Friedberg elected not to redeem his dividends under the E11 Shareholder Agreement and E14 Shareholder Agreement permitting any of the Mutual Defendants to continue to hold those monies for his benefit. The remaining allegations in paragraph 15 characterize a document that speaks for itself; therefore, Mutual Defendants deny the said allegations.

16.    The allegations in paragraph 16 of Plaintiff's complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Mutual Defendants deny the said allegations.

17.    Mutual Defendants deny the allegations in paragraph 17 of Plaintiff's complaint.

18.    Mutual Defendants admit only that there is approximately $2.7 million dollars in the Morgan Stanley accounts. Mutual Defendants deny all remaining allegations in paragraph 18 of Plaintiff's complaint.

19.    Mutual Defendants admit that two of the accounts at Prudential were opened and established in MIL's name, that one of the accounts at Prudential was opened and established in MIBL's name. Mutual Defendants further admit that these accounts, now managed by Morgan Stanley, remain titled in MIL's and MIBL's name. Mutual Defendants deny all remaining allegations in paragraph 19 of Plaintiff's complaint.

20.    Mutual Defendants deny the allegations in paragraph 20 of Plaintiff's complaint.

21.    Mutual Defendants deny the allegations in paragraph 21 of Plaintiff's complaint.

22.    Mutual Defendants deny the allegations in paragraph 22 of Plaintiff's complaint.

23.    Mutual Defendants admit only that A.M. Best Company downgraded the rating of MIL and MIBL, and that they are under the jurisdiction of Bermuda's Supervisor of Insurance.  Upon information and belief, Mutual Defendants admit that such events may have been the subject of some media coverage.  However, Mutual Defendants deny Plaintiff's characterizations of their financial condition, that they in 2002 were or now are about to "imminently file for bankruptcy protection," or that Bermuda's Supervisor of Insurance is or was "closely monitor[ing]" IPCMHL and MHBL.  Mutual Defendants further deny the remaining allegations in paragraph 23 of Plaintiff's complaint.

24.    Mutual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's complaint; therefore, the said allegations are denied.

## CLAIMS FOR RELIEF

### COUNT I
### (<u>Constructive or Resulting Trust</u>)

25.    Mutual Defendants incorporate herein by reference their responses to paragraphs 1 through 24 above.

26. The allegations in paragraph 26 of Plaintiff's complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Mutual Defendants deny the said allegations.

27. The allegations in paragraph 27 of Plaintiff's complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Mutual Defendants deny the said allegations.

28. The allegations in paragraph 28 of Plaintiff's complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Mutual Defendants deny the said allegations.

29. The allegations in paragraph 29 of Plaintiff's complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Mutual Defendants deny the said allegations.

30. Mutual Defendants deny the allegations in paragraph 30 of Plaintiff's complaint and Plaintiff's characterizations of their financial status and condition.

**WHEREFORE**, Defendants IPCMHL, MHBL, MIL, and MIBL deny that Plaintiff is entitled to any of the relief he seeks and respectfully request that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in their favor, together with such other and further relief as the Court may deem just and proper.

## COUNT II
### (Unjust Enrichment)

31. Mutual Defendants incorporate herein by reference their responses to paragraphs 1 through 30 above.

32. Mutual Defendants deny the allegations in paragraph 32 of Plaintiff's complaint.

33.    Mutual Defendants admit only that the accounts are in MIL's and MIBL's names, and that MIL and MIBL receive account statements from Morgan Stanley.  Mutual Defendants deny all other allegations in paragraph 33 of the complaint.

34.    The allegations in paragraph 34 of Plaintiff's complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, Mutual Defendants deny the said allegations.

35.    The allegations in paragraph 35 of Plaintiff's complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, Mutual Defendants deny the said allegations.

**WHEREFORE**, Defendants IPCMHL, MHBL, MIL, and MIBL deny that Plaintiff is entitled to any of the relief he seeks and respectfully request that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in their favor, together with such other and further relief as the Court may deem just and proper.

## COUNT III
### (Express Trust)

36.    Mutual Defendants incorporate herein by reference their responses to paragraphs 1 through 35 above.

37.    Mutual Defendants deny the allegations in paragraph 37 of Plaintiff's complaint.

38.    Mutual Defendants deny the allegations in paragraph 38 of Plaintiff's complaint.

39.    Mutual Defendants deny the allegations in paragraph 39 of Plaintiff's complaint.

40.    The allegations in paragraph 40 of Plaintiff's complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, Mutual Defendants deny the said allegations.

41.    The allegations in paragraph 41 of Plaintiff's complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, Mutual Defendants deny the said allegations.

**WHEREFORE**, Defendants IPCMHL, MHBL, MIL, and MIBL deny that Plaintiff is entitled to any of the relief he seeks and respectfully request that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in their favor, together with such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Personal Jurisdiction)

Plaintiff's claims are barred because this Court lacks personal jurisdiction over each Mutual Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Improper Venue)

Plaintiff's claims are barred because of improper venue.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE
### (Demurrer)

Plaintiff fails to state any claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Frauds)**

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

**SIXTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Estoppel, Waiver, Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

estoppel and/or laches.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Pending Prior Action)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of *lis pendens*.

**NINTH AFFIRMATIVE DEFENSE**
**(Illegality of Contract)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of illegality of
contract.

**TENTH AFFIRMATIVE DEFENSE**
**(Res Judicata, Collateral Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata
and/or collateral estoppel.

DATED: January 18, 2006                    Respectfully submitted,

                                    s/ Brooke J. Hertzer
                             Douglas Y. Christian (ID No. 41934)
                             Joshua A. Mooney (ID No. 85945)
                             Brooke J. Hertzer (ID No. 91999)
                             BALLARD SPAHR ANDREWS
                             & INGERSOLL, LLP
                             1735 Market Street, 51st Floor
                             Philadelphia, PA 19103-7599
                             (215) 665-8500

                             Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of January, 2006, a true and correct copy of

the foregoing First Amended Answer and Affirmative Defenses was served electronically via the

Electronic Court Filing System upon the following:

Han Nguyen, Esquire
SCHNADER HARRISON SEGAL & LEWIS LLP
Suite 36,00, 1600 Market Street
Philadelphia, PA  19103

s/Brooke J. Hertzer
Brooke J. Hertzer

DMEAST #2008679 v6